UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------x

STUDENT A, individually and on                :
behalf of others similarly situated,          :
                                              :
                              Plaintiff,      :        Case No. 1:20-cv-3208
                                              :
             -against-                        :        CLASS ACTION COMPLAINT
                                              :         (JURY TRIAL DEMANDED)
THE BOARD OF TRUSTEES OF COLUMBIA             :
UNIVERSITY IN THE CITY OF NEW YORK            :
                                              :
                              Defendant.      :
                                              :

-------------------------------------------------------------x

        Plaintiff Student A ("Plaintiff") by and through undersigned counsel, brings this action

against Board of Trustees of Columbia University in the City of New York ("Defendant" or the

"University") on behalf of himself and all others similarly situated, and makes the following

allegations based upon information, attorney investigation and belief, and upon Plaintiff's own

knowledge:

## PRELIMINARY STATEMENT

        1.      Plaintiff brings this case as a result of Defendant's decision to close campus,

constructively evict students, and transition all classes to an online/remote format as a result of

the Novel Coronavirus Disease ("COVID-19").

        2.      While closing campus and transitioning to online classes was the right thing for

Defendant to do, this decision deprived Plaintiff and the other members of the Class from

recognizing the benefits of in-person instruction, access to campus facilities, student activities,

and other benefits and services in exchange for which they had already paid fees and tuition.

        3.      Defendant has either refused to provide reimbursement for the tuition, fees and

other costs that Defendant is no longer providing, or has provided inadequate and/or arbitrary reimbursement that does not fully compensate Plaintiff and members of the Class for their loss.

4. This action seeks refunds of the amount Plaintiff and other members of the Class are owed on a pro-rata basis, together with other damages as pled herein.

## PARTIES

5. Defendant Board of Trustees of Columbia University in the City of New York is an institution of higher learning located in New York City, New York.

6. Upon information and belief, Defendant has an estimated endowment of approximately $10.9 Billion.[1]

7. Moreover, upon information and belief, Defendant may be eligible to receive federal stimulus under the CARES Act.  The CARES Act directs that approximately $14 billion dollars be distributed to colleges and universities based upon enrollment and requires that institutions must use at least half of the funds they receive to provide emergency financial aid grants to students for expenses related to the disruption of campus operations due to COVID-19.

8. Plaintiff A is an individual and a resident and citizen of a state other than New York.

9. Plaintiff is currently enrolled as a full-time student at Defendant's University.

10. Plaintiff has good reason to be concerned that his involvement in this lawsuit could be used by Defendant or others for retaliatory purposes and/or that he could be wrongfully denied admission from future programs of his choice. As such, Plaintiff brings this action as pseudonym "Student A."

11. Plaintiff has paid substantial tuition for the Spring 2020 semester either out of

---

[1] https://www.columbiaspectator.com/news/2019/10/12/columbia-reports-38-percent-endowment-return-lowest-in-the-ivy-league/

pocket or by utilizing student loan financing.

12.    There are hundreds, if not thousands, of institutions of higher learning in this country.

13.    Some institutions of higher learning provide curriculum and instruction that is offered on a remote basis through online programming which do not provide for physical attendance by the students.

14.    Defendant's institution offers in-person, hands-on curriculum.

15.    Plaintiff and members of the Proposed Tuition Class did not choose to attend another institution of higher learning, or to seek an online degree, but instead chose to attend Defendant's institution and enroll on an in-person basis.

16.    Defendant has recognized and admitted the inherent value of in person instruction versus online instruction.

17.    Defendant's institution offers certain degrees on an online basis in addition to the in-person degrees that it offers to students such as Plaintiff and members of the Tuition Class (defined in paragraph 53).

18.    Defendant offers fully online degrees in the fields of Engineering and Applied Sciences, Social Work, Professional Studies, Arts and Sciences, and Business, among others.

19.    Upon information and belief, a degree from Defendant's online programs carries a significantly lower tuition than the same degree earned on-campus.

20.    For example, tuition for an on-campus undergraduate degree in social work is approximately $58,612 per year:[2]

---

[2] https://socialwork.columbia.edu/admissions/tuition-financial-aid/cost-attendance-new-york-city-campus/

| | Summer 2019 | Fall 2019 | Spring 2020 | Total |
|---|---|---|---|---|
| Tuition* | $9,760 | $24,426 | $24,426 | $58,612 |

21.     The cost of that same degree through completion of the online program is only

$48,780 per year:[3]

### Cost of Attendance – Online Campus

When making your financial plans, it is necessary to consider tuition and fees as well as living expenses in estimating the overall cost of attendance. Below is the **estimated** cost of attendance for students enrolled via the Online Campus for 2019-2020. The Trustees of the Columbia University will determine the actual tuition and fees in the summer. Financial aid information can be found on our Tuition & Financial Aid page.

**Estimated Tuition/Fees for 2019-20**

| | | |
|---|---|---|
| Tuition | Tuition charges are estimated for all Online Campus (OLC) at a rate of $1,626 per credit. NOTE: Students enrolled in the Extended and Reduced Residency programs typically register for 6 credits each term during their first year. Two-Year Program students typically register for 16.5 credits in the fall and 13.5 credits in the spring. | $48,780 |

22.     This means that Defendant has internally valued the cost of an online degree to be

approximately 17% cheaper than the same degree earned on campus.

23.     Accordingly, tuition for in-person instruction at Defendant's institution

necessarily covers not just the academic instruction, but encompasses an entirely different

experience which includes but is not limited to:

     i.      Face-to-face interaction with professors, mentors, and peers;

     ii.     Access to facilities such as computer labs, study rooms, laboratories, libraries, etc;

     iii.    Student governance and student unions;

     iv.     Extra-curricular activities, groups, intramurals, etc;

     v.      Student art, cultures, and other activities;

     vi.     Social development and independence;

---

[3] https://socialwork.columbia.edu/admissions/tuition-financial-aid/cost-of-attendance-online-campus/

vii.    Hands-on learning and experimentation; and

viii.   Networking and mentorship opportunities.

24.    Plaintiff's education has been changed from in-person, hands-on learning to online instruction.

25.    Plaintiff's online instruction is not commensurate with the same classes being taught in person.

26.    In addition to tuition, Plaintiff was required to pay certain mandatory fees, including but not limited to:

a.    University Facilities Fee;

b.    Student Activity Fee; and

c.    Health and Related Services Fee

27.    The University states that the Facilities Fee "provides students access to the facilities at the Dodge Physical Fitness Center and Lerner Hall, and supports enhancements for the libraries and computer networks."[4]

28.    The University states that the Student Activity Fee is "charged to all students to help cover the costs of student events, activities, and to help fund student organizations."[5]

29.    The University states that the Health and Related Services Fee grants students "access [to] the programs and services provided through Columbia Health's five departments, including 24/7 support from Counseling & Psychological Services, Medical Services, and Sexual Violence Response."[6]

30.    As a result of being moved off campus, Plaintiff and Members of the Fees Class

---

[4] https://socialwork.columbia.edu/admissions/tuition-financial-aid/cost-attendance-new-york-city-campus-explanation/
[5] Id.
[6] Id.

(defined in paragraph 53) no longer have the benefit of the services for which these fees have been paid.  For example, the Dodge Center and Lerner Hall have been closed, student events and activities have been cancelled, student organizations are no longer operational, and students who have moved home no longer have the need for or access to the various health facilities.

31.     In addition to the tuition and fees described above, Plaintiff paid "Room and Board" fees for the opportunity to reside in campus housing and for access to a meal plan providing for on campus dining opportunities.

32.     At Defendant's request and direction, Plaintiff moved out of on-campus housing on or before March 17, 2020 and has not lived on campus since, nor had access to any campus facilities or services.

## JURISDICTION AND VENUE

33.     This Court has jurisdiction over this action pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), because at least one class member is of diverse citizenship from one Defendant, there are more than 100 Class members, and the aggregate amount in controversy exceeds $5 million, exclusive of interest and costs.

34.     This Court has personal jurisdiction over Defendant because Defendant is domiciled in New York and conducts business in New York.

35.     Venue is proper in this District under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this District, and because Defendant is an Institution domiciled and doing business in this District.

## FACTUAL ALLEGATIONS

36.     Upon information and belief, Defendant's Spring term began with the first day of

classes on or about January 21, 2020.[7]

37.    Upon information and belief, Defendant's Spring term was scheduled to conclude with the last day of examinations on or about May 15, 2020 and commencement ceremonies on May 20, 2020.[8]

38.    Accordingly, Defendant's Spring semester was scheduled and contracted to consist of approximately 120 days.

39.    However, as a result of the COVID-19 pandemic, Defendant announced on March 12, 2020 that it was moving all classes online for the remainder of the semester.[9]  Defendant also encouraged most students to move out of their residence halls.[10]

40.    On or about March 15, 2020, Defendant announced that students would be required to move out of their residence halls (absent a waiver) and that the deadline to do so would be March 17, 2020.[11]

41.    Also on March 15, 2020, Defendant began to close all campus student facilities, such as libraries and other buildings and non-essential offices.[12]

42.    Almost immediately, students began demanding refunds for the fees and charges demanded in this action.

43.    As early as March 12, 2020, the students at Defendant's institution started a change.org petition which calls for:[13]

---

[7] https://registrar.columbia.edu/calendar?page=1
[8] Id.
[9] https://covid19.columbia.edu/news/update-covid-19-and-spring-term-plans
[10] https://covid19.columbia.edu/news/all-undergraduate-students-encouraged-move-out-residence-halls
[11] https://covid19.columbia.edu/news/accelerated-check-out-timeline-undergraduate-residents
[12] https://covid19.columbia.edu/news/university-libraries-closed-until-further-notice
[13] https://www.change.org/p/columbia-university-partial-tuition-reimbursement-at-columbia-university

> With this in mind, we call upon the University to address the reduction of educational quality that the transition to online classes represents, as well as the negative professional impacts of reduced networking opportunities and cancelled campus events, by providing students with a partial tuition reimbursement. We note that the University has a sizable endowment at their disposal and could use some of these funds to help protect their students (who themselves represent future donors) during these trying times. Thank you for your reading and sharing.

44.     Upon information and belief, other petitions have since been circulated, and have collectively received over 9,000 signatures.[14]

45.     Based on the dates set forth above, upon information and belief, Defendant's move to online classes and constructive eviction of students on March 15, 2020, deprived Plaintiffs and other members of the Class from access to campus facilities and in person instruction for approximately 55% of the semester for which they had contracted.

46.     Although Defendant is still offering some level of academic instruction via online classes, Plaintiffs and members of the proposed Tuition Class have been and will be deprived of the benefits of on campus learning as set forth more fully above.

47.     Moreover, the value of any degree issued to any students on the basis of online or pass/fail classes will be diminished for the rest of their lives.

48.     These realities notwithstanding, Defendant has refused and continues to refuse to offer any refund whatsoever with respect to the tuition that has already been paid.

49.     Likewise, Plaintiff and members of the proposed Fees Class have been and will be

---

[14] See, also, https://www.change.org/p/columbia-university-columbia-students-demand-partial-springtuition-refund-or-lower-tuition-for-next-semester/sign

deprived of utilizing services for which they have already paid, such as access to campus facilities, student activities, health services and other opportunities.

50.     While Defendant has refunded some of the fees, such refund has come with no explanation, appears to be arbitrary, and in any event, is wholly insufficient.

51.     For example, although Plaintiff paid a total of $1,065 in mandatory fees as set forth above, he was refunded only $119 or roughly 11%.

52.     Defendant has announced that it will be issuing full pro-rata refunds for room and board fees.  Accordingly, this action does not seek to certify an On-Campus Housing Class or Meals Class for the recovery of those funds.  However, Plaintiff reserves the right to amend these allegations should Defendant fail or refuse to issue these refunds as promised.

## CLASS ACTION ALLEGATIONS

53.     Plaintiff brings this action on behalf of himself and as a class action, pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure on behalf of the following Classes:

**The Tuition Class:**

All people who paid tuition for or on behalf of students enrolled in classes at the University for the Spring 2020 semester but were denied live in-person instruction and forced to use online distance learning platforms for the latter portion of that semester.

**The Fees Class:**

All people who paid fees for or on behalf of students enrolled in classes at the University for the Spring 2020 semester.

54.     Excluded from the Classes are The Board of Trustees of Columbia University in the City of New York, and any of their respective members, affiliates, parents, subsidiaries, officers, directors, employees, successors, or assigns; and the judicial officers, and their

9

immediate family members, and Court staff assigned to this case.  Plaintiff reserves the right to modify or amend the Class definitions, as appropriate, during the course of this litigation.

55.     Certification of Plaintiff's claims for class-wide treatment is appropriate because Plaintiff can prove the elements of her claims on a class-wide basis using the same evidence as would be used to prove those elements in individual actions alleging the same claims.

56.     This action has been brought and may be properly maintained on behalf of the Class proposed herein under Federal Rule of Civil Procedure 23.

### Numerosity: Fed. R. Civ. P. 23(a)(1)

57.     The members of the Class are so numerous and geographically dispersed that individual joinder of all Class members is impracticable.  Plaintiff is informed and believes that there are thousands of members of the Class, the precise number being unknown to Plaintiff, but such number being ascertainable from Defendant's records.  Class members may be notified of the pendency of this action by recognized, Court-approved notice dissemination methods, which may include U.S. mail, electronic mail, internet postings, and/or published notice.

### Commonality and Predominance: Fed. R. Civ. P. 23(a)(2)

58.     This action involves common questions of law and fact, which predominate over any questions affecting individual Class members, including, without limitation:

     i.    Whether Defendant engaged in the conduct alleged herein;

    ii.    Whether there is a difference in value between online distance learning and live in-person instruction;

   iii.    Whether Defendant breached its contracts with Plaintiff and the other members of the Tuition Class by retaining the portion of their tuition representing the difference between the value of online distance learning and live in-person

instruction;

iv.   Whether Defendant was unjustly enriched by retaining tuition payments of

Plaintiff and the Tuition Class representing the difference between the value of

online distance learning and live in-person instruction;

v.   Whether Defendant breached its contracts with Plaintiff and the other members of

the Fees Class by retaining fees without providing the services the fees were

intended to cover;

vi.   Whether Defendant was unjustly enriched by retaining fees of Plaintiff and the

other members of the Fees Class without providing the services the fees were

intended to cover;

vii.   Whether certification of any or all of the classes proposed herein is appropriate

under Fed. R. Civ. P. 23;

viii.   Whether Class members are entitled to declaratory, equitable, or injunctive relief,

and/or other relief; and

ix.   The amount and nature of relief to be awarded to Plaintiff and the other Class

members.

**Typicality: Fed. R. Civ. P. 23(a)(3)**

59.   Plaintiff's claim is typical of the other Class member's claims because, among

other things, all Class members were similarly situated and were comparably injured through

Defendant's wrongful conduct as set forth herein.

**Adequacy: Fed. R. Civ. P. 23(a)(4)**

60.   Plaintiff is an adequate Class representative because her interests do not conflict

with the interests of other members of the Class he seeks to represent.  Plaintiff has retained

counsel competent and experienced in complex litigation; and Plaintiff intends to prosecute the action vigorously.  The Class's interests will be fairly and adequately protected by Plaintiff and her counsel.

### Superiority: Fed. R. Civ. P. 23(b)(3)

61.    A class action is superior to any other available means for the fair and efficient adjudication of this controversy, and no unusual difficulties are likely to be encountered in the management of this class action.  The damages or other financial detriment suffered by Plaintiff and other Class members are relatively small compared to the burden and expense that would be required to individually litigate their claims against Defendant, so it would be impracticable for members of the Class to individually seek redress for Defendant's wrongful conduct.

62.    Even if Class members could afford individual litigation, the Court system likely could not.  Individualized litigation creates a potential for inconsistent or contradictory judgments, and increases the delay and expense to all parties and the court system.  By contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, comprehensive supervision by a single court, and finality of the litigation.

### Certification of Specific Issues: Fed. R. Civ. P. 23(c)(4)

63.    To the extent that a Class does not meet the requirements of Rules 23(b)(2) or (b)(3), Plaintiff seeks the certification of issues that will drive the litigation toward resolution.

### Declaratory and Injunctive Relief: Fed. R. Civ. P. 23(b)(2)

64.    The University has acted or refused to act on grounds generally applicable to Plaintiff and the other Class members, thereby making appropriate final injunctive relief and declaratory relief, as described herein, with respect to the Class members as a whole.

12

**FOR A FIRST COLLECTIVE CAUSE OF ACTION**
**BREACH OF CONTRACT**
**(Plaintiff and Other Members of the Tuition Class)**

65.     Plaintiff realleges all preceding paragraphs as though fully set forth herein.

66.     Plaintiff brings this count on behalf of himself and other members of the Tuition

Class.

67.     Plaintiff and the Tuition Class entered into contracts with the University which

provided that Plaintiff and other members of the Tuition Class would pay tuition for or on behalf

of students and, in exchange, the University would provide live in-person instruction in a

physical classroom.

68.     Plaintiff and other members of the Tuition Class fulfilled their end of the bargain

when they paid tuition for the Spring 2020 semester either out-of-pocket or by using student loan

financing.

69.     The University breached the contract with Plaintiff and the Tuition Class by

moving all classes for the Spring 2020 semester to online distance learning platforms, without

reducing or refunding tuition accordingly.

70.     The University retained tuition monies paid by Plaintiff and other members of the

Tuition Class, without providing them the full benefit of their bargain.

71.     Plaintiff and other members of the Tuition Class have suffered damage as a direct

and proximate result of Defendant's breach, including but not limited to being deprived of the

value of the services the tuition was intended to cover, namely live in-person instruction in a

physical classroom.

72.     As a direct and proximate result of Defendant's breach, Plaintiff and the Tuition

Class are legally and equitably entitled to damages, to be decided by the trier of fact in this

13

action, to include but not be limited to disgorgement of the difference between the value of the

online learning which is being provided versus the value of the live in-person instruction in a

physical classroom that was contracted for.

**FOR A SECOND COLLECTIVE CAUSE OF ACTION**
**UNJUST ENRICHMENT**
**(Plaintiff and Other Members of the Tuition Class)**

73.     Plaintiff realleges all preceding paragraphs as though fully set forth herein.

74.     Plaintiff brings this count on behalf of himself and other members of the Tuition

Class.

75.     The University has received a benefit at the expense of Plaintiff and other

members of the Tuition Class to which it is not entitled.

76.     Plaintiff and other members of the Tuition Class paid substantial tuition for live

in-person instruction in physical classrooms and did not receive the full benefit of the bargain.

77.     Plaintiff and other members of the Tuition Class conferred this benefit on

Defendant when they paid the tuition.

78.     Defendant has realized this benefit by accepting such payment.

79.     Defendant has retained this benefit, even though Defendant has failed to provide

the services for which the tuition was collected, making Defendant's retention unjust under the

circumstances.

80.     Equity and good conscience require that the University return a portion of the

monies paid in tuition to Plaintiff and other members of the Tuition Class.

81.     Defendant should be required to disgorge this unjust enrichment.

**FOR A THIRD COLLECTIVE CAUSE OF ACTION**
**BREACH OF CONTRACT**
**(Plaintiff and Other Members of the Fees Class)**

14

82.    Plaintiff realleges all preceding paragraphs as though fully set forth herein.

83.    Plaintiff brings this count on behalf of himself and other members of the Fees Class.

84.    Plaintiff and the Fees Class entered into contracts with the University which provided that Plaintiff and other members of the Fees Class would pay certain fees for or on behalf of students and, in exchange, the University would provide services related to those fees, such as access to student activities, athletics, wellness centers, libraries, etc.

85.    Plaintiff and other members of the Fees Class fulfilled their end of the bargain when they paid these fees for the Spring 2020 semester either out-of-pocket or by using student financing.

86.    The University breached the contract with Plaintiff and the Fees Class by moving all classes for the Spring 2020 semester to online distance learning platforms, constructively evicting students from campus, and closing most campus buildings and facilities, without reducing or refunding fees accordingly.

87.    The University retained fees paid by Plaintiff and other members of the Fees Class, without providing them the full benefit of their bargain.

88.    Plaintiff and other members of the Fees Class have suffered damage as a direct and proximate result of Defendant's breach, including but not limited to being deprived of the value of the benefits and services the fees were intended to cover.

89.    As a direct and proximate result of Defendant's breach, Plaintiff and the Fees Class are legally and equitably entitled to damages, to be decided by the trier of fact in this action, to include but not be limited to disgorgement of the pro-rata amount of fees that was collected but for which services were not provided.

**FOR A FOURTH COLLECTIVE CAUSE OF ACTION**
**UNJUST ENRICHMENT**
**(Plaintiff and Other Members of the Fees Class)**

90.     Plaintiff realleges all preceding paragraphs as though fully set forth herein.

91.     Plaintiff brings this count on behalf of himself and other members of the Fees Class.

92.     The University has received a benefit at the expense of Plaintiff and other members of the Fees Class to which it is not entitled.

93.     Plaintiff and other members of the Fees Class paid substantial student fees for on campus benefits and services and did not receive the full benefit of the bargain.

94.     Plaintiff and other members of the Fees Class conferred this benefit on Defendant when they paid the fees.

95.     Defendant has realized this benefit by accepting such payment.

96.     Defendant has retained this benefit, even though Defendant has failed to provide the services for which the fees were collected, making Defendant's retention unjust under the circumstances.

97.     Equity and good conscience require that the University return a pro-rata portion of the monies paid in fees to Plaintiff and other members of the Fees Class.

98.     Defendant should be required to disgorge this unjust enrichment.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of members of the Classes, pray for judgment in their favor and against Defendant as follows:

a.     Certifying the Classes as proposed herein, designating Plaintiff as Class representative, and appointing undersigned counsel as Class Counsel;

16

b.       Declaring that Defendant is financially responsible for notifying the Class members of the pendency of this action;

c.       Declaring that Defendant has wrongfully kept monies paid for tuition, fees, on-campus housing, and meals;

d.       Requiring that Defendant disgorge amounts wrongfully obtained for tuition, fees, on-campus housing, and meals;

e.       Awarding injunctive relief as permitted by law or equity, including enjoining Defendant from retaining the pro-rated, unused monies paid for tuition, fees, on-campus housing, and meals;

f.       Scheduling a trial by jury in this action;

g.       Awarding Plaintiff's reasonable attorney's fees, costs and expenses, as permitted by law;

h.        Awarding pre and post judgment interest on any amounts awarded, as permitted by law; and

i.       Awarding such other and further relief as may be just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury in this action of all issues so triable.

[Signatures on Following Page]

17

Dated: April 23, 2020

TOPTANI LAW PLLC
By: /s/ Edward Toptani
      Edward Toptani (ET6703)
375 Pearl Street, Suite 1410
New York, New York 10038
Tel: (212) 699-8930
Email: edward@toptanilaw.com

      -and-

ANASTOPOULO LAW FIRM, LLC
Eric M. Poulin (*Pro Hac Vice* Admission Pending)
Roy T. Willey  IV (*Pro Hac Vice* Admission Pending)
32 Ann Street
Charleston, SC 29403
Tel: (843) 614-8888
Email: eric@akimlawfirm.com
      roy@akimlawfirm.com

*ATTORNEYS FOR PLAINTIFF(S)*