UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE COLUMBIA UNIVERSITY TUITION REFUND ACTION | Lead Case No. 1:20-cv-3208 |

**RESPONSE OF DEFENDANT THE TRUSTEES OF COLUMBIA UNIVERSITY
IN THE CITY OF NEW YORK TO THE COURT'S
<u>ORDER TO SHOW CAUSE REGARDING PSEUDONYMITY</u>**

Roberta A. Kaplan
Gabrielle E. Tenzer
Joshua Matz
KAPLAN HECKER & FINK LLP
350 Fifth Avenue, Suite 7110
New York, NY 10118
212.763.0883
rkaplan@kaplanhecker.com
gtenzer@kaplanhecker.com
jmatz@kaplanhecker.com

May 20, 2020

On April 23, 2020, Plaintiff "Student A" filed this case under a pseudonym without filing a motion seeking such relief or explaining why it would be appropriate.[1] The next day, this Court issued an order to show cause ("OSC") whether Student A should be permitted to remain pseudonymous. In the OSC, the Court ordered that "Defendant shall file its response by May 8, 2020, or within one week of entering a notice of appearance, whichever is later." ECF No. 7 (emphasis omitted). Earlier today, counsel for Defendant entered notices of appearance in this action. Accordingly, Defendant The Trustees of Columbia University in the City of New York ("Columbia" or "the University")[2] now respectfully submits this response to the Court's OSC.[3]

Columbia takes no position—at this preliminary stage of the case—regarding Student A's request to proceed under a pseudonym. To be sure, other Columbia students (including both plaintiffs and third parties) have been granted pseudonymity in actions filed against the University in this District. But those decisions generally have been limited to cases brought under Title IX and involving matters of a highly sensitive nature. *See, e.g.*, *Doe v. Columbia Univ.*, 831 F.3d 46 (2d Cir. 2016); *Doe v. Trs. of Columbia Univ. in the City of N.Y.*, No. 19 Civ. 11328 (S.D.N.Y. Dec. 17, 2019) (Oetken, J.), ECF No. 9; *Feibleman v. Trs. of Columbia Univ. in the City of N.Y.*, No. 19 Civ. 4327 (S.D.N.Y. June 8, 2019) (Caproni, J.), ECF No. 43. If Your Honor decides that Student A's case may proceed under a pseudonym for the time being, Columbia would eventually need to learn Student A's identity in the discovery process to properly defend the case.

---

[1] As Your Honor knows, this case has been consolidated with *Bennett v. Columbia University*, No. 20 Civ. 3227 (S.D.N.Y.), also pending before the Court.

[2] Columbia is incorporated under the name "The Trustees of Columbia University in the City of New York" and is therefore the sole defendant in this action.

[3] Columbia is not waiving service of process by appearing in this case or by filing this response in order to address preliminary issues relating to pseudonymity. *See, e.g.*, *Corporación Mexicana de Mantenimiento Integral, S. de R.L. de C.V. v. Pemex–Exploración y Producción*, 832 F.3d 92, 101-02 (2d Cir. 2016); *Pacnav S.A. v. Effie Bus. Corp.*, No. 06 Civ. 13512, 2010 WL 2102714, at *2 (S.D.N.Y. May 20, 2010).

Finally, Columbia wishes to make one thing absolutely clear: While Student A speculates in his brief that "he will face substantial retaliation and harassment if his identity is publicly disclosed," ECF No. 11 at 9, in *no* event would Columbia ever harass or retaliate against any student based on their participation in a lawsuit against the University. Columbia respects and values its students' rights of free speech and participation in legal process and would never penalize any student (including Student A) based on the exercise of those rights.

Dated: May 20, 2020

By: /s/ Roberta A. Kaplan

Roberta A. Kaplan
Gabrielle E. Tenzer
Joshua Matz
KAPLAN HECKER & FINK LLP
350 Fifth Avenue, Suite 7110
New York, NY 10118
212.763.0883
rkaplan@kaplanhecker.com
gtenzer@kaplanhecker.com
jmatz@kaplanhecker.com

*Attorneys for Defendant The Trustees of Columbia University in the City of New York*

The Court is skeptical that there is a valid basis for Plaintiff to proceed pseudonymously in this matter.  But given Defendant's lack of objection, and the fact that Plaintiff's identity is not critical at this stage of the proceedings, the Court will leave things be for now.  The Court will revisit the issue if or when an initial pretrial conference is held and/or discovery begins.  SO ORDERED.

May 22, 2020

2