Toll Free: 1 (800) 313-2546
Facsimile: (843) 494-5536

Reply to Ann Street Office
roy@akimlawfirm.com

# ANASTOPOULO
# LAW FIRM

Akim A. Anastopoulo (SC)
Eric M. Poulin (SC)(NC)(GA)(CA)
Roy T. Willey, IV (SC)
_____

Jonathan N. Alkis (SC)
Constance Anastopoulo (SC)*
Gus Anastopoulo (SC)
Garrett L. Brown (SC)
Kenneth T. David (SC)
Stefan B. Feidler (SC)(GA)
Herb F. Glass (SC)
J. Camden Hodge (SC)
Lane D. Jefferies (SC)
Thomas D. Kandler, II (NC)
Byron V. Leary, II (SC)
Benjamin W. Lee (SC)
Alexis W. McCumber (SC)
Matthew L. Nall (SC)(KY)
India D. Shaw (DC)
Samantha Sutton (SC)(NC)
Casey Van Valkenburgh (SC)(IL)(MO)
P. Heath Ward (SC)
Danny Lee Willard, Jr. (SC)
L. Crayton Williams (SC)

*Of Counsel

July 1, 2020

**By ECF**
The Honorable Jesse M. Furman
United States District Court
Southern District of New York

    Re:   *In re Columbia University Tuition Refund Action*,
            Lead Case No. 1:20-cv-3208 (JMF)

Dear Judge Furman:

Pursuant to Rule 1.A of your Honor's Individual Rules and Practices, Plaintiffs in the above-referenced matter make this letter motion requesting the following relief:

1. Compel Defendant to participate in a Rule 26(f) Conference;
2. Require Defendant to participate in limited pre-motion to dismiss discovery;
3. Adjourn briefing deadline for Motion to Dismiss and deadline for Amended Complaint.

On Friday, June 19, 2020, Defense counsel was emailed requesting a date for the following week to have the initial conference in this matter regarding Rule 26(f), which is a prerequisite to initiation of discovery. Defense counsel did not substantively respond aside from copying in another attorney in her office who also did not respond. Instead, on Monday, June 22, 2020, Defendant filed its Motion to Dismiss. On Tuesday, June 23, 2020, there was an exchange between counsel regarding your Honor's Order, dated June 23, 2020 ("Order") (D.E. 37) which followed the filing of the Motion to Dismiss. Defense counsel indicated it was their position that no Rule 26(f) conference needed to occur pursuant to that Order because the initial pretrial conference was adjourned *sine die* and there was therefore no requirement that it occur until the initial pretrial conference date was set. Plaintiffs' counsel responded that he was not agreeable to wait until the latest possible date for the Rule 26(f) conference (21 days before the scheduling conference) and instead would like to get it scheduled for that week or the next. Alternatively, Plaintiffs' counsel requested a consultation pursuant to your Honor's Individual Rule 2(c) for a meet-and-confer prior to a filing pursuant to L. Civ. R. 37.2 requesting the Rule 26(f) conference, limited discovery and adjournment of deadline to respond to the Motion to Dismiss or Amend the Complaint. That consultation was eventually set for July 1, 2020. During the consultation, Plaintiffs' counsel indicated to Defense counsel as follows:

    1.   Rule 26(f) requires that "the parties must confer as soon as practicable – and in any event at least 21 days before a scheduling conference is to be held or a scheduling order is due under Rule 16(b)." Given that three lawyers for Defendant and seven lawyers for Plaintiffs were on the call, Plaintiffs' counsel again inquired whether the opportunity could be used to accomplish the Rule 26(f) conference. Defense counsel refused.

MAILING: 32 Ann Street, Charleston, South Carolina 29403
North Charleston: 2170 Ashley Phosphate Road, 3rd Floor, North Charleston, South Carolina 29406 * Greenville: 418 River Street, Greenville, SC 29601
Florence: 150 W. Evans Street, Florence, South Carolina 29501 * Myrtle Beach: 2411 N. Oak Street, Suite 407, Myrtle Beach, South Carolina 29577
Columbia: 1201 Main Street, Suite 1100, Columbia, South Carolina 29201 * Raleigh, NC: 8801 Fast Park Drive, Suite 301, Raleigh, NC 27617
Wilmington, NC: Appointment Only

*The Honorable Jesse M. Furman*
*July 1, 2020*
*Page 2*

    2.    Plaintiffs' counsel then substantively addressed the need for the conference to conduct limited discovery based upon Defendant's Motion to Dismiss (D.E. 35) and Memorandum in Support (D.E. 36) ("Motion to Dismiss"). Plaintiffs submit, and expressed on the meet-and-confer, that while they do not agree with Defendant's statement of the law relating to express and implied contracts in Defendant's Motion to Dismiss, the following nevertheless appears therein and is advanced as the basis for Defendant's Motion to Dismiss:

> As a matter of law, such promises may be "implied only where [the court] may rightfully assume that it would have been made if attention had been drawn to it . . . and that it is to be raised only to enforce a manifest equity, or to reach a result which the unequivocal acts of the parties indicate they intended to effect." *Gertler*, 107 A.D.2d at 485 (quoting *Genet v. President of Del. & Hudson Canal*, 136 N.Y. 593, 609 (1893)). In the university context, this requires a plaintiff to "establish a clear contractual right," *Id.* at 487, whereby the university "relinquished its authority to make its own academic judgments and to administer and allocate its resources" and "expressly, by contract or otherwise, obligated itself to provide" the specific services claimed by the plaintiff, *Id.* at 485. In performing this analysis, "the university's academic and administrative prerogatives" are not presumed to be "impliedly limited by custom, or by a strained theory of contractual construction." *Id.*; *see also Maas*, 94 N.Y.2d at 94.
>
> On a motion to dismiss, these principles require a plaintiff to allege, among other things, a specific provision in a particular document that gives rise to an enforceable promise.
>
> ***
>
> This same logic applies here. Reduced to its essence, Plaintiffs' claim is that Columbia students have been deprived of aspects of an on-campus experience that were never contractually promised to them, but that are customarily associated with campus life.

*See* Defendant's Memorandum in Support of Motion to Dismiss at 14-15, 19.

    In other words, Defendant takes the position that it never promised Plaintiffs or members of the Class an in-person, on-campus education, and that if it did Plaintiffs have to point to "a specific provision in a particular document" that proves that. *Id.* Defendant also alleges that the fees, such as the Student Activity Fee, do not actually promise the students the activities that they were paid for, or any activities at all. *Id.* at 12. Defendants argue that the students' claims in the Complaint simply stating what the University promised are "conclusory statements [that] do not suffice" under the *Iqbal* pleading standard and that "New York law, [] requires Plaintiffs to allege specific promises in specific documents." *Id.* at 5, and 10.

*The Honorable Jesse M. Furman*
*July 1, 2020*
*Page 3*

      Plaintiffs reject that the law of implied contract requires anything of the sort. Nonetheless, and in an abundance of caution given the Court's Order that Plaintiffs must amend the Complaint by July 22, 2020[1], Plaintiffs are compelled to seek this limited discovery pre-amendment or pre-opposition to the motion to dismiss since students do not have access to the:

> . . . assorted materials from which such a promise might have arisen, *see* ¶ 83 ("The terms of this contract were set forth by [Columbia] through its website, academic catalogs, student handbooks, marketing materials and other circulars, bulletins, and publications."), the Complaint does not quote or even paraphrase a single document in support of Plaintiffs' theory that the University made an enforceable promise to provide live, in-person instruction in a physical classroom.

*See* Defendant's Memorandum in Support of Motion to Dismiss at 9.

      Defendant has necessitated this discovery in advance of the Plaintiffs' response to the pending Motion to Dismiss or Amendment by raising the need for the same in its own Motion to Dismiss. In light of the foregoing, Plaintiffs request initial discovery on the issues of:

> Defendant's website, academic catalogs, student handbooks, marketing materials and other circulars, bulletins, and publications for the last five (5) years, which would encompass the period of time for all current students, including undergraduates in their Senior year as of 2020 who would have reviewed the materials prior to their Freshman year that started four (4) years ago.

      All of these issues were raised in the meet-and-confer that occurred on July 1, 2020. That meet-and-confer was not successful at addressing the issues herein. Therefore, Plaintiffs respectfully request that the Court:

1. Compel Defendant to participate in a Rule 26(f) Conference;
2. Require Defendant to participate in limited pre-motion to dismiss discovery;
3. Adjourn July 22, 2020, deadline for Motion to Dismiss Response or in alternative for the Amendment of the Complaint.

Respectfully submitted,

s/ Roy T. Willey IV, Esq.


cc: All counsel of Record (via ECF)

---

[1] The Order also states that Plaintiffs "will not be given any further opportunity to amend the complaint to address issues raised by the motion to dismiss"