**KAPLAN HECKER & FINK LLP**

350 FIFTH AVENUE | SUITE 7110
NEW YORK, NEW YORK 10118

TEL (212) 763-0883 | FAX (212) 564-0883

WWW.KAPLANHECKER.COM

DIRECT DIAL    212.763.0884
DIRECT EMAIL  rkaplan@kaplanhecker.com

July 6, 2020

**VIA ECF**

The Honorable Jesse M. Furman
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

> Re: *In re Columbia University Tuition Refund Action*,
> Lead Case No. 1:20-cv-03208 (JMF) (S.D.N.Y.)

Dear Judge Furman:

On behalf of The Trustees of Columbia University in the City of New York ("Columbia"), we write to respond to Plaintiffs' letter dated July 1, 2020 (ECF 38, the "Letter") seeking, among other things, "limited pre-motion to dismiss discovery" as well as an adjournment of the Court-ordered briefing schedule with respect to Columbia's motion to dismiss (*see* ECF 37). These requests arise out of Plaintiffs' purported need for immediate discovery into "Defendant's website, academic catalogs, student handbooks, marketing materials and other circulars, bulletins, and publications for the last five (5) years" (Letter at 3), presumably so that Plaintiffs can try to amend their complaint to withstand the arguments in Columbia's motion to dismiss (ECF 36).[1] Because Plaintiffs' requests make it clear that this is a case involving plaintiffs in search of a contract that they can allege was breached, their requests should be denied.

Plaintiffs already have pleaded an implied contract claim against Columbia. (*See* ECF 30, ¶¶ 80-112.) That implied contract supposedly arises from various materials that Plaintiffs allege Columbia made available to them. (*See id.* ¶¶ 82-85.) While Plaintiffs do not identify any other sources for their alleged implied contract, given their pleading obligations under Federal Rules of Civil Procedure 8 and 11, not to mention the implicit mutuality inherent in any contract claim, Plaintiffs surely must know about and be able to identify the supposed promises on which they have staked their factual allegations.  In other words, the "purpose of discovery is to find out additional facts about a well-pleaded claim, not to find out whether such a claim exists." *Stoner v. Walsh*, 772 F. Supp. 790, 800 (S.D.N.Y. 1991). *See also Am. Commc'ns Ass'n, Local 10, I.B.T. v. Ret. Plan for Emp. of RCA Corp. & Subsidiary Cos.*, 488 F. Supp. 479, 484 (S.D.N.Y. 1980), *aff'd*, 646 F.2d 559 (2d Cir. 1980). Indeed, there is generally no mechanism for pre-complaint

---

[1] Pursuant to Your Honor's current scheduling order, Plaintiffs are required to respond to Columbia's motion to dismiss or to amend their complaint by July 22, 2020. (ECF 37.)

discovery in federal court. *See, e.g.*, *In re Petition of Allegretti*, 229 F.R.D. 93, 96 (S.D.N.Y. 2005) (analyzing Fed. R. Civ. P. 27).

Your Honor will not be surprised to learn that Columbia's counsel made these points to Plaintiffs' counsel during the meet-and-confer that Plaintiffs reference in their Letter. Plaintiffs' counsel responded by saying that Columbia had "put at issue" the materials they now request by moving to dismiss under Rule 12(b)(6). (*See* Letter at 3.) But that is not a proper response. Because the parties are briefing a motion to dismiss pursuant to Rule 12(b)(6), what is now "at issue" is whether Plaintiffs can plead a viable cause of action, not what additional information Plaintiffs may be able to obtain in discovery. Plaintiffs here have filed a breach of contract claim against Columbia, and New York law makes it clear what kinds of materials can give rise to such a contract in the university setting. *See, e.g.*, *Baldridge v. State*, 293 A.D.2d 941, 943 (3d Dep't 2002) (describing such materials as "the university's bulletins, circulars and regulations *made available to the student*" (emphasis added)). If Plaintiffs believe that the allegedly breached contract comes from some other source, then they are free to argue that in opposition to Columbia's motion to dismiss or to amend their complaint by July 22. If, on the other hand, Plaintiffs accept this interpretation of New York law, then they already should have access to the alleged binding commitments on which they base their claims.

Finally, Plaintiffs' request for an order compelling Columbia to participate in a Rule 26(f) conference should also be denied. As recently as June 23, the Court adjourned the Initial Pretrial Conference in this matter "*sine die*" (ECF 37), and that conference is the primary triggering mechanism for a Rule 26(f) conference.[2] *See* Fed. R. Civ. P. 26(f)(1). Plaintiffs' counsel did not dispute this during our July 1 meet-and-confer, making no effort to hide their desire to hold an early Rule 26(f) conference so that they can begin discovery without running afoul of Rule 26(d)(1). But the courts have recognized that a defendant should not be compelled to engage in a Rule 26(f) conference where, as here, the plaintiff's request is nothing more than a transparent attempt to get around the "good cause" requirement for expedited discovery prior to a Rule 26(f) conference. *See Zavala v. Kruse-Western, Inc.*, No. 19 Civ. 239, 2019 WL 3219254, at *2 (E.D. Cal. July 17, 2019); *see also Digital Sin, Inc. v. Does 1-176*, 279 F.R.D. 239, 241 (S.D.N.Y. 2012). In any event, Columbia's counsel *did* in fact begin to discuss its views concerning discovery and scheduling with Plaintiffs' counsel, including by sharing a draft case management plan (attached as Exhibit A) reflecting Columbia's position that given the strong arguments in its motion to dismiss, the burdens on Columbia given the size and scope of Plaintiffs' proposed class, and the likelihood that the Court's decision will narrow or eliminate the need for discovery altogether, discovery in this case should not begin until after Columbia's motion to dismiss has been decided. *See, e.g.*, *Hong Leong Fin. Ltd. (Singapore) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 72-73 (S.D.N.Y. 2013) (discussing factors for issuing a stay of discovery pending motion to dismiss).

Respectfully submitted,

Roberta A. Kaplan

cc: Counsel of Record

---

[2] *See also* ECF 21 ("The Court is skeptical that there is a valid basis for Plaintiff to proceed pseudonymously in this matter. . . . The Court will revisit the issue *if or when an initial pretrial conference is held and/or discovery begins*." (emphasis added)).