# KAPLAN HECKER & FINK LLP

350 FIFTH AVENUE | SUITE 7110
NEW YORK, NEW YORK 10118
TEL (212) 763-0883 | FAX (212) 564-0883
WWW.KAPLANHECKER.COM

DIRECT DIAL    212.763.0884
DIRECT EMAIL  rkaplan@kaplanhecker.com

July 27, 2020

**VIA ECF**

The Honorable Jesse M. Furman
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

> Re:    *In re Columbia University Tuition Refund Action*,
>         Lead Case No. 1:20-cv-03208 (JMF) (S.D.N.Y.)

Dear Judge Furman:

On behalf of The Trustees of Columbia University in the City of New York ("Columbia"), we write pursuant to the Court's June 23, 2020 order (ECF 37) to inform Your Honor and the parties that Columbia will adhere to its previously filed motion to dismiss (ECF 35 & 36).

In their Consolidated Second Amended Class Action Complaint filed on July 22 (ECF 42 or the "SAC"), Plaintiffs cite (for the first time) the Columbia materials that they believe gave rise to an implied contract as to their tuition claims, *e.g.*, ECF 42 ¶¶ 97-105, and delete their concession that Columbia did the "right thing" in canceling in-person classes, *compare* ECF 30 ¶ 2 *with* ECF 42 ¶ 2. Neither these amendments nor any others in the SAC overcome the arguments presented in Columbia's motion to dismiss. The fact that Columbia has published materials generally describing the experience of campus life (and the virtues of New York City) is obviously not the same as making a concrete, judicially enforceable promise to provide Plaintiffs with a specified manner of education—much less a promise to do so without regard to health or safety in the midst of a global pandemic. *See* ECF 36 at 6-13. Moreover, Plaintiffs' amendments do not change the judicially noticeable reality that Columbia closed campus facilities in accordance with Governor Cuomo's executive orders and guidance from public health authorities. *See id.* at 3-4, 15. In fact, the SAC comes nowhere close to plausibly alleging that in deciding it was safest to transition to online instruction, Columbia acted in bad faith or arbitrarily. *See id.* at 13-17, 20.

We read the Court's June 23 order to provide that Plaintiffs now have fourteen days from today, or until August 10, to respond to Columbia's motion to dismiss. *See* ECF 37.

Respectfully submitted,

Roberta A. Kaplan

cc: Counsel of Record