UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
                                                  :

IN RE COLUMBIA UNIVERSITY TUITION     :      Lead Case No. 1:20-cv-03208 (JMF)
REFUND ACTION
                                                  :
                                                  :      (ORAL ARGUMENT REQUESTED)
---------------------------------------------------------------x

## PLAINTIFFS' SECOND NOTICE OF SUPPLEMENTAL AUTHORITY

Plaintiffs hereby provide notice of supplemental authority in another COVID-19 tuition and fee refund action in relation to Plaintiff's Memorandum in Opposition to Defendant's Motion to Dismiss (Dkt. No. 45). The decision issued by the Honorable James A. Moody, Jr. is:

1.) *Salerno and Murillo v. Florida Southern College,* Case No. 8:20-cv-1494-30SPF2020 WL 5583522 (M.D. Fla., Sept. 16, 2020).

After dispensing with a standing issue, not present in this matter, the Court addressed the Motion to Dismiss the breach of contract action:

> The crux of the College's motion is that the amended complaint does not identify a specific contractual provision that establishes that the College had an obligation to provide "in-person educational services" for the entire Spring 2020 semester. The Court disagrees based on its careful review of the amended complaint. Throughout the amended complaint, Murillo alleges that the College's publications clearly implied that courses would be conducted in-person. The College's materials also touted its many resources and facilities—all of which were located on the campus thereby implying in-person participation. These allegations are sufficient at this early stage, especially because Florida law recognizes that the college/student contract is typically implied in the College's publications. In other words, this is not a typical contract situation where there is an express document with delineated terms that a plaintiff can reference.

The Court further denied the Motion to Dismiss as to unjust enrichment stating "this Court has consistently held that a plaintiff may allege alternative claims in her complaint." *Id*. at 11.

Plaintiffs' conversion claim was dismissed since apparently Plaintiffs alleged and argued that the "in-person learning" was the property converted. Therefore, the Court held that the same "is intangible and not the proper subject of a conversion claim." *Id.* at 12. That argument was not advanced by Plaintiffs in this matter, nor raised by Defendant, as a result the same is inapposite and without support for either party.

Plaintiffs respectfully suggest that the Court's decision in *Salerno* as to the breach of contract and unjust enrichment causes of action support Plaintiffs' position in opposition to Defendant's Motion to Dismiss.

September 21, 2020

**ANASTOPOULO LAW FIRM, LLC**

By: /s/ Roy T. Willey IV
Roy T. Willey IV (admitted *pro hac vice*)
Eric M. Poulin (admitted *pro hac vice*)
32 Ann Street
Charleston, SC 29403
Tel: (843) 614-8888
Email: roy@akimlawfirm.com
Email: eric@akimlawfirm.com

**TOPTANI LAW PLLC**

Edward Toptani
375 Pearl Street, Suite 1406
New York, NY 10038
Tel: (212) 699-8930
Email: edward@toptanilaw.com

**GAINEY McKENNA & EGLESTON**

Thomas J. McKenna
Gregory M. Egleston
501 Fifth Avenue, 19th Floor
New York, NY 10017
Tel.: (212) 983-1300
Email: tjmckenna@gme-law.com
Email: gegleston@gme-law.com

**MOREA SCHWARTZ BRADHAM FRIEDMAN & BROWN LLP**

John M. Bradham
444 Madison Avenue, 4th Floor
New York, NY 10022
Tel: (212) 695-8050
Email: jbradham@msbllp.com