UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
                                                               :
IN RE COLUMBIA UNIVERSITY TUITION       :   Lead Case No. 1:20-cv-03208 (JMF)
REFUND ACTION                           :
                                                               :
---------------------------------------------------------------x

## PLAINTIFFS' FOURTH NOTICE OF SUPPLEMENTAL AUTHORITY

Plaintiffs hereby provide this notice of supplemental authority of five new opinions in COVID-19 tuition and fee refund actions in relation to Plaintiffs' Memorandum in Opposition to Defendant's Motion to Dismiss Consolidated Second Amended Class Action Complaint (Dkt. No. 45). These decisions, all denying a motion to dismiss or motion for judgment on the pleadings on similar grounds raised by Defendant in this matter, are:

1.) *Gibson v. Lynn Univ.*, 2020 U.S. Dist. LEXIS 222214 (S.D. Fla. Nov. 29, 2020), attached hereto as Exhibit 1;

2.) *Saroya v. Univ. of the Pacific*, 2020 WL 7013598 (N.D. Cal. Nov. 27, 2020), attached hereto as Exhibit 2;

3.) *Spiegel v. Trustees of Indiana Univ.*, Cause No. 53C06-2005-CT-000771, 2020 Ind. Cir. LEXIS 388 (Monroe Cir. Ct. Nov. 19, 2020), attached hereto as Exhibit 3;

4.) *Verlanga, et al. v. Univ. of San Francisco*, Case No. CGC-20-584829 (San. Fran. Sup. Ct. Nov. 12, 2020), attached hereto as Exhibit 4; and

5.) *Kishinevsky v. Board of Trustees of Metro. State Univ. of Denver,* Case No. 20CV31452 (Nov. 23, 2020), attached hereto as Exhibit 5.

Plaintiff Gibson brought a putative class action asserting claims of breach of contract and unjust enrichment due to the Defendant's refusal to provide pro-rated refunds of tuition and fees after shutting down its campus for the Spring 2020 semester in response to the COVID-19 pandemic. Defendant's motion to dismiss was denied in its entirety, including arguments that

allegations set forth in the operative complaint were disguised educational malpractice claims and that unjust enrichment could not be alternatively pled where a breach of contract action was also pled.  For the same reasons, dismissal of the Consolidated Second Amended Complaint in this case is inappropriate as well.

Similarly, Plaintiff Sarova brought a putative class action asserting claims of breach of contract on similar facts against University of the Pacific. Defendant's motion was denied including allegations that breach of contract claims were disguised educational malpractice claims.

Plaintiff Spiegel, represented by Anastopoulo Law Firm, also brought a putative class action asserting claims of breach of contract and unjust enrichment due to Indiana University's refusal to provide pro-rated refunds of tuition and fees after shutting down its campus for the Spring 2020 semester in response to the COVID-19 pandemic.  Defendant answered the complaint and thereafter filed a motion for judgment on the pleadings.  Defendant's motion was denied in its entirety, including allegations that the breach of contract claims were disguised educational malpractice claims, that the breach of contract claims were barred by impossibility and novation, and that unjust enrichment could not be alternatively pled where a breach of contract action was also pled.

Plaintiff Verlanga brought a putative class action asserting claims of breach of contract on similar facts against the University of San Francisco.  Defendant's allegations that the breach of contract claims were disguised educational malpractice claims were rejected and the motion to dismiss as to the breach of contract claims was denied.

Lastly, Plaintiff Kishinevsky brought a putative class action asserting claims of breach of contract and unjust enrichment on similar facts. Defendant's motion to dismiss was denied in its

entirety including allegations that a Financial Responsibility and Promissory Note Agreement governed the entirety of the relationship between the student and university, and that unjust enrichment could not be alternatively pled where a breach of contract was also pled.

Plaintiffs respectfully suggest that these decisions further support their position in this matter in opposition to Defendant's Motion to Dismiss.

Dated: December 9, 2020

Respectfully Submitted,

| **ANASTOPOULO LAW FIRM, LLC** | **GAINEY McKENNA & EGLESTON** |
|---|---|
| By: */s/ Roy T. Willey IV*<br>Roy T. Willey IV (admitted *pro hac vice*)<br>Eric M. Poulin (admitted *pro hac vice*)<br>32 Ann Street<br>Charleston, SC 29403<br>Tel: (843) 614-8888<br>Email: roy@akimlawfirm.com<br>Email: eric@akimlawfirm.com | Thomas J. McKenna<br>Gregory M. Egleston<br>501 Fifth Avenue, 19th Floor<br>New York, NY 10017<br>Tel.: (212) 983-1300<br>Email: tjmckenna@gme-law.com<br>Email: gegleston@gme-law.com |
| **TOPTANI LAW PLLC**<br>Edward Toptani<br>375 Pearl Street, Suite 1406<br>New York, NY 10038<br>Tel: (212) 699-8930<br>Email: edward@toptanilaw.com | **MOREA SCHWARTZ BRADHAM FRIEDMAN & BROWN LLP**<br>John M. Bradham<br>444 Madison Avenue, 4th Floor<br>New York, NY 10022<br>Tel: (212) 695-8050<br>Email: jbradham@msbllp.com |

**ATTORNEYS FOR THE PLAINTIFFS AND THE PROPOSED CLASSES**