# Exhibit 3

**Spiegel v. Trustees of Indiana Univ.,**

**No. 53C06-2005-CT-0771, 2020 Ind. Cir. LEXIS 388**

**(Monroe Cir. Ct. Nov. 19, 2020)**

As of: November 30, 2020 2:44 PM Z

# *Spiegel v. Trs. of Ind. Univ.*

Circuit Court of Indiana, Monroe County

November 19, 2020, Decided

CAUSE NO: 53C06-2005-CT-000771

**Reporter**
2020 Ind. Cir. LEXIS 388 *

JUSTIN SPIEGEL, individually and on behalf of all others similarly situated, Plaintiff, v. THE TRUSTEES OF INDIANA UNIVERSITY, Defendant.

## Core Terms

Pleadings, tuition, in-person, on-campus, alleges, unjust enrichment, campus, online

**Judges:** **[*1]** Hon. Nathan G. Nikirk, Special Judge.

**Opinion by:** Nathan G. Nikirk

## Opinion

**ORDER DENYING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS**

TO THE CLERK, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

On October 30, 2020, at 10:00 a.m., via Zoom, Defendant Indiana University's ("Defendant") Motion for Judgment on the Pleadings came on for regularly scheduling hearing, the Honorable Nathan G. Nikirk presiding. Appearances are as reflected on the record.

Having duly considered Defendant's Motion for Judgment on the Pleadings, all opposition, reply and supplemental papers, arguments of counsel, and all other matters presented to the Court in relation to Defendant's Motion for Judgment on the Pleadings. For the reasons that follows, the Motion for Judgment on the Pleadings is **DENIED**.

**I. FACTUAL BACKGROUND**

Justin Spiegel ("Plaintiff") alleges that he and Defendant entered into a contract for in-person, on-campus education, which Defendant breached when it closed campus halfway through the Spring 2020 semester and required campus residents to return to their homes. Am. Compl. ¶¶ 42-42. Plaintiff also alleges that he and Defendant had a contract for access to campus facilities and on-campus events and activities, which Defendant **[*2]** also breached when it had closed its campus and evicted its students. *Id.* at ¶¶ 26-34. Plaintiff states that Defendant has refused to reduce or refund the prepaid tuition and fees as result of Defendant's transition to remote instruction. *Id.* at ¶¶ 24, 30, 32, 34. Plaintiff alleges that he paid higher tuition and fees when he enrolled in Defendant's on-campus program, rather than Defendant's online courses, which cost substantially less. *Id.* at ¶¶ 20, 79, 81, 82. In total, Plaintiff asserts that he paid a premium of approximately $13,000 to enroll in Defendant's on-campus product from January 13, 2020 through May 8, 2020. *Id.* at ¶¶ 38-39. Plaintiff seeks a pro-rata refund for what the parties contracted for, and what the Plaintiff actually received. ¶ 4.

Plaintiff alleges, and Defendant does not dispute, that contractual promises can be found in a variety of documents and oral communications, which include Defendant's website, academic catalogs, student handbooks, marketing materials and other circulars, bulletins and publications. *Id.* at ¶ 69. For instance, Plaintiff contends that the Code of Student Rights, Responsibilities, & Conduct promise "students shall have the right to have **[*3]** access to faculty, academic technology, classrooms, libraries, presentations, and

other resources necessary for the learning process." *Id.* at ¶ 116. Additionally, Plaintiff alleges during registration, each class is listed not only by description, but also by meeting time and physical classroom location, which Plaintiff and similarly situated students understood, accepted, and paid tuition for. *Id.* at ¶ 120. Also, Plaintiff claims the class syllabi referenced class meeting schedules, locations, and physical attendance requirements. *Id.* at ¶ 125. Finally, Plaintiff alleges that a contract was also implied through the parties actions as each day for the weeks and months prior to announced closures, students had access to campus. *Id.* at ¶¶ 126-127.

Defendant answered Plaintiff's Amended Complaint. Defendant now moves for Judgment on the Pleadings.

## II. LEGAL STANDARD

"After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." *Ind. Trial Rule 12(C)*. In reviewing a *T.R. 12(C)* motion, courts accept as true the well-pleaded facts alleged in the complaint, basing its ruling solely on the pleadings. *Davis v. Edgewater Systems for Balance Living, Inc. 42 N.E.3d 524, 526* (Ind. Ct. App. 2015)(citing *Murray v. City of Lawrenceburg, 925 N.E.2d 728, 731 (Ind. 2010))*. Courts will draw all reasonable [*4] inferences in the non-moving party's favor. *Indianapolis Public Transp. Corp. v. Department of Local Government Finance, 40 N.E.3d 536, 539 (Ind. T.C. 2015)*. A *Rule 12(C)* motion for judgment on the pleadings is to be granted "only where it is clear from the face of the complaint that under no circumstances could relief be granted." *Murray, 925 N.E.2d at 731* (quoting *Forte v. Connerwood Healthcare, Inc., 745 N.E.2d 796, 801 (Ind. 2001))*.

## III. ANALYSIS

### A. Breach of Contract (Counts I & III)

It is well-settled under Indiana law that "[t]o recover for a breach of contract, a plaintiff must prove that: (1) a contract existed, (2) the defendant breached the contract, and (3) the plaintiff suffered damage as a result of defendant's breach." *Collins v. McKinney, 871 N.E.2d 363, 370 (Ind. Ct. App. 2007)*.

Defendant's principal argument is that that adjudication of this matter would invoke the educational malpractice doctrine. Alternatively, Defendant argues that no contractual provision existed regarding an on-campus, in-person educational experience between Plaintiff, the putative classes and Defendant. Further, Defendant argues that COVID-19 had made performance under the contract impossible. Finally, Defendant claims that novation had occurred because Plaintiff continued to take online classes. Each argument will be addressed in turn.

### 1. Plaintiff's Claims Do Not Constitute an Educational Malpractice Claim.

According to Defendant, Plaintiff's claims are based on the [*5] assertion that online learning is substandard to in-person classes, but Plaintiff points to no specific contractual provision stating that classes would be conducted in person. As a result, Defendant argues that Plaintiff's breach of contract and unjust enrichment claims are educational malpractice claims in disguise, which is not a recognized claim in Indiana. Consequently, Defendant asserts that Plaintiff's claims for a refund of tuition and fees should be dismissed.

Plaintiff alleges that a contract was created when he paid tuition to Defendant and Defendant breached said contract by holding classes virtually without refunding a portion of the previously paid tuition and fees. The essence of Plaintiff's claims is that he contracted for in-person classes and certain services, which he never received and for which he paid a premium. This does not challenge the quality of the education, but the actual product and service delivered. Indeed, it would make no difference if what Plaintiff received were actually or a higher value, just that he did not receive that for which he contracted and pre-paid valuable consideration in the form of tuition and fees. Accordingly, making all inferences [*6] in Plaintiff's favor, the Court finds that Plaintiff's claims are not for educational malpractice. Therefore, Defendant's Motion for Judgment on the Pleadings on that basis is denied.

### 2. Plaintiff Has Sufficiently Alleged the Existence of a Valid Contract

Plaintiff alleges that based on documents including the student handbook, university catalog, program publications, and course syllabi, and registration papers, which invoiced Plaintiff higher tuition corresponding to

in-person classes rather than the lower tuition associated with Defendant's online learning program — a contract promising in-person instruction was created. The Court agrees with Plaintiff that there is sufficient factual content alleged in the Amended Complaint to establish the existence of a valid contract with respect to in-person education. Several considerations compel this conclusion.

Courts in Indiana have recognized that the relationship between a student and a university may be found in university catalogs, student manuals, student handbooks, and other university policies and procedures. More recently, in the COVID-19 context, an Indiana court applying Indiana law denied a university's motion to dismiss on a nearly [*7] identical breach-of-contract claim. See *Mellowitz v. Ball State Univ. & Bd. of Trs. of Ball State Univ.*, 2020 Ind. Super. LEXIS 854 (Marion Sup. Ct. Civil Div. 14 Aug. 12, 2020).

This Court agrees with *Mellowitz* and accordingly concludes that Plaintiff's allegations that Defendant accepted additional tuition and fees for in-person classes and on-campus services from Plaintiff, and actually provided in-person classes and on-campus services to Plaintiff until March 15, 2020, in the backdrop of numerous other documents referring to in-person classes and amenities, are sufficient to establish, at minimum, an implied contract.

The Court further rejects Defendant's position that Plaintiff received what he had contracted for — earning credits toward a degree. This argument is contrary to Defendant's existing tuition rate for its online product toward the very same degree and online university tuition rates nationally, which clearly reflect a monetary difference between on-campus education and remote education. At this point in the litigation, it is determined that factual development is required.

### 3. There Was No Novation of the Contract

Defendant next argues when on-campus classes became impossible and illegal, Defendant offered and Plaintiff accepted, virtual learning as substitute [*8] performance . . . [effecting] a novation, thereby discharging any obligations of either party under the pre-pandemic contract." Def. Mem. at pg. 15. This Court disagrees. The pleadings allege that Plaintiff was forced from campus. Moreover, it is clear from the pleadings that Plaintiff did not assent to remote instruction. Simply failing to withdraw is insufficient at this juncture to establish an assent to novation. Defendant has not provided sufficient support for its position that Plaintiff was required to risk financial loss and disrupt his academic career in order to preserve his contractual remedies.

### B. Unjust Enrichment (Counts II & IV)

Dismissal is further inappropriate in-regard to Plaintiff's unjust enrichment claims. It is clear that "[a] pleading may also state as many separate claims or defenses as the pleader has "regardless of consistency and whether based on legal or equitable grounds." *Ind. Trial Rule 8(E)(2)*.

Plaintiff cannot succeed on a claim of unjust enrichment when his claims are governed by a valid, enforceable contract. However, at this stage, neither criteria have been established. At some point in time, this case will necessarily resolve, as a breach of contract action or an unjust [*9] enrichment action, and not both. However, that point in time is not now. Accordingly, Plaintiff's unjust enrichment claims may remain for now, in the alternative.

### IV. CONCLUSION

For the foregoing reasons, the Motion for Judgment on the Pleadings filed by Defendant is **DENIED**.

**IT IS SO ORDERED**.

Date: 11-19-2020

/s/ Nathan G. Nikirk

Hon. Nathan G. Nikirk

Special Judge

---

**End of Document**