# KAPLAN HECKER & FINK LLP

350 FIFTH AVENUE | SUITE 7110
NEW YORK, NEW YORK 10118
TEL (212) 763-0883 | FAX (212) 564-0883
WWW.KAPLANHECKER.COM

DIRECT DIAL    212.763.0884
DIRECT EMAIL  rkaplan@kaplanhecker.com

December 10, 2020

**VIA ECF**

The Honorable Jesse M. Furman
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

> Re:    *In re Columbia University Tuition Refund Action*,
>            Lead Case No. 1:20-cv-03208 (JMF) (S.D.N.Y.)

Dear Judge Furman:

On behalf of The Trustees of Columbia University in the City of New York ("Columbia"), we write in response to the Notice of Supplemental Authority (the "Fifth Notice") that Plaintiffs submitted yesterday. *See* ECF 53.

As with Plaintiffs' four prior Notices of Supplemental Authority,[1] *see* ECF 48-51, Plaintiffs' Fifth Notice is irrelevant because not one of the authorities that Plaintiffs discuss was decided under New York law. Indeed, to the best of our knowledge, no court has decided a motion to dismiss tuition refund claims under New York law (the only law applicable to this case) since Columbia's motion to dismiss was fully briefed on August 21, 2020.

As discussed in the briefs we submitted in support of our motion to dismiss, *see* ECF 36 & 46, New York law is clear that Plaintiffs must identify a specific, enforceable promise to plead a breach of the implied student-university contract, *see, e.g.*, *Gally v. Columbia Univ.*, 22 F. Supp. 2d 199, 207 (S.D.N.Y. 1998), and must also plausibly allege that Columbia acted arbitrarily or in bad faith when breaching such promise, *see, e.g.*, *Pell v. Trs. of Columbia Univ. in City of N.Y.*, No. 97 Civ. 0193, 1998 WL 19989, at *20 (S.D.N.Y. Jan. 21, 1998) (Sotomayor, J.). The authorities submitted by Plaintiffs do not discuss these threshold pleading requirements or any of the other relevant considerations under New York law, *see, e.g.*, *Olsson v. Bd. of Higher Ed.*, 49 N.Y.2d 408, 413 (1980) (noting that New York courts "exercise[] the utmost restraint in applying

---

[1]    In yesterday's submission, Plaintiffs incorrectly identify yesterday's filing as their Fourth Notice of Supplemental Authority, when in fact it is their fifth. *See* ECF 48-51, 53.

KAPLAN HECKER & FINK LLP                                                    2

traditional legal rules to disputes within the academic community"), and are therefore irrelevant to the analysis here.[2]

       Accordingly, Columbia continues to stand on the arguments under New York law made in its briefs submitted in connection with its motion to dismiss.

Respectfully submitted,

Roberta A. Kaplan

cc: Counsel of Record

---

[2]    By way of example, in *Saroya v. University of the Pacific*, the court specifically found that the plaintiff did not (as would be required under New York law) "identify any express or specific promise that was breached." No. 20 Civ. 3196, 2020 WL 7013598, at *5 (N.D. Cal. Nov. 27, 2020) (applying California law); *see also* ECF 53-2 at 5.