UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------x
                                                        :

IN RE COLUMBIA UNIVERSITY TUITION    :        Lead Case No. 1:20-cv-03208 (JMF)
REFUND ACTION                           :

                                                        :
-----------------------------------------------------------------x


# MEMORANDUM OF LAW IN SUPPORT OF UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF THE PROPOSED SETTLEMENT AND PROVISIONAL CERTIFICATION OF THE PROPOSED SETTLEMENT CLASS

# TABLE OF CONTENTS

INTRODUCTION…………………………………………………………………… 1

BACKGROUND………………………………………………………………….. 3

PROCEDURAL HISTORY……………………………………………………… 3

SETTLEMENT DISCUSSIONS………………………………………………. 4

KEY TERMS OF THE SETTLEMENT…………………………………….. 4

ARGUMENT…………………………………………..………………………….. 7

I.   THE COURT SHOULD PRELIMINARILY APPROVE THE PROPOSED
SETTLEMENT……………………………………………..………………………… 7

      A.   Settlement Class Representatives and Class Counsel Have Adequately
Represented the Class……………………………….…………………….… 9

      B.   The Proposed Settlement Is Presumptively Fair Because It Was Achieved
through Extensive Arm's-Length Negotiation. …………………………… 10

      C.   The Terms of the Settlement Are Substantively Fair, Adequate, and
Reasonable...…………………………….…………………….………... 11

            1.   Complexity, Expense, and Likely Duration of the Litigation……… 11

            2.   The Stage of the Proceedings and the Amount of Discovery
Completed…………………………….…………………….…... 12

            3.   The Risks of Establishing Liability and Damages..……………….. 13

            4.   The Risks of Maintaining a Class through Trial..……………….... 14

            5.   Columbia's Ability to Withstand Greater Judgment..……………... 15

            6.   The Reasonableness of the Settlement in Light of the Possible
Recovery and the Attendant Risk of Litigation..………………… 15

      D.   The Remainder of Rule 23(e)(2) Factors Support Preliminary Approval…. 16

            1.   The Allocation Plan Is Fair and Adequate…………………………. 16

            2.   The Proposed Form and Method of Providing Notice to the

Proposed Settlement Class Are Appropriate……………………… 17

    3.    Attorneys' Fees and Expenses Are Reasonable…………………… 18

    4.    The Parties Have No Additional Agreements……………………... 19

    5.    Proposed Settlement Class Members Are Treated Equitably……… 19

II. PROVISIONAL CERTIFICATION OF THE PROPOSED SETTLEMENT
CLASS IS APPROPRIATE…………………………………………………….. 19

    A.    The Proposed Settlement Class Meets the Requirements of Rule 23(a)…... 20

        1.  Numerosity Is Satisfied………………………….…………………….... 20

        2.  Questions of Law and Fact Are Common to Proposed Settlement Class
Members……………………….…………………………........................ 21

        3.  Settlement Class Representatives' Claims Are Typical of Those of the
Settlement Class………………………….…………………………….. 21

        4.  The Settlement Class Representatives and Class Counsel Will Fairly
and Adequately Protect the Settlement Class's Interests……………… 22

    B.    The Settlement Class Meets the Requirements of Rule 23(b)(3)…………... 22

        1.  Common Issues Predominate Over Any Individual Ones……………... 23

        2.  A Class Action Is Superior to Thousands of Individual Actions………. 24

III. THE COURT SHOULD PRELIMINARILY APPOINT NAMED PLAINTIFFS
AS SETTLEMENT CLASS REPRESENTATIVES. ……….……….…………… 25

IV. THE COURT SHOULD APPROVE THE PROPOSED SCHEDULE…………… 25

CONCLUSION………………….………………………..……………….………….. 25

*Amchem Prods. Inc. v. Windsor,*
  521 U.S. 591 (1997) ..................................................................................... 20, 23

*Baffa v. Donaldson, Lufkin & Jenrette Sec. Corp.*,
  222 F.3d 52 (2d Cir. 2000) .................................................................................. 25

*Cardiology Assocs., P.C. v. Nat'l Intergroup, Inc.,*
  No. 85 Civ. 3048 (JMW), 1987 WL 7030 (S.D.N.Y. Feb. 14, 1987) ........................... 12, 13-14

*Castagna v. Madison Square Garden, L.P.,*
  Case No. 09-cv-10211 (LTS)(HP), 2011 WL 2208614 (S.D.N.Y. June 11, 2021) ................. 13

*Chhab v. Darden Rests. Inc.,*
  11 Civ. 8345 (NRB), 2016 WL 3004511 (S.D.N.Y. May 20, 2016) ...................................... 24

*City of Detroit v. Grinnell Corp.*,
  495 F.2d 488 (2d Cir. 1974) .............................................................. 2, 3, 9. 11, 19

*Clark v. Ecolab Inc.,*
  No. 06 Civ. 5672 (PAC), 2010 WL 1948198 (S.D.N.Y. May 10, 2010) ................................ 14

*Consol. Rail Corp. v. Town of Hyde Park,*
  47 F.3d 473 (2d Cir. 1995) .................................................................................. 21

*D'Amato v. Deutsche Bank*,
  236 F.3d 78 (2d Cir. 2001) .................................................................................. 10

*Fleisher v. Phoenix Life Ins. Co.*,
  No. 11-cv-8405 (CM); No. 14-cv-8714 (CM), 2015WL10847814 (S.D.N.Y. Sept. 9, 2015) .. 15

*Flores v. Anjost Corp.,*
  No. 11 Civ. 1531 (AT), 2014 WL 321831 (S.D.N.Y. Jan. 29, 2014) ...................................... 15

*Fort Worth Emps.' Ret. Fund v. J.P. Morgan Chase & Co.*,
  301 F.R.D. 116 (S.D.N.Y. 2014) .......................................................................... 21

*Gay v. Tri-Wire Eng'g Solutions, Inc.,*
  12-cv-2231 (KAM)(JO), 2014 WL 28640 (E.D.N.Y. Jan. 2, 2014) ...................................... 16

*Gortat v. Capala Bros.*,
  257 F.R.D. 353 (E.D.N.Y. 2009) .......................................................................... 20

*Hadel v. Gaucho, LLC,*
  No.: 15 Civ. 3706 (RLE), 2016 WL 1060324 (S.D.N.Y. Mar. 14, 2016) ................................ 19

*In re Advanced Battery Techs. Inc. Secs. Litig.*,
   298 F.R.D. 171 (S.D.N.Y. 2014) ...................................................................................... 9-10

*In re "Agent Orange" Prod. Liab. Litig.*,
   597 F. Supp. 740 (E.D.N.Y. 1984), *aff'd*, 818 F.2d 145 (2d Cir. 1987) ................................. 15

*In re Am. Int'l Grp. Inc. Sec. Litig.*,
   689 F.3d 229 (2d Cir. 2012) ............................................................................................... 19

*In re AOL Time Warner, Inc.*,
   MDL Docket No. 1500, 02 Civ. 5575 (SWK), 2006 WL 903236 (S.D.N.Y. Apr. 6, 2006) .... 12

*In re Buspirone Patent Litig.*,
   210 F.R.D. 43 (S.D.N.Y. 2002) ..................................................................................... 23, 24

*In re Currency Conversion Fee Antitrust Litig.*,
   224 F.R.D. 555 (S.D.N.Y. 2004) ........................................................................................ 24

*In re Flag Telecom Holdings, Ltd. Sec. Litig.*,
   Master File No. 02-CV-3400 (CM) (PED), 2010 WL 4537550 (S.D.N.Y. Nov. 8, 2010) ....... 10

*In re Global Crossing Sec. ERISA Litig.*,
   225 F.R.D. 436 (S.D.N.Y. 2004) ..................................................................................... 9, 16

*In re GSE Bonds Antitrust Litig.*,
   414 F. Supp. 3d 686 (S.D.N.Y. November 7, 2019) ................................................................. 8

*In re GSE Bonds Antitrust Litig.*,
   2019 U.S. Dist. LEXIS 218621, 2019 WL 6842332 (S.D.N.Y. December 16, 2019) ............... 9

*In re Lloy'd Am. Trust Fund Litig.*,
   96 Civ. 1262 (RWS), 2002 WL 31663577 (S.D.N.Y. Nov. 26, 2002) .................................... 18

*In re Merrill Lynch & Coj., Inc. Research Reports Sec. Litig.*,
   02 MDL 1484 (JFK), 2007 WL 313474 (S.D.N.Y. Feb. 1, 2007) .......................................... 17

*In re Metlife Demutualization Litig.*,
   689 F. Supp. 2d 297 (E.D.N.Y. 2010) ................................................................................. 16

*In re Namenda Direct Purchaser Antitrust Litig.*,
   462 F. Supp. 3d 307 (S.D.N.Y. 2020) ............................................................................. 16-17

*In re Nissan Radiator/Transmission Cooler Litig.*,
   10 CV 7493 (VB), 2013 WL 4080946 (S.D.N.Y. May 30, 2013) .......................................... 22

*In re PaineWebber Ltd. Partnerships Litig.*,
  171 F.R.D. 104 (S.D.N.Y. Mar. 20, 1997) ..................................................... 10

*In re Payment Card Interchange Fee & Merch. Dis. Antitrust Litig.*,
  986 F. Supp. 2d 207 (E.D.N.Y. 2013) ........................................................... 12

*In re Playmobil Antitrust Litig.*,
  35 F. Supp. 2d 231 (E.D.N.Y. 1998) ............................................................. 22

*In re Sumitomo Copper Litig.*,
  182 F.R.D. 85 (S.D.N.Y. 1998) ..................................................................... 22

*In re Telik, Inc. Secs. Litig.*,
  576 F. Supp. 2d 570 (S.D.N.Y. 2008) ........................................................... 17

*In re Vitamin C Antitrust Litig.*,
  No. 06–MD–1738 (BMC)(JO), 2021 WL 5289514 (E.D.N.Y. Oct. 23, 2021) ....................... 15

*In re Vitamins Antitrust Litig.*,
  209 F.R.D. 251 (D.D.C. 2002) ....................................................................... 24

*Khait v. Whirlpool Corp.*,
  No. 06-6381 (ALC), 2010 WL 2025106 (E.D.N.Y. Jan. 20, 2010) ........................ 14

*Landin v. UBS Servs. USA LLC*,
  10 Civ. 711 (RMB) (HBP), 2012 WL 488284 (S.D.N.Y. Feb. 14, 2012) ................. 8

*Marisol A. v. Giuliani*,
  126 F.3d 373 (2d Cir. 1997) ......................................................................... 22

*McBean v. City of New York*,
  228 F.R.D. 487 (S.D.N.Y. 2005) ................................................................... 23

*Moore v. PainWebber, Inc.*,
  306 F3d 1247 (2d Cir. 2002) ........................................................................ 23

*Morris v. Affinity Health Plan, Inc.*,
  859 F. Supp. 2d 611 (S.D.N.Y. 2012) ........................................................... 10

*Newman v. Stein*,
  464 F.2d 689 (2d Cir. 1972) ........................................................................ 16

*Ortega v. Uber Techs.*,
  No. 15 Civ. 7387, 2018 WL 4190799 (E.D.N.Y. May 4, 2018) ........................... 18

*Padro v. Astrue,*
   11-CV-1788 (CBA) (RLM), 2013 WL 5719076 (E.D.N.Y. Oct. 18, 2013) ............................ 11

*Park v. Thomson Corp.,*
   No. 05 Civ. 2931, 2008 WL 4684232 (S.D.N.Y. Oct. 22, 2008) ............................................. 17

*Perez v. Jupada Enters., Inc.,*
   10 Civ. 3118 (JMF), 2012 WL 3042928 (S.D.N.Y. July 25, 2021) .......................................... 8

*Rossini v. Ogilvy & Mather, Inc.*,
   798 F.2d 590 (2d Cir. 1986) ................................................................................................. 23

*Spicer v. Pier Sixty, LLC,*
   08 Civ. 10240 (PAE), 2012 WL 4364503 (S.D.N.Y. Sept. 14, 2021) .................................... 18

*Sykes v. Mel Harris & Assocs. LLC,*
   09 Civ. 8486 (DC), 2016 WL 3030156 (S.D.N.Y. May 24, 2016) ......................................... 16

*Sykes v. Mel Harris & Assocs. LLC*,
   285 F.R.D. 279 (S.D.N.Y. 2012) ......................................................................................... 24

*Thompson v. Metro. Life Ins. Co.*,
   216 F.R.D. 55 (S.D.N.Y. 2003) ........................................................................................... 11

*Velez v. Majik Cleaning Sev., Inc.,*
   03 Civ. 8698 (SAS)(KNF), 2007 WL 7232783 (S.D.N.Y. June 25, 2007) ............................ 14

*Wal-Mart Stores, Inc. v. Dukes,*
   564 U.S. 338 (2011) ............................................................................................................. 21

*Wal-Mart Stores, Inc. v. Visa U.S.A. Inc.*,
   396 F.3d 96 (2d Cir. 2005) ................................................................................................... 10

*Wright v. S. New Hampshire Univ.,*
   No. 20-cv-609-LM, 2021 WL 1617145 (D.N.H. Apr. 26, 2021) ........................................... 18

*Zivkovic v. Laura Christy LLC*,
   329 F.R.D. 61 (S.D.N.Y. 2018) ........................................................................................... 21

## RULES

Federal Rule of Civil Procedure 12 ............................................................................ 3, 4, 5, 6
Federal Rule of Civil Procedure 23 ................................................................................ *passim*
Federal Rule of Civil Procedure 23(e)(2)........................................................................ *passim*
Federal Rule of Civil Procedure 23(e)(2)................................................................................ 16

**OTHER**

4 Newberg on Class Actions § 13:18 (5th ed.)........................................................................ 20

Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715(c) ....................................................6

General Business Law §§ 349 and 350 ................................................................................. 1

Manual for Complex Litigation (Fourth) § 21.63 (2004)........................................................ 8

Subject to the Court's approval, this breach of contract action arising out of the transition to remote education with respect to the COVID-19 pandemic by Defendant, The Trustees of Columbia University in the City of New York ("Columbia"), is settled for the amount of $12,500,000.00. In this putative class action, Named Plaintiffs Student A,[1] Chris Riotta, Lisa Guerra and Alexandra Taylor-Gutt ("Settlement Class Representatives,"[2] and referred to with Columbia as "the Parties") allege that they and other similarly situated students enrolled in an on-campus course of study at Columbia and prepaid tuition and various fees in exchange for Columbia's promise to provide the unique benefits of an in-person, on-campus educational experience. Named Plaintiffs further allege that when Columbia transitioned Spring 2020 classes to remote learning in light of the COVID-19 pandemic, this alleged contract was breached. And they allege that Columbia's shift to remote education gave rise to the claims of unjust enrichment, conversion, and amounted to a violation of New York General Business Law §§ 349 and 350.

The $12.5 million settlement amount represents one hundred percent (100%) of the liability for any alleged damages sustained by the proposed Settlement Class as to fees paid and not refunded ($8.56 million), *see* Declaration of Mark Hawkins ("Hawkins Decl."), the only claim remaining undismissed, plus an additional approximately $4.0 million to account for the risks of additional litigation, as well as administrative expenses, attorneys' fees, and awards to the proposed Settlement Class Representatives. The proposed Settlement would resolve the claims of the proposed Settlement Class Representatives as well as the claims of all similarly situated

---

[1] Student A was a graduate level student at Columbia during the Spring 2020 term, and a qualifying member of the Settlement Class as defined herein. Student A is planning a career in academia, and therefore, while his name has been made known to Columbia and can be made known to the Court *in camera*, he desires to remain anonymous on the public index. He was the first to file a Complaint against Columbia and has been very active in the litigation.

[2] All capitalized terms herein have the same meaning of those set forth in the Parties' Stipulation of Settlement.

proposed Settlement Class Members against Columbia. By this motion, including all supporting documents, the Parties respectfully submit that the proposed Settlement satisfies all requirements of Federal Rule of Civil Procedure 23(b)(3) with respect to the proposed Settlement Class Members, and accordingly Named Plaintiffs, with Columbia's consent, request that the Court:

(1) preliminarily approve the proposed Settlement according to the terms of the Stipulation of Settlement;

(2) provisionally certify, for settlement purposes only, the following Settlement Class: "All students enrolled in Columbia's Programs who were assessed Spring 2020 Fees, with the exception of: (i) any person who withdrew from Columbia on or before March 13, 2020; (ii) any person enrolled solely in a program for the Spring 2020 semester that was always and originally delivered as an online program; (iii) any person who properly executes and files a timely opt-out request to be excluded from the Settlement Class; and (iv) the legal representatives, successors or assigns of any such excluded person.";

(3) preliminarily appoint Named Plaintiffs Student A, Chris Riotta, Lisa Guerra, and Alexandra Taylor-Gutt as Settlement Class Representatives;

(4) approve the Parties' proposed settlement procedure, including by:

    a. approving the Parties' selection of Simpluris, Inc. as Settlement Administrator; and

    b. approving the Parties' proposed schedule for the motion for final approval, the Potential Settlement Class Members' opt-out statements, the Settlement Class Members' objections, and the fairness hearing; and

(5) enter the proposed Order Granting Preliminary Approval attached as Exhibit A to Stipulation of Settlement.

As discussed below, because this Settlement is fair, reasonable, and adequate and otherwise satisfies the requirements of Rule 23(a) and (b)(3) and the factors outlined in *City of Detroit v. Grinnell Corp.*, 495 F.2d 488 (2d Cir. 1974), the Court should preliminarily approve the proposed Settlement between the Settlement Class Representatives, on behalf of themselves and the putative class members, and Columbia.

Columbia supports the Named Plaintiffs' request for preliminary approval of the proposed Settlement because it is fair, reasonable, and adequate. Columbia also agrees to provisional

certification of the proposed Settlement Class for settlement purposes only. Columbia denies Plaintiffs' claims in this Action; denies all allegations of wrongdoing, fault, liability, or damage of any kind to Named Plaintiffs and to the proposed Settlement Class; and denies Named Plaintiffs' factual allegations in this motion. Nevertheless, Columbia has agreed to resolve this case because the proposed Settlement will benefit current and former students and avoid continued litigation.

## BACKGROUND[3]

The Complaint alleges that in March 2020, in response to the outbreak of COVID-19, Columbia moved all learning online for the remainder of the Spring 2020 semester, cancelled athletic and other on-campus recreational events, cancelled students' meal plans, and ordered students to stay away from campus. (ECF 42 ¶ 1.) The Complaint further alleges that as a result, students no longer received in-person instruction and access to campus housing, dining, and other on-campus resources. (*Id.* ¶¶ 29, 45.) And the Complaint alleges that, while Columbia provided students with a refund of certain fees, Columbia did not provide a prorated refund of tuition and certain other fees. (*Id.* ¶¶ 61, 63.) Thus, the Complaint alleges that students like Named Plaintiffs lost the benefits of the bargain for services and education for which they paid but could no longer access or use, in violation of their contract with Columbia. (*Id.* ¶ 2.)

## PROCEDURAL HISTORY

On May 5, 2020, the Court ordered the Consolidation of Related COVID-19 Tuition and Fee Refund Actions and Appointing [of] Co-Lead Counsel. (ECF 13.) On June 6, 2020, Named Plaintiffs filed a Consolidated Amended Class Action Complaint seeking a prorated return of tuition and fees paid towards the Spring 2020 semester. (ECF 30.) On June 22, 2020, Columbia filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF Nos. 35, 36.)

---

[3] The Background refers to factual allegations in the Consolidated Second Amended Class Action Complaint (the "Complaint," ECF 42), and not on facts agreed upon by the Parties.

In response, Named Plaintiffs filed the Complaint on July 22, 2021. (ECF 42.) On July 27, 2020, Columbia notified the Court that it would adhere to its previously filed motion to dismiss. (ECF 43.) Columbia's motion was fully briefed by both Parties, including the filing of several Notices of Supplemental Authority. (ECF 48, 49, 50, 51, 53, 55, 59, 60.) On February 26, 2021, the Court granted in part and denied in part the motion to dismiss. (ECF 62.) The Court denied Columbia's motion to dismiss as to Named Plaintiffs' claim of breach of contract seeking a refund of fee payments, and granted Columbia's motion to dismiss as to Named Plaintiffs' seven other claims. *Id.* Shortly thereafter, the Parties submitted a joint letter to the Court requesting a stay of proceedings, which the Court granted. (ECF 64, 65.)

## SETTLEMENT DISCUSSIONS

The Parties were mindful that the partial victory for both sides on the motion to dismiss created risk for both Named Plaintiffs and Columbia. For this reason, the Parties initiated a conversation about potential resolution of the matter. To that end, the Parties exchanged multiple settlement communications, shared targeted information, and conducted a number of settlement phone calls. Indeed, the Parties settlement discussions were so intensive and arm's-length that they spanned over eight months. (ECF 66, 68, 70, 74, 76, and 78.) Ultimately, the Parties reached an agreement in principle. (ECF 80.) Thereafter, for the next few weeks, the Parties negotiated the Settlement, resulting in the signing of the Stipulation of Settlement.

## KEY TERMS OF THE SETTLEMENT

The following is a summary of the material terms of the Settlement.

A. **Class Definition.** The "Settlement Class" is defined (at Settlement ¶ 1(ee)) as:

All students enrolled in Columbia's Programs who were assessed Spring 2020 Fees. The Settlement Class excludes: (i) any person who withdrew from Columbia on or before March 13, 2020; (ii) any person enrolled solely in a program for the Spring 2020 semester that was always and originally delivered as an online program; (iii)

any person who properly executes and files a timely opt-out request to be excluded from the Settlement Class; and (iv) the legal representatives, successors or assigns of any such excluded person.

**B.     Settlement Consideration.**  Columbia has agreed to establish a Settlement Fund in the amount of $12,500,000.00. *Id.* ¶ 39.  The Settlement Fund comprises the aggregate fee amount paid by students for the portion of the Spring 2020 semester that was conducted remotely, equivalent to $8.56 million, *see* Hawkins Decl. ¶¶ 19, 20, and additional funds to account for the risks of additional litigation, as well as administrative expenses, attorneys' fees, and awards to Settlement Class Representatives.

**C.     Allocation and Distribution of Settlement Benefit.**  The amount in the Settlement Fund after paying administrative expenses, attorneys' fees, and awards to the Settlement Class Representatives (the "Net Settlement Fund"), will be distributed to Settlement Class Members. Settlement ¶ 1(q). The Net Settlement Fund will be divided among Columbia's Programs, as outlined in the Settlement Agreement, based on the ratio of the amount of Spring 2020 Fees students in that Program were assessed, as compared to the Spring 2020 Fees assessed to students in all Programs. *Id.* ¶ 5; Hawkins Decl. ¶ 21. Settlement Class Members will receive a payment in an amount equal to all other Settlement Class Members in their Program. Settlement ¶ 6. Should any current or former students opt out of the Settlement, any payments those students would have received will be aggregated and distributed equally among all Settlement Class Members. *Id.*

Each Settlement Class Member will automatically receive a Settlement Benefit by check mailed to the Settlement Class Member's last known mailing address. *Id.* ¶ 9.  The Settlement Administrator will also provide a platform on the Settlement Website that Settlement Class Members may visit to (a) provide an updated address for sending a check, or (b) elect to receive the Settlement Benefit by Venmo or PayPal instead of a paper check. *Id.* No later than seven days

after the Effective Date, Columbia will produce to the Settlement Administrator the information necessary for the Settlement Administrator to send the Settlement Benefits to the Settlement Class Members, including a list from the University Registrar's records that includes the Program in which each Settlement Class Member was enrolled in Spring 2020. *Id.* ¶ 10. The Settlement Administrator will send the Settlement Benefit to Settlement Class Members within sixty days of the Effective Date. *Id.* ¶ 8. Should any settlement checks go uncashed 180 days after distribution, those funds will be split equally between and donated to The Food Pantry at Columbia[4] and the President & Provost's Student Event Fund.[5] *Id.* ¶ 11.

    **D.**    **Release.** The Parties and Settlement Class Members who do not timely and validly opt-out of the Settlement Class will be bound by the terms of the Settlement, including the release and discharge of the Released Claims against the Released Parties. The Released Claims are narrowly tailored and are limited to claims "arising out of, concerning, or relating in any way to Columbia's transition to remote education with respect to the COVID-19 pandemic beginning in March 2020, or the implementation or administration of such remote education." *Id.* ¶ 1(u).

    **E.**    **CAFA Notice.** Columbia shall provide the notice required under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715(c), no later than ten days after filing the Stipulation with the Court. *Id.* ¶ 13.

    **F.**    **Settlement Administrator.** The Settlement Administrator is charged with administering all aspects of the Settlement, including the distribution of notice and Settlement

---

[4] The Food Pantry at Columbia is a student-run, student-managed initiative that provides disbursements of non-perishable food to any student who has any level of food insecurity. *See* The Food Pantry at Columbia Website (accessed Nov. 22, 2021), https://thefoodpantry.studentgroups.columbia.edu/.

[5] The President & Provost's Student Event Fund provides financial support for events hosted by Columbia student groups. *See* President & Provost's Student Event Fund Website (accessed Nov. 22, 2021), https://eventmanagement.columbia.edu/content/president-provosts-fund.

Benefits and the establishment and maintenance of a Settlement Website. *Id.* ¶¶ 32–33.

**G. Notice.** The Settlement contains notice mechanisms designed to satisfy all applicable laws, including Rule 23 and constitutional due process. Within fourteen days of the Court's preliminary approval order, Columbia will provide the Class List to the Settlement Administrator, which includes students' names and last known email and postal addresses. *Id.* ¶ 19. The Settlement Administrator will provide notice to all Potential Settlement Class Members through a combination of: (i) direct email notice; (ii) direct mail notice, if the recipient's email address is not available; and (iii) a Long Form Notice, to be published on a Settlement Website established by the Settlement Administrator. *Id.* ¶¶ 15, 17. Columbia will also publish a link to the Settlement Website on its homepage at http://www.columbia.edu, and will publish the Short Form Notice as an advertisement in the *Columbia Daily Spectator*, Columbia's student newspaper (or a publication with a comparable reach). *Id.* ¶ 23. Unless adjusted by Court order, notice shall be disseminated to Potential Settlement Class Members within thirty days after the preliminary approval order is entered. *Id.* ¶ 20.

**H. Class Counsel Fees and Expenses and Plaintiffs' Case Contribution Awards.** Upon this Court's approval, Settlement Class Representatives may seek reasonable Case Contribution Awards to them for their service in the case not to exceed $25,000. *Id.* ¶ 47. This shall be in addition to any Settlement Benefit that Settlement Class Representatives may receive as Settlement Class Members. *Id.* Class Counsel will seek an award of reasonable attorney's fees, in an amount not to exceed one-third of the Settlement Fund. *Id.* ¶ 48.

## ARGUMENT

## I. THE COURT SHOULD PRELIMINARILY APPROVE THE PROPOSED SETTLEMENT

This Court undertakes a two-step approach in considering whether to approve a proposed

settlement in a class action. The first step is the current motion before the Court: preliminary approval of the proposed settlement, provisional certification of a settlement class, and approval of proposed notice. *See* Manual for Complex Litigation (Fourth) § 21.63 (2004).

A proposed settlement agreement should be preliminarily approved where "it appears to be the product of serious, informed, non-collusive negotiations and is sufficiently fair, reasonable, and adequate to justify the sending of the Notices and setting the date for a fairness hearing." *Landin v. UBS Servs. USA LLC*, 10 Civ. 711 (RMB) (HBP), 2012 WL 488284, at * 1 (S.D.N.Y. Feb. 14, 2012); *Perez v. Jupada Enters., Inc.*, 10 Civ. 3118 (JMF), 2012 WL 3042928, at *3 (S.D.N.Y. July 25, 2021) (Furman, J.) (citing *In re Currency Conversion Fee Antitrust Litig.*, MDL No. 1409, M 21-95, 2006 WL 3247396, at *5 (S.D.N.Y. Nov. 8, 2006) ("Where the proposed settlement appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class and falls within the reasonable range of approval, preliminary approval is granted.") (citation omitted)).

Under Rule 23, a district court must consider whether it "will likely be able to: (i) approve the proposal under Rule 23(e)(2); and (ii) certify the class for purposes of judgment on the proposal." *In re GSE Bonds Antitrust Litig.*, 414 F. Supp. 3d 686, 692 (S.D.N.Y. 2019). In considering whether to grant preliminary approval, the court looks to the factors it will consider when weighing final approval. A court will give final approval to a settlement if the terms are "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2). A preliminary determination that a settlement is presumptively fair is proper when the Court finds: "(1) adequacy of representation; (2) the existence of arm's-length negotiations; (3) adequacy of relief; and (4) equitableness of treatment of class members." *In re GSE Bonds*, 414 F. Supp. 3d at 692.

The Advisory Committee Notes to the 2018 amendments specify that the new Rule 23(e)(2) factors do not displace prior precedent interpreting Rule 23. *See* Advisory Committee's Note to the 2018 amendments, Fed. R. Civ. P. 23; *In re GSE*, 2019 WL 6842332, at *1. The Second Circuit's *Grinnell* factors are: (1) the complexity, expense and likely duration of the litigation; (2) the reaction of the class to the settlement; (3) the stage of the proceedings and the amount of discovery completed; (4) the risks of establishing liability; (5) the risks of establishing damages; (6) the risks of maintaining the class through trail; (7) the ability of the defendant to withstand a greater judgment; (8) the range of reasonableness of the settlement fund in light of the best possible recovery; and (9) the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation. *See* 495 F.2d at 463. As explained below, the proposed Settlement is presumptively fair under Rule 23(e)(2) and *Grinnell*.

### A. Settlement Class Representatives and Class Counsel Have Adequately Represented the Class.

Class Counsel have adequately represented the Settlement Class as required by Rule 23(e)(2)(A) by diligently prosecuting this Action on behalf of the Settlement Class Representatives and the Settlement Class. Class Counsel engaged in extensive investigation in preparing the initial complaints and subsequent consolidated and amended complaints. The resultant accumulation of information permitted Settlement Class Representatives to allege specific facts regarding Columbia's financial decisions in response to the COVID-19 pandemic. Once the motion to dismiss was denied as to the Settlement Class Representatives' fee claim, the Parties engaged in detailed settlement negotiations. As a result of targeted fact-gathering conducted on the issues at the heart of the Complaint's allegations, Settlement Class Representatives and Class Counsel were in a position to intelligently weigh the strengths and weaknesses of their case. *See In re Global Crossing Sec. ERISA Litig.*, 225 F.R.D. 436, 458 (S.D.N.Y. 2004) ("Formal discovery is not a

prerequisite; the question is whether the parties had adequate information about their claims."); *In re Advanced Battery Techs. Inc. Secs. Litig.*, 298 F.R.D. 171, 177 (S.D.N.Y. 2014) (even where "no merits discovery occurred in this case to date," lead counsel was "knowledgeable with respect to possible outcomes and risks in this matter and, thus, able to recommend the Settlement").

Lead Counsel believes that the Settlement is in the best interests of the Settlement Class. Courts recognize that counsel's judgment is entitled to significant weight. *In re Flag Telecom Holdings, Ltd. Sec. Litig.*, Master File No. 02-CV-3400 (CM) (PED), 2010 WL 4537550, at *13 (S.D.N.Y. Nov. 8, 2010) ("Moreover, great weight is accorded to the recommendations of counsel, who are most closely acquainted with the facts of the underlying litigation.").

**B.  The Proposed Settlement Is Presumptively Fair Because It Was Achieved through Extensive Arm's-Length Negotiation.**

When considering the adequacy of a settlement, courts consider whether the settlement is the product of arm's length negotiations between experienced counsel and is untainted by collusion. *See D'Amato v. Deutsche Bank*, 236 F.3d 78, 85 (2d Cir. 2001); *see also Wal-Mart Stores, Inc. v. Visa U.S.A. Inc.*, 396 F.3d 96, 116 (2d Cir. 2005) (quoting Manual for Complex Litigation (Fourth) § 30.42 (1995)) ("A presumption of fairness, adequacy, and reasonableness may attach to a class settlement reach in arm's length negotiations between experienced, capable counsel after meaningful discovery"). "To determine procedural fairness, courts examine the negotiating process leading to the settlement." *Morris v. Affinity Health Plan, Inc.*, 859 F. Supp. 2d 611, 618 (S.D.N.Y. 2012). "Great weight is accorded to the recommendations of counsel, who are most closely acquainted with the facts of the underlying litigation." *In re PaineWebber Ltd. Partnerships Litig.*, 171 F.R.D. 104, 125 (S.D.N.Y. Mar. 20, 1997). This Settlement embodies all hallmarks of procedurally fair resolution.

On March 15, 2021, the Parties moved to stay the proceedings in the Action as they initiated

settlement discussions.  (ECF 64, 65.)  These discussions occurred over the span of more than eight months and were at arm's-length, involved multiple settlement communications, targeted fact-gathering, and numerous settlement phone calls.  Ultimately, the Parties reached an agreement in principle.  (ECF 80.)  Thereafter, for the next few weeks, the Parties negotiated the Settlement, resulting in signing of the Stipulation of Settlement.

### C. The Terms of the Settlement Are Substantively Fair, Adequate, and Reasonable.

The Settlement falls within the "range of reason" such that notice and a final hearing as to the fairness, adequacy and reasonableness of the Settlement is warranted.  In evaluating the substantive fairness of a class action settlement, courts in the Second Circuit consider the nine factors set forth in *City of Detroit v. Grinnell Corp.*, 495 F.2d at 463.  In finding that a settlement is fair, not every factor must weigh in favor of settlement; "rather, the court should consider the totality of these factors in light of particular circumstances."  *Thompson v. Metro. Life Ins. Co.*, 216 F.R.D. 55, 61 (S.D.N.Y. 2003).  Taken together, the *Grinnell* factors and Rule 23(e)(2) weigh heavily in favor of preliminarily approving the proposed Settlement.

### 1. Complexity, Expense, and Likely Duration of the Litigation

"Most class actions are inherently complex and settlement avoids the costs, delays, and multitude of other problems associated with them."  *Padro v. Astrue*, 11-CV-1788 (CBA) (RLM), 2013 WL 5719076, at *5 (E.D.N.Y. Oct. 18, 2013) (citing *In re Austrian & German Bank Holocaust Litig.*, 80 F. Supp. 2d 164, 174 (S.D.N.Y. 2000), *aff'd* 236 F.3d 78 (2d Cir. 2001)).

Prosecuting this Action would necessarily entail a lengthy and expensive legal battle involving complex legal and factual issues.  In the absence of Settlement, there is a high likelihood of even more expensive, protracted, and contentious litigation that will consume significant funds and expose the Settlement Class Representatives to risk and uncertainty.  Further, complex issues

of law and fact are likely to be raised at the class certification stage, and the losing party would likely seek interlocutory review pursuant to Rule 23(f), which would cause delay in resolving the litigation. *See In re Payment Card Interchange Fee & Merch. Dis. Antitrust Litig.*, 986 F. Supp. 2d 207, 212-13 (E.D.N.Y. 2013), *reversed and vacated on other grounds*, 827 F.3d 223 (2d Cir. 2016) (noting that "[i]n the *Wal-Mart* case, twenty months elapsed between the order certifying the class and the Second Circuit's divided opinion affirming that decision").

Moreover, even if the Settlement Class Representatives prevailed at trial and on appeal, it could nevertheless have taken years for Settlement Class Members to recover a monetary judgement, if at all. The proposed Settlement, on the other hand, makes monetary relief available to the Settlement Class in a prompt and efficient manner. Simply put, the proposed Settlement avoids several more years of complex and expensive litigation. *See Cardiology Assocs., P.C. v. Nat'l Intergroup, Inc.*, No. 85 Civ. 3048 (JMW), 1987 WL 7030, at *3 (S.D.N.Y. Feb. 14, 1987). Therefore, this *Grinnell* factor weighs in favor of preliminary approval of the proposed Settlement.

### 2. The Stage of the Proceedings and the Amount of Discovery Completed

This factor goes to "whether the plaintiffs have obtained a sufficient understanding of the case to gauge the strengths and weaknesses of their claims and the adequacy of the settlement." *In re AOL Time Warner, Inc.*, MDL Docket No. 1500, 02 Civ. 5575 (SWK), 2006 WL 903236, at *10 (S.D.N.Y. Apr. 6, 2006). Here, Class Counsel are sufficiently well informed of the strengths and weaknesses of the claims, having drafted three separate pleadings and survived in part a motion to dismiss. Class Counsel also spoke with potential merits and damages experts concerning the strengths and weaknesses of the case, as well as the strengths and weaknesses of Columbia's arguments and defenses. Moreover, the information exchanged during settlement negotiations permitted Class Counsel to learn the relevant facts and circumstances in an efficient and cost-

effective manner. Columbia provided financial information detailing fees assessed for the Spring 2020 semester. Columbia has submitted a declaration affirming that the proposed Settlement Amount represents more than the aggregate amount of the undismissed fee claim's potential liability. *See* Hawkins Decl. The Parties also exchanged further information through written correspondence and phone calls. As a result, Class Counsel was well-positioned to evaluate the strengths of Plaintiffs' claims, Columbia's defenses, and prospects for success.

Class Counsel also considered the over 40 other cases arising out of COVID-19 school-related closures, of which Class Counsel is at the forefront. *See* Joint Declaration of Roy T. Willey, IV and Thomas J. McKenna at Exhibits 2 and 3. Class Counsel's unique insight into this type of litigation, combined with the information obtained from Columbia in this case, fortified Plaintiffs' appreciation of the risks ahead should they proceed with further litigation.

### 3. The Risks of Establishing Liability and Damages

"In assessing the settlement, the Court should balance the benefits afforded to members of the Class and the immediacy and certainty of a substantial recovery for them against the continued risks of litigation." *Castagna v. Madison Square Garden, L.P.*, Case No. 09-cv-10211 (LTS)(HP), 2011 WL 2208614, at *6 (S.D.N.Y. June 11, 2021) (citing *Maley v. Del Global Tech Corp.*, 186 F. Supp. 2d 358, 364 (S.D.N.Y. 2002)). Indeed, courts have recognized that "[l]itigation inherently involves risks." *Id.* The Settlement Class Representatives expect that, were the Action to proceed, Columbia would continue to vigorously contest all elements of the Settlement Class Representatives' claims during the remaining stages of the Action, including class certification and summary judgment. The outcome of the Action cannot be certain, and in the event that it proceeded to trial, it would be a lengthy and complex affair: even if Settlement Class Representatives could establish liability, they would still have to prove damages and certify a

litigation class. *See Cardiology Assocs., P.C. v. Nat'l Intergroup, Inc.*, No. 85 Civ. 3048 (JMW), 1987 WL 7030, at *3 (S.D.N.Y. Feb. 13, 1987) ("There is a substantial risk that the plaintiff might not be able to establish liability at all and, even assuming a favorable jury verdict, if the matter is fully litigated and appealed, any recovery would be years away.").

Evaluated against these risks, a $12.5 million recovery now is an excellent result for the Settlement Class: it "benefits each plaintiff in that he or she will recover a monetary award immediately, without having to risk that an outcome unfavorable to the plaintiffs will emerge from a trial." *Velez v. Majik Cleaning Sev., Inc.*, 03 Civ. 8698 (SAS)(KNF), 2007 WL 7232783, at *6 (S.D.N.Y. June 25, 2007). In this Action, the Settlement Class Members will receive a meaningful and tangible present recovery from the Settlement. With Court approval, these funds will likely be distributed in a matter of months, rather than years (or never), which is particularly important given the additional hardships imposed by the COVID-19 pandemic.

### 4. The Risks of Maintaining a Class through Trial

Unquestionably, "[a] contested class certification motion would likely require extensive discovery and briefing." *Khait v. Whirlpool Corp.*, No. 06-6381 (ALC), 2010 WL 2025106, at *6 (E.D.N.Y. Jan. 20, 2010). Even if the Court "granted a contested class certification motion, [Defendant] could seek to file a Federal Rule of Civil Procedure 23(f) appeal and/or move to decertify, which would require additional rounds of briefing." *Clark v. Econolab, Inc.*, No. 07 Civ. 8623 (PAC); No. 04 Civ. 4488 (PAC); No. 06 Civ. 5672 (PAC), 2010 WL 1948198, at *6 (S.D.N.Y. May 10, 2010). Here, even though a class certification motion has yet to be filed and decided, it is likely Columbia would oppose it, and that if the Settlement Class Representatives were successful in certifying a class, Columbia would seek an interlocutory appeal under Federal Rule of Civil Procedure 23(f), further delaying the outcome of the Action. Although the Settlement

Class Representatives believe they would succeed on class certification, Columbia would likely advance substantive arguments in opposition. As a result, there is a real risk that this litigation might not be maintained as a class action through trial. This factor favors preliminary approval.

### 5. Columbia's Ability to Withstand Greater Judgment

A "defendant's ability to withstand a greater judgment, standing alone, does not suggest that the settlement is unfair." *Flores v. Anjost Corp.*, No. 11 Civ. 1531 (AT), 2014 WL 321831, at * 6 (S.D.N.Y. Jan. 29, 2014) (citation omitted). This factor alone is not an impediment to settlement when other factors favor the settlement. *See In re Vitamin C Antitrust Litig.*, No. 06–MD–1738 (BMC)(JO), 2021 WL 5289514, at * 6 (E.D.N.Y. Oct. 23, 2021) (acknowledging that "in any class action against a large corporation, the defendant entity is likely to be able to withstand a more substantial judgment, and . . . this fact alone does not undermine the reasonableness of the instant settlement."). Although Columbia may have the ability to withstand a greater judgment, the outstanding result—a $12.5 million settlement—is still more than 100% of the liability for any alleged damages sustained by the proposed Settlement Class as to fees paid and not refunded (the only undismissed claim remaining in the Action), and weighs in favor of preliminary approval.

### 6. The Reasonableness of the Settlement in Light of the Possible Recovery and the Attendant Risk of Litigation

The adequacy of the amount offered in settlement must be judged "not in comparison with the possible recovery in the best of all possible worlds, but rather in light of the strengths and weaknesses of plaintiffs' case." *In re "Agent Orange" Prod. Liab. Litig.*, 597 F. Supp. 740, 762 (E.D.N.Y. 1984), *aff'd*, 818 F.2d 145 (2d Cir. 1987); *Fleisher v. Phoenix Life Ins. Co.*, No. 11-cv-8405 (CM); No. 14-cv-8714 (CM), 2015 WL 10847814, at *8 (S.D.N.Y. Sept. 9, 2015) (citations omitted). The Court need only determine whether the Settlement falls within a "range of reasonableness"—a range that "recognizes the uncertainties of law and fact in any particular case

and the concomitant risks and costs necessarily inherent in taking any litigation to completion." *Newman v. Stein*, 464 F.2d 689, 693 (2d Cir. 1972); *see also Global Crossing*, 225 F.R.D. at 461 (noting that "the certainty of [a] settlement amount has to be judged on [the] context of the legal and practical obstacles to obtaining a large recovery").

The Settlement here presents an excellent result, as Plaintiffs have obtained 100% of the alleged damages for unrefunded fees that are at issue in what remains of the Action, plus an additional $4 million. This Settlement thus clearly falls within the range of recoverable damages. Additionally, the Settlement Amount provides a significant and immediate payment to the Settlement Class. *See Gay v. Tri-Wire Eng'g Solutions, Inc.*, 12-cv-2231 (KAM)(JO), 2014 WL 28640, at *9 (E.D.N.Y. Jan. 2, 2014) (quoting *Massiah v. MetroPlus Health Plan, Inc.*, No. 11-cv-05669 (BMC), 2012 WL 5874655, at *5 (E.D.N.Y. Nov. 20, 2012)) ("When a settlement 'assures immediate payment of substantial amounts to class members even if it means sacrificing speculative payment of a hypothetically larger amount years down the road, settlement is reasonable under this factor.'"); *Sykes v. Mel Harris & Assocs. LLC*, 09 Civ. 8486 (DC), 2016 WL 3030156, at *14 (S.D.N.Y. May 24, 2016) ("[M]uch of the value in the settlement lies in the ability to make funds available promptly."). The proposed Settlement will provide "an immediate and certain benefit to" the Settlement Class, and "the substantial burdens and costs that continued and uncertain litigation would impose on the parties, non-party witnesses, and the court" would be avoided. *In re Metlife Demutualization Litig.*, 689 F. Supp. 2d 297, 332 (E.D.N.Y. 2010).

## D. The Remainder of Rule 23(e)(2) Factors Support Preliminary Approval.

### 1. The Allocation Plan Is Fair and Adequate

"Approval of a plan of distribution for a settlement fund in a class action is governed by the same standards of review applicable to approval of the settlement as a whole, i.e., the

distribution plan must be fair, reasonable and adequate." *In re Namenda Direct Purchaser Antitrust Litig.*, 462 F. Supp. 3d 307, 316 (S.D.N.Y. 2020). Notably, an "allocation formula need only have a reasonable, rational basis, particularly if recommended by experienced and competent Class counsel." *Id.* Here, by dividing the Net Settlement Fund among Programs according to the percentage of fees assessed to the students in those Programs, the allocation plan takes into account "the relative strength and values of different categories of claims." *See In re Telik, Inc. Secs. Litig.*, 576 F. Supp. 2d 570, 581 (S.D.N.Y. 2008) (McMahon, J.). Further, by distributing the amount allocated to each Program equally among the Potential Settlement Class Members in that Program, the settlement promotes equity to the Settlement Class as a whole. *See Park v. Thomson Corp.*, No. 05 Civ. 2931, 2008 WL 4684232, at *5 (S.D.N.Y. Oct. 22, 2008) (Pauley, J.); *Careathers v. Red Bull*, No. 13 Civ. 00369 (S.D.N.Y. 2015) (Failla, J.) (ECF 101).

### 2. The Proposed Form and Method of Providing Notice to the Proposed Settlement Class Are Appropriate

"Notice need not be perfect, but need be only the best notice practicable under the circumstance, and each and every class member need not receive actual notice, so long as class counsel acted reasonably in choosing the means likely to inform potential class members." *In re Merrill Lynch & Coj., Inc. Research Reports Sec. Litig.*, 02 MDL 1484 (JFK), 02 Civ. 3176 (JFK), 02 Civ. 7854 (JFK), 02 Civ. 10021 (JFK), 2007 WL 313474, at *8 (S.D.N.Y. Feb. 1, 2007).

Class Counsel respectfully submits that the proposed plan for notice is fair, reasonable, and adequate. As recited in the Settlement and described above, the proposed notice will inform Potential Settlement Class Members of the Settlement's substantive terms. It will advise Potential Settlement Class Members of their options for remaining part of the Settlement Class or for opting out of the Settlement; for receiving their Settlement Benefits; for objecting to the Settlement, Class Counsel's attorneys' fee application and/or request for Case Contribution Awards; and how to

obtain additional information about the Settlement. The proposed plan for notice is designed to directly reach a very high percentage of Potential Settlement Class Members, with consideration that Potential Settlement Class Members' contact information is readily available and regularly updated by Columbia.

Notice programs such as the one proposed by Class Counsel have been approved as adequate under the Due Process Clause and Rule 23. *See Ortega v. Uber Techs.*, No. 15 Civ. 7387, 2018 WL 4190799 (E.D.N.Y. May 4, 2018) (approving a notice plan of notice by email, with notice by mail for class members whose emails are undeliverable, and ordering the parties to create a settlement website). And in other COVID-19 refund actions against other universities, substantially similar methods of notice have been preliminarily approved. *See, e.g.*, *Wright v. S. New Hampshire Univ.*, No. 20-cv-609-LM, 2021 WL 1617145, at *2 (D.N.H. Apr. 26, 2021); *see also Rosado v. Barry Univ., Inc.*, No. 1:20-cv-21813-JEM, Order, (S.D.N.Y. Mar. 30, 2021). Accordingly, the Court should approve the plan for notice and the form and content of the notices.

### 3. Attorneys' Fees and Expenses Are Reasonable

Class Counsel will apply for an award of attorneys' fees and expenses for any services to Settlement Class Representatives, and will receive any applied-for fees and expenses only upon this Court's order regarding attorneys' fees and costs. Class Counsel will apply to the Court for a Fee Award not to exceed one-third of the Settlement Fund. Such a request for attorneys' fees is reasonable in comparison to other common-fund settlements. *See e.g.*, *In re Lloy'd Am. Trust Fund Litig.*, 96 Civ. 1262 (RWS), 2002 WL 31663577, at *26 (S.D.N.Y. Nov. 26, 2002) (noting "scores of common fund cases where fees . . . were awarded in the range of 33-1/3% of the settlement fund."); *Spicer v. Pier Sixty, LLC*, 08 Civ. 10240 (PAE), 2012 WL 4364503, at *4 (S.D.N.Y. Sept. 14, 2021). The same percentage has been approved in other COVID-19 tuition refund actions.

*See, e.g.*, *Wright v. S. New Hampshire Univ.*, No. 1:20-cv-00609-LM, Order (D.N.H. Aug. 22, 2021); *see also Rosado v. Barry Univ., Inc.*, No. 1:20-cv-21813-JEM, Order (S.D.N.Y. Aug. 7, 2021).

### 4. The Parties Have No Additional Agreements

There are no side agreements to identify under this factor.

### 5. Proposed Settlement Class Members Are Treated Equitably

The final factor, Rule 23(e)(2)(D), looks at whether class members are treated equitably. As reflected in the plan of allocation, *see supra* Part I.D.1, the proposed Settlement treats Settlement Class Members equitably relative to each other, and all Settlement Class Members will be giving Columbia the same release.

Because the proposed Settlement satisfies both the Rule 23(e)(2) factors and the *Grinnell* factors applied in this Circuit, the proposed Settlement should be preliminarily approved.

## II. PROVISIONAL CERTIFICATION OF THE PROPOSED SETTLEMENT CLASS IS APPROPRIATE

A court may certify a class for settlement purposes where the proposed settlement class meets the Rule 23(a) requirements for class certification, as well as the requirements of one of the subsections of Rule 23(b). *See In re Am. Int'l Grp. Inc. Sec. Litig.*, 689 F.3d 229, 242 (2d Cir. 2012). "Provisional settlement class certification and appointment of class counsel have several practical purposes, including avoiding the costs of litigating class status while facilitating a global settlement, ensuring notification of all class members of the terms of the proposed Settlement Agreement, and setting the date and time of the final approval hearing." *Hadel v. Gaucho, LLC*, No.: 15 Civ. 3706 (RLE), 2016 WL 1060324, at *2 (S.D.N.Y. Mar. 14, 2016).

Certifying a class for settlement purposes satisfies the Rule 23 requirements more easily than a contested motion for certification. *See Amchem Prods. Inc. v. Windsor*, 521, 619 (1997)

("Settlement is relevant to a class certification"); Advisory Committee's Notes to Fed. R. Civ. P. 23(e)(1) ("the standards for certification differ for settlement and litigation purposes"); 4 Newberg on Class Actions § 13:18 (5th ed.) ("The obvious implication . . . is that the standards for certification are laxer at settlement, as that is the only reading that makes sense of the sentence's second clause noting the need for a suitable record."). Under Rule 23(a), the Court can certify a class for settlement if the plaintiff demonstrates numerosity, commonality, typicality, and adequacy of the class plaintiffs. Nonetheless, the "[t]he Second Circuit has emphasized that Rule 23 should be 'given liberal rather than restrictive construct,' . . . and 'it seems beyond peradventure that the Second Circuit's general preference is for granting rather than denying class certification.'" *Gortat v. Capala Bros.*, 257 F.R.D. 353, 361-62 (E.D.N.Y. 2009).

The Parties have agreed, for the purposes of settlement only, to the certification of the Settlement Class. The Settlement Class is defined as:

> All students enrolled in Columbia's Programs who were assessed Spring 2020 Fees, with the exception of: (i) any person who withdrew from Columbia on or before March 13, 2020; (ii) any person enrolled solely in a program for the Spring 2020 semester that was always and originally delivered as an online program; (iii) any person who properly executes and files a timely opt-out request to be excluded from the Settlement Class; and (iv) the legal representatives, successors or assigns of any such excluded person.

The Settlement Class here, for settlement purposes, satisfies all Rule 23(a)(1)-(4) and 23(b)(3) certification requirements.

**A.     The Proposed Settlement Class Meets the Requirements of Rule 23(a).**

**1.     Numerosity Is Satisfied**

Rule 23(a) requires that the members of the class be so numerous that joinder of all members is impracticable. While numerosity does not require a fixed number of class members, "numerosity is presumed at a level of 40 members." *Consol. Rail Corp. v. Town of Hyde Park*, 47

F.3d 473, 483 (2d Cir. 1995). The Settlement Class likely consists of about 30,000 members. Therefore, the numerosity requirement of Rule 23(a) is readily satisfied.

### 2. Questions of Law and Fact Are Common to Proposed Settlement Class Members

Rule 23(a)(2) requires "questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). This threshold is satisfied if the question is "capable of class wide resolution – which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011). "[A] single [common] question will" satisfy the commonality inquiry. *Id.* at 359. "The claims for relief need not be identical for them to be common." *Zivkovic v. Laura Christy LLC*, 329 F.R.D. 61, 69 (S.D.N.Y. 2018). Rather, Rule 23(a)(2) is a "low hurdle," *Fort Worth Emps.' Ret. Fund v. J.P. Morgan Chase & Co.*, 301 F.R.D. 116, 131 (S.D.N.Y. 2014), that may be satisfied by even a single question of law or fact common to the class, *Wal-Mart Stores*, 564 U.S. at 369.

Plaintiffs easily satisfy the "low hurdle" of demonstrating commonality. Plaintiffs believe this Action presents many questions common to the Settlement Class. Plaintiffs assert common questions that include: (a) whether Columbia accepted money from Settlement Class Members in exchange for the alleged promise to provide services; (b) whether Columbia provided the services for which the Settlement Class Members allegedly contracted; and (c) whether the Settlement Class Members are entitled to a refund for that portion of the services that was allegedly not delivered. These common questions, which target the same alleged misconduct by Columbia, satisfy Rule 23(a)(2).

### 3. Settlement Class Representatives' Claims Are Typical of Those of the Settlement Class

Typicality requires that the claims of the class representatives be typical of those of the putative class members. Fed. R. Civ. P. 23(a)(2). The commonality and typicality requirements

of Rule 23(a) tend to merge, and demonstrating typicality under Rule 23(a)(3) requires only that "each class member's claim arise from the same course of events, and each class member makes similar legal arguments to provide the defendant's liability." *Marisol A. v. Giuliani*, 126 F.3d 373, 376 (2d Cir. 1997). "Differences in the degree of harm suffered, or even in the ability to prove damages, do not vitiate the typicality of a representative's claims." *In re Nissan Radiator/Transmission Cooler Litig.*, 10 CV 7493 (VB), 2013 WL 4080946, at *19 (S.D.N.Y. May 30, 2013). Rather, "the typicality requirement requires that the disputed issue of law or fact occupy essentially the same degree of centrality to the named plaintiff's claim as to that of other members of the proposed class." *Id.*

Here, Settlement Class Representatives pursue the same claims as the Settlement Class based on the same legal theories and the same alleged course of conduct: that Settlement Class Representatives and Settlement Class Members paid Spring 2020 semester tuition and fees in exchange for in-person services and on-campus experiences that they allegedly did not fully receive. Further, any difference that may exist in the amount of injury suffered by each Settlement Class Member does not preclude a finding of typicality. *See In re Playmobil Antitrust Litig.*, 35 F. Supp. 2d 231, 242 (E.D.N.Y. 1998); *In re Sumitomo Copper Litig.*, 182 F.R.D. 85, 92 (S.D.N.Y. 1998). Settlement Class Representatives' claims therefore satisfy typicality.

### 4. The Settlement Class Representatives and Class Counsel Will Fairly and Adequately Protect the Settlement Class's Interests

As discussed in Section I.A, *supra*, Settlement Class Representatives and Class Counsel have fairly and adequately represented the Settlement Class.

### B. The Settlement Class Meets the Requirements of Rule 23(b)(3)

Rule 23(b)(3) requires that common questions of law or fact "predominate over any questions affecting only individual members and that a class action is superior to other available

methods for the fair and efficient adjudication of the controversy." Fed. R. Civ. P. 23(b)(3). That Settlement Class Representatives easily meet the Rule 23(a) criteria is a strong indicator that Rule 23(b)(3) is satisfied. *Rossini v. Ogilvy & Mather, Inc.*, 798 F.2d 590, 598 (2d Cir. 1986).

### 1. Common Issues Predominate Over Any Individual Ones

Rule 23(b)(3)'s predominance requirement focuses on whether the defendant's liability is common enough to be resolved on a class basis, and whether the proposed class is "sufficiently cohesive to warrant adjudication by representation." *Amchem*, 521 U.S. at 623. "Class-wide issues predominate if resolution of some of the legal or factual questions . . . can be achieved through generalized proof, and if these particular issues are more substantial than the issues subject only to individualized proof." *Moore v. PainWebber, Inc.*, 306 F3d 1247, 1252 (2d Cir. 2002). Where plaintiffs are "unified by a common legal theory" and by common facts, the predominance requirement is satisfied. *McBean v. City of New York*, 228 F.R.D. 487, 502 (S.D.N.Y. 2005).

Here, the question of whether Columbia allegedly breached its contract with students to provide in-person services and access to on-campus facilities in return for the payment of tuition and fees for the Spring 2020 semester is the central question common to each and every Settlement Class Member's claim. Moreover, the alleged conduct at issue here is common to all Settlement Class Members. The existence and scope of Columbia's alleged conduct can be established through common evidence such as communications, contracts, and deposition testimony of current and former Columbia employees. *See In re Buspirone Patent Litig.*, 210 F.R.D. 43, 58 (S.D.N.Y. 2002). This proof will not vary across Settlement Class Members. Rather, Columbia's conduct during the Spring 2020 semester and the alleged lack of delivery of what was promised to all Settlement Class Members "will focus on the actions of the defendant[], and, as such, proof for these issues will not vary among class members." *In re Vitamins Antitrust Litig.*, 209 F.R.D. 251,

264 (D.D.C. 2002).  Further, alleged class-wide impact, causation, and damage can be demonstrated using common evidence, including expert testimony, which is common to all Settlement Class Members.  *See In re Buspirone*, 210 F.R.D. at 58 ("The common damage methodology in this case, added to the other common questions of fact and law, demonstrates common questions of law and fact predominate over any questions affecting only individual members of the class.").

## 2.     A Class Action Is Superior to Thousands of Individual Actions

The superiority requirement is satisfied if "the class device will achieve economies of scale, conserve judicial resources, preserve public confidence in the integrity of the judicial system by avoiding the waste and delay of repetitive proceedings, and prevent inconsistent adjudications of similar claims."  *Chhab v. Darden Rests. Inc.*, 11 Civ. 8345 (NRB), 2016 WL 3004511, at *3 (S.D.N.Y. May 20, 2016).   Resolving this litigation through the class mechanism is plainly superior to litigation by individual Settlement Class Members.  Many Settlement Class Members have insufficient financial resources with which to prosecute individual actions, and the value of any individual claim is too low to incentivize most Settlement Class Members to pursue litigation.  *Sykes v. Mel Harris & Assocs. LLC*, 285 F.R.D. 279, 294 (S.D.N.Y. 2012) ("[T]he class members' interests in litigating separate actions is likely minimal given their potential limited means with which to do so and the prospect of relatively small recovery in individual actions.").  Additionally, Settlement Class Members are numerous and geographically disbursed, which makes a "class action the superior method for the fair and efficient adjudication of the controversy."  *In re Currency Conversion Fee Antitrust Litig.*, 224 F.R.D. 555, 566 (S.D.N.Y. 2004).

In sum, the Settlement Class satisfies all elements of Rule 23(a) and (b)(3).  The class action mechanism is not only the best and most efficient way to adjudicate the Settlement Class

Members' claims in this case; it is also the only viable method of doing so.

III.  **THE COURT SHOULD PRELIMINARILY APPOINT NAMED PLAINTIFFS AS SETTLEMENT CLASS REPRESENTATIVES.**

Named Plaintiffs Student A, Chris Riotta, Lisa Guerra, and Alexandra Taylor-Gutt have actively developed this case and vigorously represented the interests of the Settlement Class. They have provided Class Counsel with information to help prepare and advance the case, responded to multiple information requests, and represented the Settlement Class in settlement discussions. Moreover, each Settlement Class Representative is adequate because their interests are not antagonistic of those of the Settlement Class. *Baffa v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 222 F.3d 52, 60 (2d Cir. 2000). Named Plaintiffs, like members of the Settlement Class, purchased Columbia's on-campus product, and seek a refund for products and services that they allegedly did not fully receive. Accordingly, the Court should preliminarily appoint the Named Plaintiffs as Settlement Class Representatives.

IV.  **THE COURT SHOULD APPROVE THE PROPOSED SCHEDULE**

If the Court grants preliminary approval of the proposed Settlement, Named Plaintiffs respectfully request that the Court approve the Parties' proposed schedule, as set forth in the proposed Settlement and proposed Order Preliminarily Approving the Proposed Settlement and Provisionally Certifying the Proposed Settlement Class.

<u>**CONCLUSION**</u>

For the foregoing reasons, Named Plaintiffs respectfully request that the Court enter an order preliminarily approving the proposed Settlement, provisionally certifying the proposed Settlement Class, appointing Named Plaintiffs as Settlement Class Representatives, and approving the proposed schedule.

Dated: November 23, 2021

Respectfully Submitted,

**ANASTOPOULO LAW FIRM, LLC**

By: */s/ Roy T. Willey, IV*
Roy T. Willey IV (admitted *pro hac vice*)
Eric M. Poulin (admitted *pro hac vice*)
32 Ann Street
Charleston, SC 29403
Tel: (843) 614-8888
Email: roy@akimlawfirm.com
Email: eric@akimlawfirm.com

**GAINEY McKENNA & EGLESTON**

By: */s/ Thomas J. McKenna*
Thomas J. McKenna
Gregory M. Egleston
501 Fifth Avenue, 19th Floor
New York, NY 10017
Tel.: (212) 983-1300
Email: tjmckenna@gme-law.com
Email: gegleston@gme-law.com

## CERTIFICATE OF SERVICE

I hereby certify that on November 23, 2021, I caused a true and correct copy of the foregoing to be served on counsel of record by electronically filing it with the Clerk of the Court using the ECF system, which will send notification of such filing to the registered participants and via email to counsel for Defendant.

*/s/ Thomas J. McKenna*
Thomas J. McKenna