# EXHIBIT 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------x
                                    :

IN RE COLUMBIA UNIVERSITY TUITION    :      Lead Case No. 1:20-cv-03208 (JMF)
REFUND ACTION                          :

                                    :

-------------------------------------------------------------x

## <u>STIPULATION OF SETTLEMENT</u>

EXHIBITS

Exhibit A:    [Proposed] Order Preliminarily Approving the Proposed Settlement and Provisionally Certifying the Proposed Settlement Class

Exhibit A-1:  Short Form Notice of Proposed Class Action Settlement and Hearing

Exhibit A-2:  Long Form Notice of Proposed Class Action Settlement and Hearing

## STIPULATION OF SETTLEMENT

This Stipulation of Settlement ("Settlement") is made as of November 23, 2021, by and among the following parties, as hereinafter defined: (1) the Settlement Class Representatives Student A,[1] Chris Riotta, Lisa Guerra, and Alexandra Taylor-Gutt, on behalf of themselves and the Settlement Class, by and through Class Counsel in this Action;[2] and (2) The Trustees of Columbia University in the City of New York ("Columbia"), by and through its attorneys in this Action. The Settlement Class Representatives and Columbia are individually each a "Party" and collectively, the "Parties."

## RECITALS

On April 23, 2020, a pseudonymous plaintiff known as Student A filed a class action complaint in the United States District Court for the Southern District of New York styled *Student A v. Board of Trustees of Columbia University in The City Of New York*, Case No. 1:20-cv-3208 (the "First Action"). That same day, a class action complaint was filed in the United States District Court for the Southern District of New York styled *Bennett, et al. v. Columbia University*, Case No. 1:20-cv-3227 (the "Second Action").

On May 1, 2020, Plaintiff Alasdair Tremlett withdrew from the Second Action, and Plaintiffs Emmaline Bennett, Chris Riotta, Lisa Guerra, and Alexandra Taylor-Gutt filed an Amended Complaint in the Second Action.

---

[1]  Student A has persisted in remaining pseudonymous in this Action, despite the Court's statement at the beginning of this case that it is "skeptical that there is a valid basis for [Student A] to proceed pseudonymously in this matter." (ECF 21.) *See also, e.g.*, *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 189–90 (2d Cir. 2008). Accordingly, in order to comply with the Court's order requiring the motion for preliminary approval to be filed by November 23, 2021 (ECF 83), Columbia's Counsel had no choice but to sign this Settlement containing the "Student A" pseudonym. Class Counsel has confidentially disclosed Student A's identity to Columbia's Counsel, and Columbia has verified that Student A falls within the definition of a Potential Settlement Class Member.

[2]  All terms with initial capitalization not otherwise defined herein shall have the meanings ascribed to them in Paragraph 1.

On May 5, 2020, the two actions were consolidated under the caption *In Re Columbia University Tuition Refund Action*, Lead Case No. 1:20-cv-03208 (JMF) (the "Action") (ECF 13).

On June 5, 2020, Plaintiff Emmaline Bennett withdrew from the Action (ECF 25), and Plaintiffs filed a Consolidated Complaint on behalf of Student A, Riotta, Guerra, and Taylor-Gutt ("Named Plaintiffs") (ECF 26).

On June 9, 2020, Named Plaintiffs filed a Consolidated Amended Class Action Complaint. (ECF 28.)

On June 22, 2020, Columbia filed a Motion to Dismiss. (ECF 35–36.)

On July 22, 2020, Named Plaintiffs filed a Consolidated Second Amended Class Action Complaint (the "SAC"). (ECF 42.)

The SAC alleged that Named Plaintiffs and putative class members are entitled to refunds of tuition, fees, and other charges because, beginning in March 2020, Columbia provided classes remotely in response to the COVID-19 pandemic. The SAC alleged that Named Plaintiffs and all other Columbia students who paid tuition and fees for the Spring 2020 semester had an implied contract with Columbia that entitled them to in-person instruction, and that by switching to remote education in response to the pandemic, Columbia breached that implied contract. Named Plaintiffs also contended that Columbia's shift to remote education gave rise to claims of unjust enrichment, conversion, and amounted to a violation of New York General Business Law sections 349 and 350. Named Plaintiffs sought damages representing the "difference between the fair market value of the online learning provided versus the fair market value of the live, in-person instruction in a physical classroom" and/or an equivalent refund. (*Id.* ¶ 155.)

The SAC sought certification of a putative class of plaintiffs comprising:

**The Tuition Class:**

All people who paid tuition for or on behalf of students enrolled in classes at the University for the Spring 2020 semester but were denied live, in-person instruction and forced to use online distance learning platforms for the latter portion of that semester.

**The Fees Class:**

All people who paid fees for or on behalf of students enrolled in classes at the University for the Spring 2020 semester.

(*Id.* ¶ 68.)

On July 27, 2020, Columbia informed the Court that it intended to adhere to its previously filed Motion to Dismiss. (ECF 43.)

On August 14, 2020, Named Plaintiffs filed papers in opposition to the Motion to Dismiss. (ECF 45.)

On August 21, 2020, Columbia filed its Reply in support of its Motion to Dismiss. (ECF 46.)

On February 26, 2021, the Court issued its decision on the Motion to Dismiss, dismissing all contract claims seeking a refund of tuition payments but sustaining Named Plaintiffs' breach of contract claims seeking a refund of fee payments. All claims for unjust enrichment, conversion, and violations of the New York General Business Law as to both tuition and fee payments were dismissed. (ECF 62.)

Thereafter, the Parties exchanged detailed information related to the amount of fee payments made by or on behalf of the putative class members for the Spring 2020 semester and exchanged proposals in an effort to reach a settlement of the Action.

On October 6, 2021, the Parties informed the Court that they had reached a settlement in principle. The Court ordered the Parties to file a motion for preliminary approval of the settlement by November 23, 2021. (ECF 80–81, 83.) In advance of that deadline, the Parties negotiated the terms of the Settlement and its supporting exhibits.

Named Plaintiffs believe that the claims asserted in the Action have merit. Nonetheless, Named Plaintiffs and their counsel recognize that Columbia raised factual and legal defenses in the Action, partially accepted by the Court, that present a risk that Named Plaintiffs may not prevail at trial or on appeal. Named Plaintiffs and their counsel have also taken into account the costs, risks, and delays associated with the continued litigation of the Action, including litigating any appeal of the dismissal of all claims seeking a refund of tuition. Therefore, Named Plaintiffs and their counsel believe that it is desirable that the Released Claims be fully and finally compromised, settled, and resolved with prejudice, and barred under the terms and conditions set forth in the Settlement.

Based on their comprehensive examination and evaluation of the law and facts relating to the matters at issue in the Action, Named Plaintiffs' counsel have concluded that the terms and conditions of the Settlement are fair, reasonable, and adequate to resolve the alleged claims of the Settlement Class Members, and that it is in the best interests of the Settlement Class Members to settle the claims raised in the Action under the terms and conditions set forth in the Settlement.

At all times, Columbia has continued to deny all allegations of wrongdoing and has denied and continues to deny that it committed, or threatened or attempted to commit, any wrongful act or violation of law or duty alleged in the Action. Nevertheless, taking into account the uncertainty and risks inherent in litigation generally and the benefits that current and former students will receive from a negotiated settlement, Columbia considers it desirable to resolve the Action on the terms and conditions stated herein to avoid further expense, inconvenience, and burden, and therefore has determined that the Settlement on the terms and conditions set forth herein is in Columbia's best interests.

As more fully explained below, neither the Settlement nor any actions taken to carry out the Settlement are intended to be, nor may they be deemed or construed to be, an admission or concession of liability by any person or entity, or of the validity of any claim, defense, or any point of fact or law by any Party. All such liability is expressly denied. Neither the Settlement, nor the fact of settlement, nor settlement proceedings, nor the settlement negotiations, nor any related document, shall be used as an admission of any fault or omission by Columbia, or be offered or received in evidence as an admission, concession, presumption, or inference of any wrongdoing by Columbia in any action or proceeding.

Although the Parties have agreed that a class may be certified for purposes of the Settlement, such certification shall not be binding or have any legal effect if the Settlement is terminated, if the Settlement is ultimately not approved, or if the approval is reversed or modified on appeal. Columbia reserves all of its objections to class certification for litigation purposes and does not consent to certification of the proposed Settlement Class for any purpose other than to effectuate the Settlement.

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED,** by and among the Parties, by and through their respective counsel, that subject to final approval of the Court, after a hearing as provided for in the Settlement pursuant to Federal Rule of Civil Procedure 23(e), and in consideration of the benefits flowing to the Parties from the Settlement set forth herein, the Action and the Released Claims shall be fully and finally compromised, settled, and released and the Action shall be dismissed with prejudice, upon and subject to the terms and conditions set forth in the Settlement.

## DEFINITIONS

1.      As used in this Stipulation of Settlement, the following terms have the meanings specified below:

(a)      **"Action"** means the above-captioned action, and includes all actions consolidated therein.

(b)      **"Administrative Expenses"** means: (a) the costs, fees, and expenses that are incurred by the Settlement Administrator in connection with providing notice to the Settlement Class and administering the Settlement, including but not limited to, distributing the Net Settlement Fund to the Settlement Class Members; (b) fees and expenses incurred in connection with the Escrow Account; and (c) Taxes.

(c)      **"Case Contribution Award"** means any payments from the Settlement Fund granted by the Court to each of the Settlement Class Representatives.

(d)      **"Class Counsel"** means the law firms of Gainey McKenna & Egleston and Anastopoulo Law Firm, LLC.

(e)      **"Columbia's Counsel"** means Kaplan Hecker & Fink LLP.

(f)      **"Columbia's Programs" or "Programs"** means (i) graduate degree programs for PhD students; (ii) other graduate degree and non-degree programs for graduate students seeking masters or other professional degrees or professional certifications ("Other Graduate Programs") at the Graduate School of Architecture, Planning & Preservation; (iii) Other Graduate Programs at the School of the Arts; (iv) Other Graduate Programs at Columbia Business School; (v) Other Graduate Programs at Vagelos College of Physicians & Surgeons; (vi) undergraduate programs at Columbia College; (vii) Other Graduate Programs at the College of Dental Medicine; (viii) undergraduate programs at The Fu Foundation School of Engineering & Applied Science; (ix) Other Graduate Programs at The Fu Foundation School of Engineering & Applied Science; (x) undergraduate programs at the School of General Studies; (xi) Other Graduate Programs at the Graduate School of Arts & Sciences; (xii) Other Graduate Programs at the School of International & Public Affairs; (xiii) Other Graduate Programs at the Columbia Journalism School; (xiv) Other Graduate Programs at Columbia Law School; (xv) Other Graduate Programs at the School of Nursing; (xvi) Other Graduate Programs at the School of Professional Studies; (xvii) Other Graduate Programs at the Mailman School of Public Health; and (xviii) Other Graduate Programs at the School of Social Work. The definition of Columbia's Programs is for purposes of the Settlement only.

(g)      **"Court"** means the United States District Court for the Southern District of New York, the Honorable Jesse M. Furman presiding.

(h)      **"Effective Date"** means the first date after which all of the following events and conditions have been met or have occurred: (i) the Parties' counsel have executed the Settlement; (ii) the Court has entered the Preliminary Approval Order; (iii) the Court has entered the Final Judgment; and (iv) the Final Judgment becomes Final.

7

(i)    **"Escrow Agent"** means the Settlement Administrator.

(j)    **"Fee Award"** means the amount of attorneys' fees awarded by the Court to Class Counsel from the Settlement Fund.

(k)    **"Final"** (with respect to a judgment or any other court order) means: (i) if no appeal is taken, the expiration of the time to file a notice of appeal under the Federal Rules of Appellate Procedure; or (ii) if an appeal is taken from the judgment or order: (1) the date of final dismissal of any such appeal, or the final dismissal of any proceeding on certiorari or otherwise; or (2) the date the judgment or order is finally affirmed on an appeal, the expiration of the time to file a petition for a writ of certiorari or other form of review, or the denial of a writ of certiorari or other form of review, and, if certiorari or other form of review is granted, the date of final affirmance following review pursuant to that grant.

(l)    **"Final Approval Hearing"** means the hearing before the Court where the Parties will request the Final Judgment approving the Settlement to be entered by the Court and the Court will determine the Fee Award and the Case Contribution Awards, and award any Litigation Expenses to Class Counsel.

(m)    **"Final Judgment"** means the final judgment and order to be entered by the Court approving the Settlement.

(n)    **"Financial Aid"** means Columbia-funded aid applied to a student's account, whether or not the aid had a merit component. It does not include stipends provided to students by Columbia for living support or for their role as graduate assistants. It also does not include loans or aid provided by outside organizations such as employers, foreign governments, and federal entitlement aid.

(o)  **"Litigation Expenses"** means costs and expenses incurred by Class Counsel in connection with commencing, prosecuting, and settling the Action.

(p)  **"Long Form Notice"** means the Notice of Class Action Settlement and Hearing, substantially in the form attached hereto as Exhibit A-2.

(q)  **"Net Settlement Fund"** means the Settlement Fund less any (i) Administrative Expenses, (ii) Fee Award and Litigation Expenses, and (iii) Case Contribution Awards.

(r)  **"Potential Settlement Class"** means all students enrolled in Columbia's Programs who were assessed Spring 2020 Fees, with the exception of: (i) any person who withdrew from Columbia on or before March 13, 2020; or (ii) any person enrolled for the Spring 2020 semester solely in a program that was always and originally delivered as an online program.

(s)  **"Potential Settlement Class Member"** means a person who falls within the definition of the Potential Settlement Class as set forth above in Paragraph 1(r).

(t)  **"Preliminary Approval Order"** means an order granting preliminary approval of the Settlement, substantially in the form attached hereto as Exhibit A.

(u)  **"Released Claims"** means any and all suits, claims, controversies, rights, agreements, promises, debts, liabilities, accounts, reckonings, demands, damages, judgments, obligations, covenants, contracts, costs (including, without limitation, attorneys' fees and costs), losses, expenses, actions or causes of action of every nature, character, and description, in law or in equity, that any Releasing Party ever had, or has, or may have in the future, upon or by reason of any matter, cause, or thing whatever from the beginning of the world to the Effective Date, arising out of, concerning, or relating in any way to Columbia's transition to remote education with respect to the COVID-19 pandemic beginning in March 2020, or the implementation or

9

administration of such remote education. This definition includes but is not limited to all claims that were brought or could have been brought in the Action.

(v) **"Released Columbia Parties"** means Columbia and all of its present, future, and former parent, subsidiary, and affiliated corporations and entities, the predecessors and successors in interest of any of them, and each of the foregoing's respective present, future, and former officers, directors, trustees, academic affiliates, employees, faculty members, students, agents, representatives, attorneys, outside counsel, predecessors, successors, and assigns.

(w) **"Released Parties"** means each and any of the Released Columbia Parties and each and any of the Released Settlement Class Parties.

(x) **"Released Settlement Class Parties"** means the Settlement Class Representatives, Class Counsel, and all other Settlement Class Members, and each of their respective present, future, and former heirs, family members, guardians, executors, administrators, employees, agents, representatives, attorneys, outside counsel, predecessors, successors, assigns, and any person who has made payments to Columbia on their behalf.

(y) **"Releasing Columbia Parties"** means Columbia and all of its present and former parent, subsidiary, and affiliated corporations and entities, the predecessors and successors in interest of any of them, and each of the foregoing's respective present and former predecessors, successors, and assigns.

(z) **"Releasing Parties"** means each and any of the Releasing Columbia Parties and each and any of the Releasing Settlement Class Parties.

(aa)   **"Releasing Settlement Class Parties"** means the Settlement Class Representatives, Class Counsel, and all other Settlement Class Members, and each of their respective present and former heirs, family members, guardians, executors, administrators, employees, agents, representatives, attorneys, outside counsel, predecessors, successors, assigns, and any person who has made payments to Columbia on their behalf.

(bb)   **"Settlement Administrator"** means Simpluris, Incorporated.

(cc)   **"Settlement Amount"** means the $12,500,000.00 consideration to be paid by Columbia.

(dd)   **"Settlement Benefit"** means each Settlement Class Member's share of the Net Settlement Fund.

(ee)   **"Settlement Class"** means all students enrolled in Columbia's Programs who were assessed Spring 2020 Fees, with the exception of: (i) any person who withdrew from Columbia on or before March 13, 2020; (ii) any person enrolled solely in a program for the Spring 2020 semester that was always and originally delivered as an online program; (iii) any person who properly executes and files a timely opt-out request to be excluded from the Settlement Class; and (iv) the legal representatives, successors or assigns of any such excluded person.

(ff)   **"Settlement Class Member"** means a person who falls within the definition of the Settlement Class as set forth above in Paragraph 1(ee).

(gg)   **"Settlement Class Representatives"** means Named Plaintiffs Student A, Chris Riotta, Lisa Guerra, and Alexandra Taylor-Gutt.

(hh)   **"Settlement Fund"** means the Settlement Amount plus any and all interest earned thereon.

(ii)    **"Settlement Website"** means the website established by the Settlement Administrator to aid in administering the Settlement.

(jj)    **"Short Form Notice"** means the notice provided for in Paragraphs 20–21, substantially in the form attached hereto as Exhibit A-1.

(kk)    **"Spring 2020 Fees"** means fees assessed to students by Columbia for the Spring 2020 semester and does not include items billed as one-time fees for the entire academic career of the student, fees that were assessed at the request of the student, or penalty fees, including document fees, ID card fees, elective Medical Insurance, returned check fees, collection-related fees, late fees, withdrawal fees, and flexible spending funds.

(ll)    **"Taxes"** means (i) all federal, state and/or local taxes of any kind (including any interest or penalties thereon) on any income earned by the Settlement Fund; (ii) the reasonable expenses and costs incurred in connection with determining the amount of, and paying, any taxes owed by the Settlement Fund (including, without limitation, the reasonable expenses of tax attorneys and accountants); and (iii) all taxes imposed on payments by the Settlement Fund, including withholding taxes.

(mm)    **"Uncashed Settlement Checks"** means any checks sent to Settlement Class Members that remain uncashed after a period of one hundred and eighty (180) days from the date of distribution of the checks to Settlement Class Members.

2.    The word "or" means "and/or."

3.    The plural includes the singular and vice versa.

## MONETARY RELIEF TO SETTLEMENT CLASS MEMBERS

4.    Each Settlement Class Member's Settlement Benefit shall be determined based on the Program within Columbia in which the Settlement Class Member was enrolled in Spring 2020.

12

5.      A portion of the Net Settlement Fund will be allocated to each Program based on the ratio of (a) the total amount of Spring 2020 Fees assessed to Potential Settlement Class Members enrolled in that Program as compared to (b) the total amount of Spring 2020 Fees assessed to Potential Settlement Class Members enrolled in all Programs, taking into account Financial Aid and any refunds already distributed during the Spring 2020 semester.

6.      The portion of the Net Settlement Fund allocated to each Program under the process described in Paragraph 5 will be distributed equally among all Potential Settlement Class Members within that Program. The amounts distributed to Potential Settlement Class Members who properly execute and file a timely opt-out request to be excluded from the Settlement Class will be added together and distributed equally among all Settlement Class Members.

7.      Under the process described in Paragraphs 5–6, each Settlement Class Member within the same Program will receive the same Settlement Benefit.

8.      Each Settlement Class Member's Settlement Benefit will be distributed to that Settlement Class Member automatically, with no action required by that Settlement Class Member.

9.      By default, the Settlement Administrator will send the Settlement Benefit to each Settlement Class Member by check mailed to the Settlement Class Member's last known mailing address on file with the University Registrar. The Settlement Administrator will also provide a form on the Settlement Website that Settlement Class Members may visit to (a) provide an updated address for sending a check; or (b) elect to receive the Settlement Benefit by Venmo or PayPal instead of a paper check. Settlement Class Members must provide an updated address or elect to receive the Settlement Benefit by Venmo or PayPal no later than forty-five (45) days after the Effective Date.

13

10.     No later than seven (7) days after the Effective Date, Columbia will produce to the Settlement Administrator the information necessary for the Settlement Administrator to send the Settlement Benefits to the Settlement Class Members, including a list from the University Registrar's records that includes the Program in which each Settlement Class Member was enrolled in Spring 2020.[3]

11.     The Settlement Administrator will send the Settlement Benefits to Settlement Class Members within sixty (60) days of the Effective Date. Funds for Uncashed Settlement Checks shall be split equally between and donated to The Food Pantry at Columbia and the President's and Provost's Student Event Fund.

## RELEASE

12.     The Releasing Settlement Class Parties shall be deemed to have, and by operation of law and of the Final Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged all Released Claims against the Released Columbia Parties, and shall forever be barred and enjoined from prosecuting any or all of the Released Claims against any of the Released Columbia Parties.

13.     The Releasing Columbia Parties shall be deemed to have, and by operation of law and of the Final Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged all Released Claims against the Released Settlement Class Parties, and shall forever be barred and enjoined from prosecuting any or all of the Released Claims against any of the Released Settlement Class Parties.

---

[3] Consistent with the requirements of the Family Educational Rights and Privacy Act, 20 U.S.C. § 1232g, and associated regulations, 34 C.F.R. Part 99 (collectively, "FERPA"), and Columbia's policies, Columbia may disclose directory information to the Settlement Administrator. *See* 34 C.F.R. § 99.37; Columbia University, Access to Student Records, (last revised Dec. 2015), https://universitypolicies.columbia.edu/content/ferpa. Moreover, any order granting preliminary or final approval of the Settlement shall constitute a judicial order within the meaning of FERPA, *see* 34 C.F.R. § 99.31(a)(9)(i), and the Settlement and the Court's order shall constitute specific notice of Columbia's intention to comply with that order, *see* 34 C.F.R. § 99.31(a)(9)(ii).

14.     The Released Claims include any unknown claims that reasonably could have arisen out of the same facts alleged in the Action that the Releasing Parties do not know or suspect to exist in their favor at the time of the release, which, if known by them, might have affected their decision to agree to the Settlement, their decision to release the Released Claims, or their decision not to object to the Settlement.

15.     With respect to the Released Claims, the Releasing Parties stipulate and agree that, upon the Effective Date, they shall be deemed to have, and by operation of the Final Judgment shall have, expressly waived and relinquished, to the fullest extent permitted by law, the provisions, rights, and benefits of Section 1542 of the California Civil Code, or any other similar provision under federal or state law. Section 1542 provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR THE RELEASING PARTY.

16.     The Releasing Parties may hereafter discover facts in addition to or different from those they now know or believe to be true with respect to the subject matter of the Released Claims, but upon the Effective Date, shall be deemed to have, and by operation of the Final Judgment shall have, fully, finally, and forever settled and released any and all of the Released Claims, whether known or unknown, suspected or unsuspected, contingent or non-contingent, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, for damages, injunctive relief, rescission, disgorgement, or restitution or any other right, remedy, or relief of every nature and description whatsoever, whether based on federal, state local, statutory, or common law or any other law, rule, or regulation, including the law of any

jurisdiction outside the United States, that were brought or could have been brought in the complaints in this Action without regard to subsequent discovery or the existence of different or additional facts.

17.     The Releasing Settlement Class Parties agree not to commence any legal or administrative action against any Released Columbia Party with respect to any Released Claim, or otherwise assist others in doing so, and agree to be forever barred from doing so, in any court of law, equity, or any other forum. The Releasing Columbia Parties agree not to commence any legal or administrative action against any Released Settlement Class Party with respect to any Released Claim, or otherwise assist others in doing so, and agree to be forever barred from doing so, in any court of law, equity, or any other forum.

**CAFA NOTICE**

18.     Columbia shall provide the notice required under the Class Action Fairness Act, 28 U.S.C. § 1715(b) ("CAFA") no later than ten (10) days following the filing of the Settlement with the Court. Columbia is solely responsible for the costs of the CAFA notice and administering the CAFA notice. Prior to the Final Approval Hearing, in connection with the motion for final approval of the Settlement, Columbia shall cause to be served on Class Counsel and filed with the Court proof, by affidavit or declaration, regarding compliance with 28 U.S.C. § 1715(b).

**CLASS NOTICE**

19.     Within fourteen (14) days of the entry of the Preliminary Approval Order, Columbia will produce to the Settlement Administrator a list from the University Registrar's records that includes the names and last known email and postal addresses, to the extent available, belonging to all Potential Settlement Class Members (the "Class List"). The Class List will be provided to the Settlement Administrator for the sole purpose of the Settlement Administrator

16

performing its obligations pursuant to the Settlement and shall not be used for any other purpose at any time.

20.     Following the entry of the Preliminary Approval Order, the Settlement Administrator shall send the Short Form Notice substantially in the form attached hereto as Exhibit A-1 via email to persons listed on the Class List. If an email address is not available for a Potential Settlement Class Member, the Short Form Notice will be sent to the Potential Settlement Class Member's last known mailing address via U.S. mail. Unless adjusted by Court order, the sending or mailing of the Short Form Notice shall be completed within thirty (30) days after the entry of the Preliminary Approval Order.

21.     The Short Form Notice shall advise the Potential Settlement Class Members of their rights under the Settlement, including the right to be excluded from and/or object to the Settlement or its terms.  The Short Form Notice shall also inform Potential Settlement Class Members that they can access the Long Form Notice on the Settlement Website, which Long Form Notice shall advise the Potential Settlement Class Members of the procedures outlined in Paragraphs 25–29 and 30–32, specifying how to request exclusion from the Settlement or submit an objection to the Settlement.

22.     No later than fourteen (14) days after the entry of the Preliminary Approval Order, and before the issuance of the Short Form Notice, the Settlement Administrator shall establish the Settlement Website. The Settlement Website will allow Settlement Class Members to provide an updated mailing address to receive a paper check or to elect to receive their Settlement Benefit via Venmo or PayPal. The Settlement Website shall include, in downloadable format, the following: (i) the Long Form Notice; (ii) the Preliminary Approval Order; (iii) the Settlement (including all

of its exhibits); and (iv) any other materials agreed upon by the Parties and/or required by the Court.

23.      No later than fifteen (15) days after the entry of the Preliminary Approval Order and until the Final Approval Hearing, Columbia will inform Potential Settlement Class Members of the settlement and provide a link to the Settlement Website at www.columbia.edu. No later than thirty (30) days after the entry of the Preliminary Approval Order, Columbia will publish the Short Form Notice as an advertisement once in the *Columbia Daily Spectator*, or a publication with comparable reach.

24.      Prior to the Final Approval Hearing, in connection with the motion for final approval of the Settlement, Class Counsel shall serve and file a sworn statement from the Settlement Administrator evidencing compliance with the provisions of the Preliminary Approval Order concerning the distribution of the Short Form Notice to the Settlement Class.

## REQUESTS FOR EXCLUSION

25.      A Potential Settlement Class Member may request to be excluded from the Settlement Class by sending a written request for exclusion to the Settlement Administrator, in care of the address provided in the Long Form Notice, postmarked no later than forty-five (45) days after the issuance of the Short Form Notice (the "Objection/Exclusion Deadline"), which date shall be included in the Short Form Notice.

26.      The written request for exclusion must:

(a)      include a statement requesting exclusion from the Settlement Class;

(b)      be personally signed by the Potential Settlement Class Member; and

(c)      include the Potential Settlement Class Member's name, address, telephone number, email address, and the caption for the Action.

18

27.     A request to be excluded from the Settlement Class that does not include all of the foregoing information in Paragraph 26, that is sent to an address other than that designated in the Long Form Notice, or that is not postmarked within the time specified, shall be invalid and any individual sending such request shall be deemed to remain in the Settlement Class and shall be bound as a Settlement Class Member by the Settlement, if approved by the Court. Any Potential Settlement Class Member who properly elects to be excluded, in compliance with the requirements set forth in Paragraphs 25–26, shall not: (a) be bound by any orders of the Court or the Final Judgment; (b) be entitled to relief under the Settlement; (c) gain any rights by virtue of the Settlement; or (d) be permitted to object to any aspect of the Settlement.

28.     A request to be excluded from the Settlement Class must be personal. Any particular Potential Settlement Class Member may not purport to opt other Potential Settlement Class Members out of the Settlement Class on a class or representative basis.

29.     Columbia has the right to audit the exclusion process for evidence of fraud or error and the Court will be the final arbiter of an exclusion's validity.

## OBJECTIONS BY SETTLEMENT CLASS MEMBERS

30.     Any Settlement Class Member may file a written objection to the Settlement, the Case Contribution Awards, and/or the Fee Award. The Settlement Class Member must file their written objection(s) with the Clerk of Court, or via the Court's electronic case filing system if the objection(s) are from a Settlement Class Member represented by counsel, such that they are postmarked no later than the Objection/Exclusion Deadline. Copies must also be sent at the same time via mail, hand, or overnight delivery service to Class Counsel and Columbia's Counsel at the addresses set forth below.

19

31.     The written objection(s) must:

(a)     state that the person objecting is a Settlement Class Member;

(b)     include the name, address, email, and telephone number of the Settlement Class Member objecting;

(c)     be personally signed by the objecting Settlement Class Member;

(d)     contain a statement that includes all objections, provides whether each objection applies only to the objector, to a subset of the Settlement Class, or to the entire Settlement Class, and provides the specific reasons for all objections, including any legal arguments and evidentiary support (including copies of any documents relied upon); and

(e)     include a statement of whether the objector intends to appear at the Final Approval Hearing, with or without counsel.

32.     Any Settlement Class Member who fails to timely file a written objection with the Court and/or timely file notice of their intent to appear at the Final Approval Hearing in accordance with the terms of Paragraphs 30–31 and as detailed in the Long Form Notice, with copies to designated counsel for each of the Parties, shall not be permitted to object to the Settlement, the Case Contribution Awards, and/or the Fee Award at the Final Approval Hearing; shall be foreclosed from seeking any review of the Settlement, the Case Contribution Awards, and/or the Fee Award by appeal or other means; and shall be deemed to have waived their objection(s) and be forever barred from making any such objection(s) in the Action or any other related action or proceeding.

## SETTLEMENT ADMINISTRATION

33.     The Settlement Administrator shall administer the Settlement and shall act under Class Counsel's supervision and subject to the jurisdiction of the Court. Class Counsel shall be

responsible for supervising the administration of the Settlement and the disbursement of the Net Settlement Fund, subject to Court approval.

34.     The Settlement Administrator shall:

(a)     send Short Form Notice to the Potential Settlement Class Members, as described in Paragraph 20;

(b)     establish the Settlement Website, as described in Paragraph 22;

(c)     serve as Escrow Agent for the Settlement Fund;

(d)     forward to Class Counsel, with copies to Columbia's Counsel, all documents and other materials received in connection with the administration of the Settlement promptly upon receipt;

(e)     receive requests for exclusion and other requests from the Potential Settlement Class Members and promptly provide a copy of such requests to Class Counsel and Columbia's Counsel upon receipt, including any requests received after the Objection/Exclusion Deadline;

(f)     provide (at least) weekly reports to Class Counsel and Columbia's Counsel, including without limitation, reports regarding any requests for exclusion received;

(g)     make available for inspection by Class Counsel and Columbia's Counsel any documentation related to the Settlement submitted to the Settlement Administrator, and any correspondence related to the Settlement sent or received by the Settlement Administrator, at any time upon reasonable notice;

(h)     provide reports and other information to the Court as the Court may require; and

21

(i)      undertake other administrative tasks in a rational, responsive, cost effective, and timely manner.

35.     The Settlement Administrator shall keep the Class List and all personal information, including the identity and mailing addresses of the Potential Settlement Class Members and Settlement Class Members' Program information, confidential. The Parties agree that this information may not be used for any purpose other than effectuating the terms of the Settlement or the duties or obligations arising hereunder.

36.     The Settlement Administrator shall maintain reasonably detailed records of its activities under the Settlement, including all such records as are required by applicable law, in accordance with its normal business practices, which will be made available to Class Counsel and Columbia's Counsel upon request. Should the Court request, the Parties, in conjunction with the Settlement Administrator, shall submit a timely report to the Court summarizing the work performed by the Settlement Administrator.

## PRELIMINARY APPROVAL ORDER AND FINAL APPROVAL ORDER

37.     No later than November 23, 2021, in coordination with Columbia's Counsel, Class Counsel will move for preliminary approval of the Settlement, provisional certification of the Settlement Class for settlement purposes only, appointment of Named Plaintiffs as Settlement Class Representatives, appointment of Class Counsel as counsel for the Settlement Class, and the scheduling of the Final Approval Hearing. Concurrently with the motion for preliminary approval, Class Counsel shall apply to the Court for, and Columbia shall agree to, entry of the proposed Preliminary Approval Order, substantially in the form attached hereto as Exhibit A.

38.     At the time of the submission of the Settlement to the Court as described above, Class Counsel shall request that the Court hold a Final Approval Hearing, which shall be held no less than seventy-five (75) days after the Short Form Notice is disseminated.

39.     After the Short Form Notice is disseminated, and no later than ten (10) days before the Final Approval Hearing, Class Counsel, in coordination with Columbia's Counsel, shall request and seek to obtain from the Court a Final Judgment which will, among other things:

(a)     approve the Settlement as fair, reasonable, and adequate to the Settlement Class, and direct consummation of the Settlement in accordance with the terms and provisions of the Settlement;

(b)     fully and finally dismiss the Action with prejudice, and without costs (except as may be provided herein) to any Party as against any other;

(c)     incorporate the releases set forth above in Paragraphs 12–17, make the releases effective as of the Effective Date, and forever discharge the Released Parties as set forth herein;

(d)     approve the manner of distribution of the Net Settlement Fund and order that payments be made to Settlement Class Members only in accordance with same;

(e)     award Class Counsel from out of the Settlement Fund such Fee Award and Litigation Expenses as the Court may allow;

(f)     award the Settlement Class Representatives from out of the Settlement Fund such Case Contribution Awards as the Court may allow; and

(g)     reserve jurisdiction over: (i) implementation of the Settlement and any distribution to Settlement Class Members, pursuant to further orders of the Court; (ii) disposition of the Settlement Fund; (iii) the Action, until each and every act agreed to be performed pursuant

23

to the Settlement shall have been performed, pursuant to further orders of the Court; and (iv) the Parties, for the purpose of enforcing and administering the Settlement.

## SETTLEMENT CONSIDERATION

40.     The Settlement Amount shall be the sum of $12,500,000. Within ten (10) business days after the Court enters the Preliminary Approval Order, Columbia shall deposit into an escrow account established by the Settlement Administrator / Escrow Agent (the "Escrow Account"), the sum of $12,500,000. No person or entity shall be liable to pay any amount pursuant to the Settlement except as set forth in this paragraph.

## USE OF SETTLEMENT FUND

41.     The Settlement Fund shall be used to pay: (a) any Administrative Expenses incurred in accordance with Paragraph 1(b); (b) any Fee Award and Litigation Expenses granted by the Court; and (c) any Case Contribution Awards granted by the Court. The remaining funds, the Net Settlement Fund, shall be distributed to Settlement Class Members according to the Settlement.

42.     The Settlement Fund shall be deemed to be in the custody of the Court and shall remain subject to the jurisdiction of the Court until such time as the entirety of the Settlement Fund is distributed as provided in Paragraphs 4–11.

43.     Up until the Effective Date, the Escrow Account shall be under the control of the Escrow Agent, on behalf of the Settlement Class Representatives, the Settlement Class, and Columbia. The Escrow Agent shall cause the Settlement Fund to be invested exclusively in United States Treasury Bills (or a mutual fund invested solely in such instruments), except that any cash balances up to the amount that is insured by the FDIC may be deposited in any account that is fully insured by the FDIC. The Escrow Agent shall cause all interest on the Escrow Account to be collected and reinvested. In the event that the yield on United States Treasury Bills is negative, in

24

lieu of purchasing such Treasury Bills, all or any portion of the funds held by the Escrow Agent may be deposited in any account that is fully insured by the FDIC or backed by the full faith and credit of the United States. Additionally, if short-term placement of the funds is necessary, all or any portion of the funds held by the Escrow Agent may be deposited in any account that is fully insured by the FDIC or backed by the full faith and credit of the United States. The Released Columbia Parties shall have no responsibility for, interest in, or liability whatsoever with respect to investment decisions executed by the Escrow Agent. All risks related to the investment of the Settlement Fund shall be borne solely by the Settlement Fund.

44.    The Settlement Fund is intended to be a Qualified Settlement Fund within the meaning of Treasury Regulation § 1.468B-1. The Settlement Administrator, as administrator of the Settlement Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3), shall be solely responsible for filing or causing to be filed all informational and other tax returns as may be necessary or appropriate (including, without limitation, the returns described in Treasury Regulation § 1.468B-2(k)) for the Settlement Fund. The Settlement Administrator shall also be responsible for causing payment to be made from the Settlement Fund of any Taxes owed with respect to the Settlement Fund. The Released Columbia Parties shall not have any liability or responsibility for any such Taxes. Upon written request, Columbia will provide to the Settlement Administrator the statement described in Treasury Regulation § 1.468B-3(e). The Settlement Administrator, as administrator of the Settlement Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3), shall timely make such elections as are necessary or advisable to carry out this paragraph, including, as necessary, making a "relation back election," as described in Treasury Regulation § 1.468B-1(j), to cause the Qualified Settlement Fund to come into existence at the

earliest allowable date, and shall take or cause to be taken all actions as may be necessary or appropriate in connection therewith.

45.     All Taxes shall be paid out of the Settlement Fund and shall be timely paid pursuant to the disbursement instructions to be set forth in the Escrow Agreement, and without further order of the Court. Any tax returns prepared for the Settlement Fund (as well as the election set forth therein) shall be consistent with the previous paragraph and in all events shall reflect that all Taxes on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided herein. The Released Columbia Parties shall have no responsibility or liability for the acts or omissions of the Settlement Administrator with respect to the payment of Taxes.

46.     This Settlement is not a claims-made settlement. As of the Effective Date, all rights of Columbia in or to the Settlement Fund shall be extinguished.

47.     Prior to the Effective Date, no disbursements shall be made out of the Settlement Fund except: (a) upon order of the Court; or (b) as provided in the Settlement. Prior to the Effective Date, the Escrow Agent may pay from the Settlement Fund Administrative Expenses actually incurred and paid or payable, which shall not exceed $150,000. If, prior to the Effective Date, Administrative Expenses exceed $150,000, such additional amounts shall be paid only after approval by both Class Counsel and Columbia's Counsel, which shall not be unreasonably withheld. After the Effective Date, the Escrow Agent may pay from the Settlement Fund any additional, unpaid Administrative Expenses only after approval by both Class Counsel and Columbia's Counsel. The Released Columbia Parties are not responsible for, and shall not be liable for, any Administrative Expenses.

48.     If the Effective Date does not occur, or if the Settlement is voided, terminated, or cancelled pursuant to the terms of the Settlement, the Settlement Class Representatives and Class

Counsel shall have no obligation to repay any of the Administrative Expenses that have been paid or incurred in accordance with Paragraph 1(b). Any amounts remaining in the Settlement Fund after payment of Administrative Expenses incurred in accordance with Paragraph 1(b), including all interest earned on the Settlement Fund net of any Taxes, shall be returned to Columbia. No other person or entity shall have any further claim whatsoever to such amounts.

49.     The Net Settlement Fund will be distributed in the manner set forth in Paragraphs 4–11. The manner of distribution of the Net Settlement Fund, as described in Paragraphs 4–11, the treatment of Uncashed Settlement Checks, as described in Paragraph 11, and the identity of the Settlement Administrator, as described in Paragraph 1(bb), are not necessary terms of the Settlement, and it is not a condition of the Settlement that any particular manner of distribution of the Net Settlement Fund be approved by the Court. The Settlement Class Representatives and Class Counsel may not cancel or terminate the Settlement based on the Court's or any appellate court's ruling with respect to the manner of distribution of the Net Settlement Fund or any other plan of distribution in this Action. Any order or proceeding relating to the manner of distribution of the Net Settlement Fund or any other plan of distribution in this Action, or any appeal from any such order, shall not operate to terminate or cancel the Settlement.

50.     Payment pursuant to the Final Judgment shall be final and conclusive against all Settlement Class Members. All Settlement Class Members who have not opted out of the Settlement Class shall be bound by all terms of the Settlement, including the Final Judgment to be entered in this Action, and will be permanently barred and enjoined from bringing any action against the Released Columbia Parties with respect to any and all of the Released Claims.

51.     No person or entity shall have any claim or cause of action against the Settlement Class Representatives, Class Counsel, the Settlement Administrator, or any other agent designated

27

by Class Counsel arising from distributions made substantially in accordance with the Settlement, the manner of distribution of the Net Settlement Fund as approved by the Court, or any order of the Court.

52.     The Released Columbia Parties shall have no responsibility for, interest in, or liability whatsoever with respect to distribution of the Net Settlement Fund, the payment or withholding of Taxes, the Escrow Account, the Escrow Agent, the Settlement Administrator, Administrative Expenses, or any losses incurred in connection with the foregoing. No person, including the Settlement Class Representatives, Settlement Class Members, and Class Counsel, shall have any claim of any kind against the Released Columbia Parties with respect to the matters set forth in this paragraph.

### AWARDS FOR ATTORNEYS' FEES AND SETTLEMENT CLASS REPRESENTATIVES

53.     Settlement Class Representatives may seek, and the Court may award, reasonable Case Contribution Awards to them for their service in the case not to exceed Twenty-Five Thousand Dollars ($25,000), which shall come from the Settlement Fund. This shall be in addition to any Settlement Benefit that Settlement Class Representatives may receive as Settlement Class Members. If the Court approves a request for Case Contribution Awards, the Settlement Administrator will distribute the Case Contribution Awards to the Settlement Class Representatives along with their Settlement Benefit no later than sixty (60) days after the Effective Date.

54.     No later than fourteen (14) days prior to the Objection/Exclusion Deadline, Class Counsel will apply to the Court for a Fee Award to Class Counsel to be paid from (and out of) the Settlement Fund and not to exceed one-third of the Settlement Fund. In addition to the Fee Award, Class Counsel also will apply to the Court for reimbursement of their Litigation Expenses, which

may include a request for reimbursement of the Settlement Class Representatives' costs and expenses directly related to their representation of the Settlement Class, to be paid from (and out of) the Settlement Fund.

55.     Any Fee Award and Litigation Expenses shall be paid to Class Counsel from out of the Settlement Fund upon request after entry of an order by the Court awarding such Fee Award and Litigation Expenses. In the event that there is no Effective Date or the Settlement is terminated pursuant to the terms of the Settlement, Class Counsel shall repay to Columbia the full amount of the Fee Award and Litigation Expenses paid to Class Counsel from the Settlement Fund, including any accrued interest. In the event that the Fee Award or award of Litigation Expenses is vacated, modified, reversed, or rendered void as the result of any appeal, further proceedings on remand, or successful collateral attack, Class Counsel shall repay to the Settlement Fund the amount of the Fee Award and/or Litigation Expenses reversed, vacated, or modified, including any accrued interest. Class Counsel shall make the appropriate refund or repayment in full no later than twenty-one (21) days after: (a) receiving from Columbia's Counsel notice of the termination of the Settlement; or (b) any order reversing or modifying the Final Judgment, vacating the Final Judgment, or reducing or reversing the Fee Award or Litigation Expenses has become Final.

56.     The granting by the Court of any Case Contribution Award, Fee Award, or Litigation Expenses is not a necessary term of the Settlement, and it is not a condition of the Settlement that any particular Case Contribution Award, Fee Award, or Litigation Expenses be approved by the Court. The Settlement Class Representatives and Class Counsel may not cancel or terminate the Settlement based on this Court's or any appellate court's ruling with respect to any Case Contribution Award, Fee Award, or Litigation Expenses. Any order or proceeding relating to any Case Contribution Award, Fee Award, or Litigation Expenses, or any appeal from

any such order, shall not operate to terminate or cancel the Settlement. However, distribution of all or a portion of the Settlement Fund may be delayed in the event of an appeal concerning any Case Contribution Award, Fee Award or Litigation Expenses.

<b><u>NO ADMISSION OF WRONGDOING</u></b>

57.     Neither the Settlement, nor any document referred to herein, nor any action taken to carry out the Settlement, is, may be construed as, or may be used as an admission by or against Columbia of any fault, wrongdoing, or liability whatsoever.

58.     Pursuant to Federal Rule of Evidence 408, entering into or carrying out the Settlement, the exhibits hereto, and any negotiations or proceedings related thereto, shall not in any event be construed as, or deemed to be evidence of, an admission or concession by Columbia, and shall not be offered or received into evidence in any action or proceeding against the Released Columbia Parties in any court or before any administrative agency or other tribunal for any purpose whatsoever, other than to enforce the provisions of the Settlement or the provisions of any related agreement or exhibit hereto.

<b>CONDITIONS OF SETTLEMENT AND EFFECT OF DISAPPROVAL,<br><u>CANCELLATION, OR TERMINATION</u></b>

59.     The Parties agree that, if the number of persons who properly execute and file a timely request for exclusion from the Settlement reaches five (5) percent of the Potential Settlement Class Members, Columbia has the unilateral right, in its sole discretion, to declare the Settlement void in its entirety upon notice to Class Counsel.

(a)     Class Counsel shall promptly, and in any event not less than twenty-five (25) days prior to the Final Approval Hearing, notify Columbia's Counsel of all requests for exclusion submitted by Potential Settlement Class Members and provide Columbia's Counsel with copies of any such requests for exclusion.

(b)      If Columbia intends to exercise its unilateral right of termination set forth herein, written notice of such intent must be provided to Class Counsel at least twenty-one (21) days prior to the Final Approval Hearing. Within seven (7) days of such notice, Class Counsel and Columbia's Counsel shall meet and confer concerning the potential termination of the Settlement.

(c)      Following the meet and confer, and at least seven (7) days prior to the Final Approval Hearing, Columbia shall provide Class Counsel with written notice that Columbia is exercising its unilateral right of termination set forth herein.   Columbia may withdraw its termination by providing written notice of such withdrawal to Class Counsel no later than one (1) business day prior to the scheduled Final Approval Hearing.

(d)      If Columbia elects to terminate the Settlement in accordance with the terms set forth herein, the Settlement shall be deemed terminated and cancelled, and the provisions of Paragraph 60 shall apply.

60.    If (i) Columbia exercises its right to terminate the Settlement as provided in Paragraph 59; (ii) the Court disapproves the Settlement; or (iii) the Effective Date as to the Settlement otherwise fails to occur, then:

(a)      the Settlement shall be cancelled and terminated;

(b)      the terms and provisions of the Settlement shall have no further force and effect whatsoever;

(c)      Class Counsel shall repay to Columbia any Fee Award and/or Litigation Expenses paid to Class Counsel from the Settlement Fund, including any accrued interest, within twenty-one (21) days after: (1) receiving from Columbia's Counsel notice of the termination of the Settlement; or (2) any order reversing or vacating the Final Judgment;

(d)      within ten (10) business days after written notice is sent by Columbia or its counsel to the Escrow Agent and Class Counsel, the Escrow Agent shall cause the Settlement Fund and all interest earned thereon (subject to the expiration of any time deposit not to exceed ninety (90) days) to be refunded to Columbia, less any Administrative Expenses paid or incurred in accordance with the terms of the Settlement; and

(e)      the Parties shall be deemed to have reverted to their respective statuses as of the date and time immediately prior to the execution of the Settlement, and they shall proceed in all respects as if the Settlement, its exhibits, and any related agreements or orders, had never been executed. In such event, the Parties jointly will seek to vacate any order entered or actions taken in connection with the Settlement.

## MISCELLANEOUS PROVISIONS

61.     The Settlement will be executed by Class Counsel and Columbia's Counsel on behalf of the Parties. All counsel executing the Settlement represent and warrant that they are authorized and empowered to execute the Settlement on behalf of their clients, and that the signature of such counsel is intended to and does legally bind the clients of such counsel.

62.     Class Counsel, on behalf of the Settlement Class, are authorized to take all appropriate actions required or permitted to be taken by the Settlement Class pursuant to the Settlement to effectuate its terms. Class Counsel also are authorized to enter into any modifications or amendments to the Settlement on behalf of the Settlement Class which such counsel deem appropriate.

63.     All of the exhibits attached hereto are hereby incorporated by this reference as though fully set forth herein. Notwithstanding the foregoing, in the event that there exists a conflict

or inconsistency between the terms of the Settlement and the terms of any exhibit attached hereto, the terms of the Settlement shall prevail.

64.     The Settlement may be amended or modified only by a written instrument signed by or on behalf of the Settlement Class Representatives and Columbia or their successors-in-interest, except to the extent that any modification would be inconsistent with any order by the Court.

65.     The waiver by one Party of any breach of the Settlement by any other Party shall not be deemed a waiver, by that Party or by any other Party to the Settlement, of any other prior or subsequent breach of the Settlement.

66.     The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

67.     The Settlement and its exhibits constitute the entire agreement among the Parties hereto, and no other agreements, representations, warranties, or inducements have been made to any Party concerning the Settlement or its exhibits other than those contained and memorialized in such documents.

68.     The Settlement may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument. Counsel for the Parties shall exchange among themselves signed counterparts. Signatures may be originals, or facsimile or pdf copies.

69.     The Settlement shall be binding upon, and inure to the benefit of, the successors and assigns of the Parties to the Settlement.

70.     The construction, interpretation, operation, effect, and validity of the Settlement and the exhibits hereto shall be governed by and interpreted according to the laws of the State of

New York, without regard to conflicts of laws, except to the extent federal law requires that federal law govern.

71.     Any action arising under or to enforce the Settlement or any portion thereof, shall be commenced and maintained only in this Court.

72.     The Parties and their counsel agree to use their best efforts, and to take all reasonable steps necessary, to obtain the entry of the Final Judgment, and to effectuate the Settlement. Any such actions taken by the Parties, and any actions taken by the Parties to comply with the Settlement, will be in accordance with federal, state, and/or local law, including but not limited to the Family Educational Rights and Privacy Act, 20 U.S.C. § 1232g, and associated regulations, 34 C.F.R. Part 99.

73.     If any Party is required to give notice to another Party under the Settlement, such notice shall be in writing and shall be deemed to have been duly given upon receipt of hand delivery or email transmission, with confirmation of receipt. Notice shall be provided as follows:

If to the Settlement Class
Representatives or Class Counsel:

**GAINEY McKENNA & EGLESTON**
Attn: Thomas J. McKenna
501 Fifth Avenue South, 19th Floor
New York, NY 10017
Telephone: (212) 983-1300
Email: tjmckenna@gme-law.com

**ANASTOPOULO LAW FIRM, LLC**
Attn: Roy T. Willey, IV
32 Ann Street
Charleston, SC 29403
Telephone: (843) 614-8888
Email: Roy@akimlawfirm.com

If to Columbia:

**KAPLAN HECKER & FINK LLP**
Attn: Roberta Ann Kaplan
350 Fifth Avenue, 63rd Floor
New York, NY 10118
Telephone: (212) 763-0883
Email: Rkaplan@kaplanhecker.com

74.     The Parties intend the Settlement to be a final and complete resolution of all disputes asserted or which could be asserted by the Settlement Class Representatives, and any other Settlement Class Members, against the Released Columbia Parties with respect to the Released Claims. Accordingly, Settlement Class Representatives and their counsel, and Columbia and its counsel, agree not to assert in any forum that this Action was brought or defended in bad faith or without a reasonable basis. The Parties agree that the amounts paid and the other terms of the Settlement were negotiated at arm's length and in good faith by the Parties, and reflect a Settlement that was reached voluntarily after extensive negotiations and consultation with experienced legal counsel, who were fully competent to assess the strengths and weaknesses of their respective clients' claims or defenses.

**IN WITNESS WHEREOF**, the Parties hereto have caused this Settlement to be executed, by their duly authorized attorneys, as of the date stated above.

DATED: November 23, 2021

**GAINEY McKENNA & EGLESTON**

By: *Thomas J. McKenna/mc*

Thomas J. McKenna
Gregory M. Egleston
501 Fifth Avenue South, 19th Floor
New York, NY 10016
Telephone: (212) 983-1300
Email: tjmckenna@gme-law.com
Email: gegleston@gme-law.com

DATED: November 23, 2021

**ANASTOPOULO LAW FIRM, LLC**

By:

Roy T. Willey, IV
Eric M. Poulin
Blake Abbott
32 Ann Street
Charleston, SC 29403
Telephone: 843-614-8888
Email: Roy@akimlawfirm.com
Email: Eric@akimlawfirm.com
Email: Blake@akimlawfirm.com

*Class Counsel*

DATED: November 23, 2021

**KAPLAN HECKER & FINK LLP**

By:

Roberta Ann Kaplan
Gabrielle E. Tenzer
350 Fifth Avenue, 63rd Floor
New York, NY 10118
Telephone: (712) 763-0883
Email: Rkaplan@kaplanhecker.com
Email: Gtenzer@kaplanhecker.com

*Attorneys for Defendant The Trustees of
Columbia University in the City of New York*

36

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------x
                                      :

IN RE COLUMBIA UNIVERSITY TUITION     :         Lead Case No. 1:20-cv-03208 (JMF)
REFUND ACTION                             :

                                      :
-----------------------------------------------------------------x

### [PROPOSED] ORDER PRELIMINARILY APPROVING THE PROPOSED SETTLEMENT AND PROVISIONALLY CERTIFYING THE PROPOSED SETTLEMENT CLASS

**WHEREAS**, the Parties to the above-captioned putative class action ("Action") have applied for an order, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, regarding certain matters in connection with a proposed settlement of the Action, in accordance with a Stipulation of Settlement (the "Settlement") entered into by the Parties as of November 23, 2021 (which, together with its exhibits, is incorporated herein by reference) and dismissing the Action with prejudice upon the terms and conditions set forth in the Settlement;

**NOW, THEREFORE**, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, upon the agreement of the Parties, and after consideration of the Settlement and its exhibits,

**IT IS HEREBY ORDERED** that:

1.      Unless otherwise defined herein, defined terms used in this Order have the same meaning as defined in the Settlement.

2.      The representations, agreements, terms, and conditions of the Settlement, as embodied in the Settlement and the exhibits attached thereto, are preliminarily approved pending a Final Approval Hearing on the Settlement as provided herein.

3.      For purposes of the proposed Settlement only, the Court preliminarily finds and determines that the Action may proceed as a class action pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure, and provisionally certifies the following Settlement Class:

All students enrolled in Columbia's Programs who were assessed Spring 2020 Fees, with the exception of: (i) any person who withdrew from Columbia on or before March 13, 2020; (ii) any person enrolled solely in a program for the Spring 2020 semester that was always and originally delivered as an online program; (iii) any person who properly executes and files a timely opt-out request to be excluded from the Settlement Class; and (iv) the legal representatives, successors or assigns of any such excluded person.

4.      For purposes of the proposed Settlement only, the Court preliminarily finds and determines, pursuant to Rules 23(a) and 23(b) of the Federal Rules of Civil Procedure, as follows: (a) the members of the Settlement Class are so numerous that their joinder in the Action would be impracticable; (b) there are questions of law and fact common to the Settlement Class, and those questions predominate over any individual questions; (c) the claims of Named Plaintiffs in the Action are typical of the claims of the Settlement Class; (d) Named Plaintiffs and Class Counsel will fairly and adequately protect the interests of the Settlement Class; and (e) a class action is superior to other available methods for fairly and efficiently adjudicating the Action.

5.      For purposes of the proposed Settlement only, the Court preliminarily appoints Named Plaintiffs Student A, Chris Riotta, Lisa Guerra, and Alexandra Taylor-Gutt as Settlement Class Representatives.

6.      For purposes of the proposed Settlement only, the Court preliminarily appoints the law firms of Gainey McKenna & Egleston and Anastopoulo Law Firm, LLC as Class Counsel to act on behalf of the Settlement Class and the Settlement Class Representatives with respect to the Settlement.  The Court preliminarily authorizes Class Counsel to enter into the Settlement on behalf of the Settlement Class Representatives and the Settlement Class, and to bind them all to the duties and obligations contained therein, subject to final approval by the Court of the Settlement.

7. The Court appoints the firm of Simpluris, Inc. as Settlement Administrator to administer the notice procedure and distribute the Net Settlement Fund, under the supervision of Class Counsel.

8. Having reviewed the proposed Short Form Notice of Proposed Class Action Settlement and Hearing ("Short Form Notice"), and the proposed Long Form Notice of Proposed Class Action Settlement and Hearing ("Long Form Notice"), submitted by the Parties as Exhibits A-1 and A-2 to the Settlement, the Court approves, as to form and content, such notice.

9. The Court directs that the Settlement Administrator send via email the Short Form Notice to all Potential Settlement Class Members at the email address in the University Registrar's records by _____ (*thirty (30) days from the entry of this Order*). The Court further directs the Settlement Administrator to send the Short Form Notice via U.S. mail to the last known mailing address of all Potential Settlement Class Members for whom a valid email address is not available by _____ (*thirty (30) days from the entry of this Order*). Columbia will produce to the Settlement Administrator the last known email and postal addresses belonging to all Potential Settlement Class Members by _____ (*fourteen (14) days from the entry of this Order*).

10. No later than _____ (*fourteen (14) days from the entry of this Order*), and before the issuance of the Short Form Notice, the Settlement Administrator shall establish the Settlement Website, which shall include, in downloadable format, the following: (i) the Long Form Notice; (ii) this Order; (iii) the Settlement (including all of its exhibits); and (iv) any other materials agreed upon by the Parties and/or required by the Court.

11. The Court directs Columbia to cause the Short Form Notice to be published once in *Columbia Daily Spectator*, the student newspaper of Columbia, or a publication with

comparable reach, no later than seven (7) days following the emailing or mailing of the Short Form Notice.

12.     The Court further directs Columbia to provide a link to the Settlement Website at www.columbia.edu within one (1) business day of the Settlement Website being established.

13.     The Court finds and determines that (a) emailing and mailing the Short Form Notice, (b) publication of the Short Form Notice, (c) posting of the Long Form Notice on the Settlement Website, and (d) posting a link to the Settlement Website on Columbia's website, all pursuant to this Order, constitute the best notice practicable under the circumstances, constitute due and sufficient notice of the matters set forth in the notices to all persons entitled to receive such notices, and fully satisfy the requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, and all other applicable laws and rules.

14.     Any person falling within the definition of the Potential Settlement Class may, upon request, be excluded or "opt out" from the Settlement Class.   No Potential Settlement Class Member may both opt-out of the Settlement and object to the Settlement; a Potential Settlement Class Member must decide whether to opt-out of the Settlement or to object.

15.     Any person who desires to request exclusion from the Settlement Class must submit a written request for exclusion in the form and manner required by the notice. Such written request for exclusion must be mailed to the Settlement Administrator such that it is postmarked no later than _____ (*forty-five (45) days from the issuance of the Short Form Notice*) (the "Objection/Exclusion Deadline"), and must: (a) include a statement requesting exclusion from the Settlement Class; (b) be personally signed by the Potential Settlement Class Member; and (c) include the Potential Settlement Class Member's name, address, telephone number, email address, and the caption for the Action.

16. All persons who submit valid and timely written requests for exclusion as set forth in this Order and the notice shall have no rights under the Settlement, shall not share in the distribution of the Settlement Fund, and shall not be bound by the Settlement or any Final Judgment entered in this Action.

17. A hearing will be held by this Court in the Courtroom of the Honorable Jesse M. Furman, United States District Court for the Southern District of New York, 40 Foley Square, New York, New York 10007, at _____ __.m. on _____, 2022 (*no less than seventy-five (75) days from the issuance of the Short Form Notice*) ("Final Approval Hearing"), to determine: (a) whether the Settlement should be approved as fair, reasonable, and adequate to the Settlement Class; (b) whether the proposed manner of distribution of the Net Settlement Fund should be approved as fair, reasonable, and adequate to the Settlement Class; (c) whether to approve the application of Class Counsel for an award of Attorneys' Fees and Litigation Expenses; (d) whether to approve the payment of a Case Contribution Award to the Settlement Class Representatives; (e) whether a Final Judgment should be entered; and (f) any other matters that may properly be brought before the Court in connection with the Settlement. The Final Approval Hearing is subject to continuation or adjournment by the Court without further notice to the Settlement Class. The Final Approval Hearing may be held in person, telephonically, or remotely via zoom or other electronic platform without further notice. The Settlement Administrator shall post information about the Final Approval Hearing on the Settlement Website, and the Settlement Website should be checked for any changes to the date of the Final Approval Hearing or the manner in which it will be held.

18. Prior to the Final Approval Hearing, in connection with the motion for final approval of the Settlement, Class Counsel shall serve and file a sworn statement from the

Settlement Administrator evidencing compliance with the provisions set forth above concerning the distribution of notice to the Settlement Class.

19.     Any Settlement Class Member may enter an appearance in the Action, at their own expense, individually or through counsel of their own choice.  If a Settlement Class Member does not enter an appearance, they will be represented by Class Counsel.

20.     Any Settlement Class Member who wishes to object to the Settlement, the manner of distribution of the Net Settlement Fund, the application for Case Contribution Awards and/or the Fee Award, or to appear at the Final Approval Hearing and show cause, if any, why the Settlement should not be approved as fair, reasonable, and adequate to the Settlement Class, why a Final Judgment should not be entered thereon, why the Case Contribution Awards should not be approved, or why the Fee Award should not be granted, may do so, but must proceed as set forth in this paragraph.  If a Settlement Class Member objects to the Settlement and the Settlement is nonetheless approved by the Court, then the objecting Settlement Class Member is a member of the Settlement Class and will receive their share of the Net Settlement Fund.  No Settlement Class Member or other person will be heard on such matters unless they have postmarked no later than the Objection/Exclusion Deadline a written objection that: (a) states that the person objecting is a Settlement Class Member; (b) includes the name, address, email, and telephone number of the Settlement Class Member objecting; (c) is personally signed by the objecting Settlement Class Member; (d) contains a statement that includes all objections, states whether each objection applies only to the objector, to a subset of the Settlement Class, or to the entire Settlement Class, and states the specific reasons for all objections, including any legal arguments and evidentiary support (including copies of any documents relied upon); and (e) includes a statement of whether the objector intends to appear at the Final Approval Hearing, with or without counsel.  Such written

objections, briefs, papers, and statements must be filed with the Court, and copies must be delivered by mail, hand, or overnight delivery services at the same time to the following counsel:

> Thomas J. McKenna
> Gainey McKenna & Egleston
> 501 Fifth Avenue, 19th Floor
> New York, New York, 10017
>
> Roy T. Willey, IV
> Anastopoulo Law Firm, LLC,
> 32 Ann Street
> Charleston, SC 29403
>
> *Class Counsel*
>
> Roberta A. Kaplan
> Gabrielle E. Tenzer
> Kaplan Hecker & Fink LLP
> 350 Fifth Avenue, 63rd Floor
> New York, NY 10118
>
> *Attorneys for Columbia*

21.     This Order shall constitute a "judicial order" within the meaning of the Family Educational Rights and Privacy Act ("FERPA"), 20 U.S.C. § 1232g and 34 C.F.R. § 99.31(a)(9), sufficient to compel Columbia to provide the "Class List" regarding Settlement Class Members (*i.e.*, directory information, as FERPA defines that term) to the Settlement Administrator in accordance with Paragraphs 10 and 19 of the Settlement.

22.     Any Settlement Class Member who does not make their objections in the manner and by the date set forth in Paragraph 20 of this Order shall be deemed to have waived any objections and shall be forever barred from raising such objections in this Action or any other action or proceeding, absent further order of the Court.

23.     Upon the Effective Date contemplated by Paragraph 1(h) of the Settlement, the Releasing Settlement Class Parties shall have fully, finally, and forever released all Released

Claims against the Released Columbia Parties, and shall forever be barred and enjoined from prosecuting any or all of the Released Claims against any of the Released Columbia Parties; and the Releasing Columbia Parties shall have fully, finally, and forever released all Released Claims against the Released Settlement Class Parties, and shall forever be barred and enjoined from prosecuting any or all of the Released Claims against any of the Released Settlement Class Parties.

24.     Upon the Effective Date contemplated by Paragraph 1(h) of the Settlement, only persons who are Settlement Class Members shall have rights in the distribution of the Settlement Fund created by the Settlement, except as provided in the Settlement.

25.     All funds held by the Escrow Agent shall be deemed and considered to be *in custodia legis* of the Court and shall remain subject to the jurisdiction of the Court until such time as the funds are distributed pursuant to the Settlement or further order of the Court.

26.     The application for Attorneys' Fees must be filed by _____ (*fourteen (14) days prior to the Objection/Exclusion Deadline*). All briefs and supporting documents in support of a request for Final Approval of the Settlement shall be filed by _____ (*ten (10) days prior to the Final Approval Hearing*).

### **Further Matters**

27.     All further proceedings in the Action are ordered stayed until Final Judgment or termination of the Settlement, whichever occurs earlier, except for those matters necessary to obtain and/or effectuate final approval of the Settlement.

28.     Members of the Settlement Class shall be bound by all determinations and judgments concerning the Settlement and Final Judgment as to the same, whether favorable or unfavorable.

29.     The Court retains jurisdiction to consider all further applications arising out of or in connection with the Settlement.  The Court may approve the Settlement, with such modifications as may be agreed to by the Parties, if appropriate, without further notice to the Settlement Class.


Date: _____, 2021

_____
JESSE M. FURMAN
United States District Judge

# EXHIBIT A-1

**Subject: NOTICE OF PROPOSED CLASS ACTION SETTLEMENT**

PLEASE READ THIS NOTICE CAREFULLY.  If you were enrolled at Columbia University ("Columbia" or "University") after March 13, 2020, and were assessed fees by Columbia for the Spring 2020 semester, you may be eligible to receive a payment as part of this proposed settlement of *In re Columbia Tuition Refund Action*, No. 20 Civ. 3208 (S.D.N.Y.) ("the Action").

In this consolidated class action, Plaintiffs alleged that Columbia breached an implied contract and violated state-law obligations when it transitioned to remote learning for part of the Spring 2020 semester due to the COVID-19 pandemic. Plaintiffs sought a refund of their tuition and fees. The Court dismissed Plaintiffs' claims for a tuition refund and all other claims with the exception of their claim for breach of implied contract relating to fees. Columbia denies all allegations of wrongdoing and there has been no finding of liability in any court. However, considering the interest of both Columbia and its students in prompt resolution of the matter, Columbia and Plaintiffs have agreed that Columbia will pay $12,500,000 into a Settlement Fund to resolve the Action.

**Am I a Class Member?** If you were enrolled in one of the following schools at Columbia after March 13, 2020, were assessed fees for the Spring 2020 semester, and were not enrolled for the Spring 2020 semester in a program that was always and originally delivered as an online program, then you qualify as a Settlement Class Member: Graduate School of Architecture, Planning & Preservation; School of the Arts; Columbia Business School; Vagelos College of Physicians & Surgeons; Columbia College; College of Dental Medicine; The Fu Foundation School of Engineering & Applied Science (Undergraduate and Graduate); School of General Studies; Graduate School of Arts & Sciences; School of International & Public Affairs; Columbia Journalism School; Columbia Law School; School of Nursing; School of Professional Studies; Mailman School of Public Health; or School of Social Work. **If you are a Settlement Class Member, you do not have to do anything to participate in and receive the benefits of the proposed Settlement.**

**How Do I Get a Payment?** Your payment will be sent automatically as a check to your mailing address on file with the University Registrar. If you would instead prefer to (1) receive your check at a different address, or (2) receive your payment via Venmo or PayPal, you may do so by visiting the Settlement website at [URL] and making that election no later than 45 days after the Settlement's Effective Date, as defined in the proposed Settlement. That date will also be posted on the Settlement website when it is known, but it will be some time after the Final Approval Hearing currently scheduled for DATE. By participating in the proposed Settlement, you release your right to bring any claim covered by the proposed Settlement, including bringing any claim related to Columbia's transition to remote education in Spring 2020, or joining any other action against Columbia related to Columbia's transition to remote education in Spring 2020.

**What Are My Other Options?** If you do not want to participate in this proposed Settlement—meaning you do not want to receive a payment, and you do not want to be bound by any judgment entered in this case—you may exclude yourself by mailing a signed opt-out request to the Settlement Administrator, which must be postmarked no later than OPT-OUT DATE. If you

instead want to object to this proposed Settlement because you think it is not fair, adequate, or reasonable, you may submit an objection, which also must be postmarked no later than OBJECTION DATE. Please follow the detailed instructions outlined in the Long Form Notice and the Settlement Agreement, which can both be found at WEBSITE URL, to properly opt-out from, or object to, the proposed Settlement.

**What Happens Next?** The Court has preliminarily approved the proposed Settlement, but the distribution of payments will occur only if the Court grants final approval of the proposed Settlement. The Final Approval Hearing in this case is scheduled for DATE. At that hearing, the Court will consider whether to grant final approval of the proposed Settlement, and whether to approve payment from the Settlement Fund of: (1) awards to each Settlement Class Representative for their service in this litigation; and (2) Class Counsel's requested attorneys' fees, which will not exceed one-third of the Settlement Fund and will be posted on the Settlement Website on MOTION FOR FEES DATE, and reimbursement for litigation costs.

**To get more information about the proposed Settlement, obtain a Long Form Notice and/or to review other important documents, including the Settlement Agreement, please visit WEBSITE URL.**

**If you have any questions, you can contact Class Counsel: Eric Poulin and Roy T. Willey at Anastopoulo Law Firm, (843) 310-6210; and Thomas J. McKenna and Gregory M. Egleston at Gainey, McKenna & Egleston, (212) 983-1300.**

# EXHIBIT A-2

<u>**NOTICE OF PROPOSED SETTLEMENT OF CLASS ACTION LAWSUIT**</u>

*In re Columbia Tuition Refund Action*, No. 20 Civ. 3208 (S.D.N.Y.)

**ATTENTION: ALL STUDENTS ENROLLED AT COLUMBIA UNIVERSITY AFTER MARCH 13, 2020 WHO WERE ASSESSED FEES FOR THE SPRING 2020 SEMESTER**

**The United States District Court For The Southern District Of New York Has Authorized This Notice. It Is Not A Solicitation From A Lawyer. You Are Not Being Sued. If You Have Received Notice, You Have Been Identified As A Person Who Is Or May Be A Member Of The Settlement Class In This Lawsuit, And The Proposed Settlement Of The Lawsuit, If Approved, May Affect Your Legal Rights. You Should Read This Notice Carefully.**

**If you were enrolled as a student at Columbia University ("Columbia" or "University") after March 13, 2020, were assessed fees for the Spring 2020 semester, and were not enrolled for the Spring 2020 semester solely in a program that was always and originally delivered as an online program, you may be part of the proposed settlement class (a "Settlement Class Member") affected by this lawsuit.**

The purpose of this notice is to inform you of a proposed settlement relating to a class action lawsuit brought by Plaintiffs, students at Columbia in Spring 2020, against Columbia, on behalf of a putative class of all those who paid tuition and fees for the Spring 2020 semester (the "Proposed Settlement"). The case is captioned *In re Columbia Tuition Refund Action*, No. 20 Civ. 3208 (S.D.N.Y.) (the "Action").

In this Action, Plaintiffs alleged that Columbia breached an implied contract and violated state-law obligations when it transitioned to remote learning for part of the Spring 2020 semester due to the COVID-19 pandemic. Plaintiffs sought a refund of their tuition and fees. The Court dismissed Plaintiffs' claims for a tuition refund and all other claims with the exception of their claim for breach of implied contract relating to fees. Columbia denies all allegations of wrongdoing and there has been no finding of liability in any court. However, considering the interest of both Columbia and its students in prompt resolution of the matter, Columbia has agreed to establish a Settlement Fund to resolve the Action.

The terms of the agreement are set forth in the proposed Settlement that must be approved by the United States District Court for the Southern District of New York. This notice includes information about the proposed Settlement, a Final Approval Hearing scheduled by the Court, and the process for being heard by the Court.

## SUMMARY OF THE OPTIONS AND THE LEGAL EFFECT OF
## EACH OPTION FOR SETTLEMENT CLASS MEMBERS

| YOUR OPTIONS | INSTRUCTIONS | DUE DATE |
|---|---|---|
| **DO NOTHING AND AUTOMATICALLY RECEIVE A PAYMENT** | If you are a Settlement Class Member and do nothing, you will automatically receive a payment sent to your address on file with the University Registrar. If you would like to alter your address on file or elect to receive your payment via PayPal or Venmo, you may do so at URL. | *See* Answer 7. |
| **EXCLUDE YOURSELF FROM THE PROPOSED SETTLEMENT** | You can choose to "opt out" of the proposed Settlement. Opting out means that you choose not to participate in the proposed Settlement. It also means that you cannot object to the proposed Settlement (*see* below). If you opt out, you will not receive a payment and you will keep any individual claims you may have against Columbia relating to the transition to remote learning in Spring 2020. For more detailed opt-out instructions, *see* Answer 12 below. | Postmarked no later than OPT-OUT DEADLINE |
| **OBJECT TO THE PROPOSED SETTLEMENT** | You can file an objection with the Court explaining why you believe the Court should reject the proposed Settlement. If your objection is overruled by the Court and the proposed Settlement is approved, then you would be included in the Settlement Class. If the Court agrees with your objection, then the proposed Settlement may not be approved. If you choose to object, you may not also opt out of the proposed Settlement, as only participating class members may object to proposed settlements. For more detailed objection instructions, *see* Answer 13 below. | Postmarked no later than OBJECTION DEADLINE |

These rights and options—**and the deadlines to exercise them**—along with the material terms of the proposed Settlement are explained further below in this notice.

2

## BASIC INFORMATION

### 1. What is this lawsuit about?

The consolidated class action being settled is captioned *In re Columbia Tuition Refund Action*, No. 20 Civ. 3208 (S.D.N.Y.). This case is a class action, meaning that the Settlement Class Representatives—Student A, Chris Riotta, Lisa Guerra, and Alexandra Taylor-Gutt—brought this action as individuals acting on behalf of a putative class of all people who paid tuition and/or fees for the Spring 2020 semester at Columbia. The Settlement Class Representatives alleged claims for breach of contract, unjust enrichment, conversion, and violations of New York's General Business Law. On February 26, 2021, the Honorable Jesse M. Furman, District Court Judge of the U.S. District Court for the Southern District of New York, dismissed all claims except the claims for breach of implied contract with respect to fees for the portion of the Spring 2020 semester when Columbia was forced to move to remote education due to the COVID-19 pandemic. After this decision by the Court, the Parties exchanged information and came to the proposed Settlement.

### 2. Why did I receive notice of this lawsuit?

If you received notice of this lawsuit, it is because Columbia's records indicate that you were enrolled at Columbia in Spring 2020 and were assessed fees that are the subject of this Action. The Court directed that this notice be made available to all Potential Settlement Class Members because each member has a right to notice of the proposed Settlement and the options available to them before the Court decides whether to approve the proposed Settlement.

### 3. How do I know if I am part of the Settlement Class?

If you were enrolled at Columbia in Spring 2020 and were assessed fees for that semester, you are in the Settlement Class, provided that you: (1) were not enrolled for the Spring 2020 semester solely in a program that was always and originally delivered as an online program; (2) do not exercise your right to opt out of the proposed Settlement; and (3) were enrolled in one of the following schools and did not withdraw on or before March 13, 2020: Graduate School of Architecture, Planning & Preservation; School of the Arts; Columbia Business School; Vagelos College of Physicians & Surgeons; Columbia College; College of Dental Medicine; The Fu Foundation School of Engineering & Applied Science (Undergraduate and Graduate); School of General Studies; Graduate School of Arts & Sciences; School of International & Public Affairs; Columbia Journalism School; Columbia Law School; School of Nursing; School of Professional Studies; Mailman School of Public Health; and School of Social Work.

### 4. Why did the Parties settle?

In any lawsuit, there are risks and potential benefits that come with litigating as compared to settling. It is the Settlement Class Representatives' and their lawyers' ("Class Counsel") job to identify when a proposed settlement offer is good enough that it justifies settling the case instead of continuing to litigate. In a class action, class counsel determines when to recommend settling to the class representatives. The class representatives then have a duty to act in the best interests of the class as a whole when deciding whether to accept this recommendation. In this case, it is the

belief of the Settlement Class Representatives and Class Counsel that this proposed Settlement is in the best interest of all Settlement Class Members.

Columbia denies the claims asserted and believes that its actions were proper and in accordance with the terms of its policies, agreements, and applicable law. Columbia denies that its actions give rise to any claim by the Settlement Class Representatives or any Settlement Class Members. However, given the benefit that current and former students will receive from a negotiated settlement, Columbia considers it desirable to resolve the Action.

**5. What must happen for the proposed Settlement to be approved?**

The Court must decide that the proposed Settlement is fair, reasonable, and adequate before it will approve the proposed Settlement. At this time, the Court has already reviewed and decided to grant preliminary approval of the proposed Settlement, after which notice was disseminated to Potential Settlement Class Members. The Court will make a final decision regarding the proposed Settlement at a Final Approval Hearing, which is currently scheduled for _____, 2022.

## YOUR OPTIONS

**6. What options do I have with respect to the proposed Settlement?**

If you are a Potential Settlement Class Member, you have four options with respect to this proposed Settlement: (1) do nothing and be eligible to participate in the proposed Settlement and receive the payment allocated to you according to the terms of the proposed Settlement by mail to the address the University Registrar has on file; (2) visit the Settlement Website at URL to alter your address on file or elect to receive your payment via Venmo or PayPal; (3) opt out of the proposed Settlement; or (4) participate in the proposed Settlement, but object to it. Each of these options is described further below.

**7. What are the deadlines related to my options?**

- If you do nothing, and the proposed Settlement is approved by the Court, you will receive a payment. That payment will be in the form of a check sent to your address on file with the University Registrar.
- If you would like to alter your address on file or elect to receive your payment via Venmo or PayPal, you must do so on the Settlement Website at URL no later than 45 days after the Settlement's Effective Date, as defined in the proposed Settlement. That date will also be posted on the Settlement website when it is known, and will be some time after the Final Approval Hearing currently scheduled for _____, 2022.
- If you would like to opt out or object to the proposed Settlement, your request must be postmarked no later than OPT-OUT DEADLINE.

**8. How do I decide which option to choose?**

If you would prefer not to participate in the proposed Settlement, then you may want to consider opting out. If you opt out, you will not receive a payment and you will keep any individual claims you may have against Columbia relating to the transition to remote learning in Spring 2020.

If you believe the proposed Settlement is unreasonable, unfair, or inadequate and that the Court should reject the proposed Settlement, you may want to consider objecting to the proposed Settlement. The Court will decide if your objection is valid. If the Court agrees, then the proposed Settlement may not be approved. If your objection (or any other objection) is overruled, and the proposed Settlement is approved, then you will still receive a payment under the proposed Settlement and you will be bound by the proposed Settlement. Note that if you do not object to the proposed Settlement, and the proposed Settlement is later approved, you cannot appeal that approval order.

**9. Do I have to do anything if I want to participate in the proposed Settlement?**

No. If you are a Settlement Class Member, you are automatically entitled to a payment. If you would like to receive your payment at a different address than the one on file with the University Registrar, or if you would like to receive your payment via Venmo or PayPal, you may elect to do so at URL. See Answer 7 above for more information.

**10. If I participate in the proposed Settlement, can I participate in *Brittain v. Trustees of Columbia University in the City of New York*, No. 20 Civ. 9194 (S.D.N.Y.)?**

No. By participating in this proposed Settlement, you will be releasing any claims related to Columbia's transition to remote instruction in Spring 2020. If you were a student in the Visual Arts, Sound Art, or Film program at School of the Arts in Spring 2020, participating in this proposed Settlement would bar you from participating in *Brittain v. Trustees of Columbia University in the City of New York*, No. 20 Civ. 9194 (S.D.N.Y.). To participate in *Brittain*, you must follow the opt-out procedure described in this notice.

<u>**OPTING OUT OF THE PROPOSED SETTLEMENT**</u>

**11. What happens if I opt out of the proposed Settlement?**

If you opt out of the proposed Settlement, you will preserve any claims you may have against Columbia related to Columbia's transition to remote instruction in Spring 2020. However, you will not be entitled to receive a payment from this proposed Settlement if the proposed Settlement is approved by the Court.

**12. How do I opt out of the proposed Settlement?**

To opt out of the proposed Settlement, you must send a written request to the Settlement Administrator, Simpluris, Inc., at [ADDRESS], which must:

      a. include a statement requesting to opt out of the Settlement Class;

      b. be personally signed by you;

c. include your name, address, telephone number, email address, and the caption for the Action—*In re Columbia Tuition Refund Action*, No. 20 Civ. 3208 (S.D.N.Y.); and

d. be postmarked no later than OPT-OUT DEADLINE.

A request to opt out of the proposed Settlement that does not meet the above requirements, or that is sent to an address other than that of the Settlement Administrator, will be invalid and the person sending the defective request will remain in the Settlement Class and, if the proposed Settlement is approved by the Court, will receive a payment, and will be bound by the proposed Settlement.

A request to opt out of the proposed Settlement must be done on an individual basis. A Potential Settlement Class Member cannot purport to opt others out of the proposed Settlement on a class or representative basis.

## OBJECTING TO THE PROPOSED SETTLEMENT

### 13. How do I object to the proposed Settlement?

You can object to the proposed Settlement, or any part of it, so long as you do not opt out of the proposed Settlement, as only Settlement Class Members have the right to object to the proposed Settlement, including any attorneys' fees sought by Class Counsel. To have your objection considered by the Court at the Final Approval Hearing, your objection must:

a. include your name, address, and telephone number, and state that you are a Settlement Class Member;

b. be personally signed by you, the objecting Settlement Class Member;

c. contain a statement that includes all objections, states whether each objection applies only to the objector, to a subset of the Settlement Class, or to the entire Settlement Class, and states the specific reasons for all objections, including any legal arguments and evidentiary support (including copies of any documents relied upon); and

d. state whether you intend to appear at the Final Approval Hearing, and whether you are represented by counsel.

Your objection and any accompanying papers must be filed with the Clerk of Court. If you are represented by counsel, the objection must be filed through the Court's electronic case filing (ECF) system. All objections must also be mailed at the same time to Class Counsel, Columbia's Counsel, and the Settlement Administrator at the addresses below. All objections must be postmarked no later than OBJECTION DEADLINE.

| Clerk of Court | Settlement Administrator | Class Counsel | Columbia's Counsel |
|---|---|---|---|
| Clerk of the Court United States District Court for the Southern District of New York Daniel Patrick Moynihan U.S. Courthouse 500 Pearl Street New York, NY 10007 | [ADDRESS OF SETTLEMENT ADMINISTRATOR] | Eric Poulin Roy T. Willey, IV Anastopoulo Law Firm, LLC 32 Ann Street Charleston, SC 29403<br><br>AND<br><br>Thomas J. McKenna Gregory M. Egleston Gainey McKenna & Egleston 501 Fifth Avenue South, 19th Floor New York, NY 10017 | Roberta A. Kaplan Gabrielle E. Tenzer Kaplan, Hecker & Fink LLP 350 Fifth Avenue, 63rd Floor New York, NY 10118 |

## 14. What happens if I object to the proposed Settlement?

If you object to the proposed Settlement, the Court will consider your objection at the Final Approval Hearing. If the Court sustains your objection, or the objection of any other Settlement Class Member, the proposed Settlement may not be approved. If you object, but the Court overrules your objection and any other objections and approves the proposed Settlement, then you will be bound by the proposed Settlement, and you may appeal the approval order.

## 15. What is the difference between objecting and opting out of the proposed Settlement?

Objecting to the proposed Settlement is telling the Court that you do not believe the proposed Settlement is fair, reasonable, and adequate for the Settlement Class, and asking the Court to reject it. If you object to the proposed Settlement and the proposed Settlement is ultimately approved, then you are entitled to a payment and will release any claims related to Columbia's transition to remote education in Spring 2020. Opting out of the proposed Settlement, however, is telling the Court that you do not want to be a part of the proposed Settlement if it is approved, you do not want to receive a payment, and you will not release claims you might have against Columbia that would otherwise have been released by participating in the proposed Settlement.

## 16. Can I opt out and object to the proposed Settlement?

No. To object to the proposed Settlement, you must participate in the proposed Settlement. Thus, you must choose between opting out or objecting to the proposed Settlement.

## THE PROPOSED SETTLEMENT PAYMENT

**17. How much is this proposed Settlement?**

The Parties have agreed to a Settlement Fund of $12,500,000.

As discussed in more detail below, attorneys' fees and costs, contribution awards for the Settlement Class Representatives, and administrative fees, including the costs paid to a third-party Settlement Administrator, will be paid out of the Settlement Fund. Thereafter, the remaining funds—the Net Settlement Fund—will be divided among all Settlement Class Members entitled to payments as outlined in the proposed Settlement and discussed further below in Answer 21.

**18. How much of the Settlement Fund will be used to pay for attorneys' fees and costs?**

Class Counsel will request that the Court approve attorneys' fees of not more than one-third of the Settlement Fund, and will request that Class Counsel be reimbursed for their out-of-pocket litigation costs incurred in litigating the Action. Class Counsel must submit their request to the Court by MOTION FOR FEES DATE, at which point the amount of the requested attorneys' fees, as well as Class Counsel's motion, will be published on the Settlement Website at URL. The Court will then decide the amount of the attorneys' fees and costs based on a number of factors, including the risk associated with bringing the Action, the amount of time spent on the case, the magnitude and complexity of the Action, the quality of the work, and the requested fee in relation to the outcome of the Action.

**19. How much of the Settlement Fund will be used to pay the Settlement Class Representatives?**

Class Counsel will request that the Settlement Class Representatives, Student A, Chris Riotta, Lisa Guerra, and Alexandra Taylor-Gutt, be paid an award in the amount of no more than $25,000 each, in recognition for their work in connection with this case. The award must be approved by the Court.

**20. How much of the Settlement Fund will be used to pay administrative expenses?**

A third-party Settlement Administrator was retained to provide notice and administer the payments to Settlement Class Members. The expenses of the Settlement Administrator are estimated to be $150,000 or less.

**21. How much will my payment be?**

The balance of the Settlement Fund after paying administrative expenses, attorneys' fees and costs, and awards to the Settlement Class Representatives, will be known as the Net Settlement Fund. The Net Settlement Fund will be divided among Columbia's Programs, as defined in the proposed Settlement, based on the ratio of the total amount of Spring 2020 fees assessed to Potential Settlement Class Members enrolled in that Program as compared to the total amount of Spring 2020 fees assessed to Potential Settlement Class Members enrolled in all Programs, taking into account University-funded financial aid and any refunds already distributed during the Spring 2020 semester. If you qualify as a Settlement Class Member, and the proposed Settlement is

approved, you will receive a payment in an amount equal to all other Settlement Class Members in your Program. Should any students opt out of the proposed Settlement, any payments those students would have received will be aggregated and distributed equally among all Settlement Class Members as part of their payment.

**22. When will I receive my payment?**

The Court will hold a Final Approval Hearing on HEARING DATE to consider whether the proposed Settlement should be approved. If the Court approves the proposed Settlement, then payments will be distributed within 60 days of the date after which the proposed Settlement becomes final, as defined in the Settlement Agreement.

## THE FINAL APPROVAL HEARING

**23. When and where will the Court decide whether to approve the proposed Settlement?**

The Court will hold a Final Approval Hearing on HEARING DATE at the United States District Court for the Southern District of New York, Daniel Patrick Moynihan U.S. Courthouse, 500 Pearl Street, Courtroom 1105, New York, NY 10007. At this hearing, the Court will consider whether the proposed Settlement is fair, reasonable, and adequate. If objections have been properly submitted, the Court will consider them. The Court may also decide how much to award Class Counsel for attorneys' fees and litigation costs and the amount of the awards to the Settlement Class Representatives. The hearing will be public. The hearing may be virtual, in which case the instructions for viewing the hearing and participating will be posted on the Settlement Website at URL. The date and time of the Final Approval Hearing may change without further notice. Please check the Settlement Website for updates.

**24. Do I have to come to the Final Approval Hearing?**

No. Class Counsel will answer any questions the Court may have. You may attend if you desire to do so. If you have properly submitted an objection, then you may want to attend.

**25. May I speak at the Final Approval Hearing?**

If you are a Settlement Class Member, you may ask the Court for permission to speak at the Final Approval Hearing. If you are objecting and would like to speak at the Final Approval Hearing, you must state in your objection, as described in Answer 13 above, that you intend to appear and want to be heard at the Final Approval Hearing.

## THE LAWYERS REPRESENTING THE CLASS

**26. Do I have a lawyer in this case?**

The Court has ordered that Eric Poulin and Roy T. Willey, IV of Anastopoulo Law Firm, LLC and Thomas J. McKenna and Gregory M. Egleston of Gainey, McKenna & Egleston will serve as Class Counsel and will represent all Settlement Class Members in this matter.

**27. Do I have to pay the lawyers bringing this suit on behalf of the Settlement Class?**

No. Class Counsel will be paid directly from the Settlement Fund, subject to the Court's approval.

**28. Who determines what the attorneys' fees will be?**

The Court will be asked to approve the amount of attorneys' fees at the Final Approval Hearing. Class Counsel will file an application for attorneys' fees, which shall not exceed one-third of the Settlement Fund, plus their out-of-pocket litigation costs, and will specify the amount being sought. Class Counsel must submit its request to the Court by MOTION FOR FEES DATE, at which point the amount of the requested attorneys' fees, as well as Class Counsel's motion, will be published on the Settlement Website at URL. Settlement Class Members who would like to object to the amount of attorneys' fees sought by Class Counsel may do so by following the instructions described in Answer 13 above.

## GETTING MORE INFORMATION

This notice only summarizes the proposed Settlement. More details are contained in the proposed Settlement, which can be viewed or obtained online at URL.

For additional information about the proposed Settlement, you should contact the Settlement Administrator as follows:

SETTLEMENT ADMINISTRATOR EMAIL, PHONE, ADDRESS

For more information, you may also contact Class Counsel:

Eric Poulin
Roy T. Willey, IV
Anastopoulo Law Firm, LLC
32 Ann Street
Charleston, SC 29403

Thomas J. McKenna
Gregory M. Egleston
Gainey McKenna & Egleston
501 Fifth Avenue South, 19th Floor
New York, NY 10017

## PLEASE DO NOT CONTACT THE COURT OR ANY REPRESENTATIVE OF COLUMBIA UNIVERSITY CONCERNING THIS NOTICE OR THE PROPOSED SETTLEMENT.