UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x
                                :

IN RE COLUMBIA UNIVERSITY TUITION    :      Lead Case No. 1:20-cv-03208 (JMF)
REFUND ACTION                          :

                                :
------------------------------------------------------------------x

### [PROPOSED] ORDER PRELIMINARILY APPROVING THE PROPOSED SETTLEMENT AND PROVISIONALLY CERTIFYING THE PROPOSED SETTLEMENT CLASS

**WHEREAS**, the Parties to the above-captioned putative class action ("Action") have applied for an order, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, regarding certain matters in connection with a proposed settlement of the Action, in accordance with a Stipulation of Settlement (the "Settlement") entered into by the Parties as of November 23, 2021 (which, together with its exhibits, is incorporated herein by reference) and dismissing the Action with prejudice upon the terms and conditions set forth in the Settlement;

**NOW, THEREFORE**, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, upon the agreement of the Parties, and after consideration of the Settlement and its exhibits,

**IT IS HEREBY ORDERED** that:

1.      Unless otherwise defined herein, defined terms used in this Order have the same meaning as defined in the Settlement.

2.      The representations, agreements, terms, and conditions of the Settlement, as embodied in the Settlement and the exhibits attached thereto, are preliminarily approved pending a Final Approval Hearing on the Settlement as provided herein.

3.      For purposes of the proposed Settlement only, the Court preliminarily finds and determines that the Action may proceed as a class action pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure, and provisionally certifies the following Settlement Class:

All students enrolled in Columbia's Programs who were assessed Spring 2020 Fees, with the exception of: (i) any person who withdrew from Columbia on or before March 13, 2020; (ii) any person enrolled solely in a program for the Spring 2020 semester that was always and originally delivered as an online program; (iii) any person who properly executes and files a timely opt-out request to be excluded from the Settlement Class; and (iv) the legal representatives, successors or assigns of any such excluded person.

4.     For purposes of the proposed Settlement only, the Court preliminarily finds and determines, pursuant to Rules 23(a) and 23(b) of the Federal Rules of Civil Procedure, as follows: (a) the members of the Settlement Class are so numerous that their joinder in the Action would be impracticable; (b) there are questions of law and fact common to the Settlement Class, and those questions predominate over any individual questions; (c) the claims of Named Plaintiffs in the Action are typical of the claims of the Settlement Class; (d) Named Plaintiffs and Class Counsel will fairly and adequately protect the interests of the Settlement Class; and (e) a class action is superior to other available methods for fairly and efficiently adjudicating the Action.

5.     For purposes of the proposed Settlement only, the Court preliminarily appoints Named Plaintiffs Student A, Chris Riotta, Lisa Guerra, and Alexandra Taylor-Gutt as Settlement Class Representatives.

6.     For purposes of the proposed Settlement only, the Court preliminarily appoints the law firms of Gainey McKenna & Egleston and Anastopoulo Law Firm, LLC as Class Counsel to act on behalf of the Settlement Class and the Settlement Class Representatives with respect to the Settlement.  The Court preliminarily authorizes Class Counsel to enter into the Settlement on behalf of the Settlement Class Representatives and the Settlement Class, and to bind them all to the duties and obligations contained therein, subject to final approval by the Court of the Settlement.

7.      The Court appoints the firm of Simpluris, Inc. as Settlement Administrator to administer the notice procedure and distribute the Net Settlement Fund, under the supervision of Class Counsel.

8.      Having reviewed the proposed Short Form Notice of Proposed Class Action Settlement and Hearing ("Short Form Notice"), and the proposed Long Form Notice of Proposed Class Action Settlement and Hearing ("Long Form Notice"), submitted by the Parties as Exhibits A-1 and A-2 to the Settlement, the Court approves, as to form and content, such notice.

9.      The Court directs that the Settlement Administrator send via email the Short Form Notice to all Potential Settlement Class Members at the email address in the University Registrar's records by  January 7, 2022  (*thirty (30) days from the entry of this Order*). The Court further directs the Settlement Administrator to send the Short Form Notice via U.S. mail to the last known mailing address of all Potential Settlement Class Members for whom a valid email address is not available by  January 7, 2022  (*thirty (30) days from the entry of this Order*). Columbia will produce to the Settlement Administrator the last known email and postal addresses belonging to all Potential Settlement Class Members by  December 17, 2021  (*fourteen (14) days from the entry of this Order*).

10.     No later than  December 17, 2021  (*fourteen (14) days from the entry of this Order*), and before the issuance of the Short Form Notice, the Settlement Administrator shall establish the Settlement Website, which shall include, in downloadable format, the following: (i) the Long Form Notice; (ii) this Order; (iii) the Settlement (including all of its exhibits); and (iv) any other materials agreed upon by the Parties and/or required by the Court.

11.     The Court directs Columbia to cause the Short Form Notice to be published once in *Columbia Daily Spectator*, the student newspaper of Columbia, or a publication with

comparable reach, no later than seven (7) days following the emailing or mailing of the Short Form Notice.

12.     The Court further directs Columbia to provide a link to the Settlement Website at www.columbia.edu within one (1) business day of the Settlement Website being established.

13.     The Court finds and determines that (a) emailing and mailing the Short Form Notice, (b) publication of the Short Form Notice, (c) posting of the Long Form Notice on the Settlement Website, and (d) posting a link to the Settlement Website on Columbia's website, all pursuant to this Order, constitute the best notice practicable under the circumstances, constitute due and sufficient notice of the matters set forth in the notices to all persons entitled to receive such notices, and fully satisfy the requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, and all other applicable laws and rules.

14.     Any person falling within the definition of the Potential Settlement Class may, upon request, be excluded or "opt out" from the Settlement Class.  No Potential Settlement Class Member may both opt-out of the Settlement and object to the Settlement; a Potential Settlement Class Member must decide whether to opt-out of the Settlement or to object.

15.     Any person who desires to request exclusion from the Settlement Class must submit a written request for exclusion in the form and manner required by the notice. Such written request for exclusion must be mailed to the Settlement Administrator such that it is postmarked no later than _February 21, 2022_ (*forty-five (45) days from the issuance of the Short Form Notice*) (the "Objection/Exclusion Deadline"), and must: (a) include a statement requesting exclusion from the Settlement Class; (b) be personally signed by the Potential Settlement Class Member; and (c) include the Potential Settlement Class Member's name, address, telephone number, email address, and the caption for the Action.

16.     All persons who submit valid and timely written requests for exclusion as set forth in this Order and the notice shall have no rights under the Settlement, shall not share in the distribution of the Settlement Fund, and shall not be bound by the Settlement or any Final Judgment entered in this Action.

17.     A hearing will be held by this Court in the Courtroom of the Honorable Jesse M. Furman, United States District Court for the Southern District of New York, 40 Foley Square, New York, New York 10007, at __3:30p.m.__.m. on _____March 24_____, 2022 (*no less than seventy-five (75) days from the issuance of the Short Form Notice*) ("Final Approval Hearing"), to determine: (a) whether the Settlement should be approved as fair, reasonable, and adequate to the Settlement Class; (b) whether the proposed manner of distribution of the Net Settlement Fund should be approved as fair, reasonable, and adequate to the Settlement Class; (c) whether to approve the application of Class Counsel for an award of Attorneys' Fees and Litigation Expenses; (d) whether to approve the payment of a Case Contribution Award to the Settlement Class Representatives; (e) whether a Final Judgment should be entered; and (f) any other matters that may properly be brought before the Court in connection with the Settlement.  The Final Approval Hearing is subject to continuation or adjournment by the Court without further notice to the Settlement Class.  The Final Approval Hearing may be held in person, telephonically, or remotely via zoom or other electronic platform without further notice.  The Settlement Administrator shall post information about the Final Approval Hearing on the Settlement Website, and the Settlement Website should be checked for any changes to the date of the Final Approval Hearing or the manner in which it will be held.

18.     Prior to the Final Approval Hearing, in connection with the motion for final approval of the Settlement, Class Counsel shall serve and file a sworn statement from the

Settlement Administrator evidencing compliance with the provisions set forth above concerning the distribution of notice to the Settlement Class.

19.     Any Settlement Class Member may enter an appearance in the Action, at their own expense, individually or through counsel of their own choice.  If a Settlement Class Member does not enter an appearance, they will be represented by Class Counsel.

20.     Any Settlement Class Member who wishes to object to the Settlement, the manner of distribution of the Net Settlement Fund, the application for Case Contribution Awards and/or the Fee Award, or to appear at the Final Approval Hearing and show cause, if any, why the Settlement should not be approved as fair, reasonable, and adequate to the Settlement Class, why a Final Judgment should not be entered thereon, why the Case Contribution Awards should not be approved, or why the Fee Award should not be granted, may do so, but must proceed as set forth in this paragraph.  If a Settlement Class Member objects to the Settlement and the Settlement is nonetheless approved by the Court, then the objecting Settlement Class Member is a member of the Settlement Class and will receive their share of the Net Settlement Fund.  No Settlement Class Member or other person will be heard on such matters unless they have postmarked no later than the Objection/Exclusion Deadline a written objection that: (a) states that the person objecting is a Settlement Class Member; (b) includes the name, address, email, and telephone number of the Settlement Class Member objecting; (c) is personally signed by the objecting Settlement Class Member; (d) contains a statement that includes all objections, states whether each objection applies only to the objector, to a subset of the Settlement Class, or to the entire Settlement Class, and states the specific reasons for all objections, including any legal arguments and evidentiary support (including copies of any documents relied upon); and (e) includes a statement of whether the objector intends to appear at the Final Approval Hearing, with or without counsel.  Such written

objections, briefs, papers, and statements must be filed with the Court, and copies must be delivered by mail, hand, or overnight delivery services at the same time to the following counsel:

> Thomas J. McKenna
> Gainey McKenna & Egleston
> 501 Fifth Avenue, 19th Floor
> New York, New York, 10017
>
> Roy T. Willey, IV
> Anastopoulo Law Firm, LLC,
> 32 Ann Street
> Charleston, SC 29403
>
> *Class Counsel*
>
> Roberta A. Kaplan
> Gabrielle E. Tenzer
> Kaplan Hecker & Fink LLP
> 350 Fifth Avenue, 63rd Floor
> New York, NY 10118
>
> *Attorneys for Columbia*

21.     This Order shall constitute a "judicial order" within the meaning of the Family Educational Rights and Privacy Act ("FERPA"), 20 U.S.C. § 1232g and 34 C.F.R. § 99.31(a)(9), sufficient to compel Columbia to provide the "Class List" regarding Settlement Class Members (*i.e.*, directory information, as FERPA defines that term) to the Settlement Administrator in accordance with Paragraphs 10 and 19 of the Settlement.

22.     Any Settlement Class Member who does not make their objections in the manner and by the date set forth in Paragraph 20 of this Order shall be deemed to have waived any objections and shall be forever barred from raising such objections in this Action or any other action or proceeding, absent further order of the Court.

23.     Upon the Effective Date contemplated by Paragraph 1(h) of the Settlement, the Releasing Settlement Class Parties shall have fully, finally, and forever released all Released

Claims against the Released Columbia Parties, and shall forever be barred and enjoined from prosecuting any or all of the Released Claims against any of the Released Columbia Parties; and the Releasing Columbia Parties shall have fully, finally, and forever released all Released Claims against the Released Settlement Class Parties, and shall forever be barred and enjoined from prosecuting any or all of the Released Claims against any of the Released Settlement Class Parties.

24.     Upon the Effective Date contemplated by Paragraph 1(h) of the Settlement, only persons who are Settlement Class Members shall have rights in the distribution of the Settlement Fund created by the Settlement, except as provided in the Settlement.

25.     All funds held by the Escrow Agent shall be deemed and considered to be *in custodia legis* of the Court and shall remain subject to the jurisdiction of the Court until such time as the funds are distributed pursuant to the Settlement or further order of the Court.

26.     The application for Attorneys' Fees and the motion for final approval must be filed by February 7, 2022 (*fourteen (14) days prior to the Objection/Exclusion Deadline*). ~~All briefs and supporting documents in support of a request for Final Approval of the Settlement shall be filed by XXXXXXXXXXX (*ten (10) days prior to the Final Approval Hearing*).~~ Any opposition shall be filed within two weeks; any reply shall be filed within one week of any opposition and, regardless, no later than 10 days before the Fairness Hearing.

**Further Matters**

27.     All further proceedings in the Action are ordered stayed until Final Judgment or termination of the Settlement, whichever occurs earlier, except for those matters necessary to obtain and/or effectuate final approval of the Settlement.

28.     Members of the Settlement Class shall be bound by all determinations and judgments concerning the Settlement and Final Judgment as to the same, whether favorable or unfavorable.

29.     The Court retains jurisdiction to consider all further applications arising out of or in connection with the Settlement.  The Court may approve the Settlement, with such modifications as may be agreed to by the Parties, if appropriate, without further notice to the Settlement Class.

Date: ___December 3_____, 2021                _____

                                                JESSE M. FURMAN
                                                United States District Judge


In the brief seeking final approval of the settlement, counsel should address whether Student A should be permitted to remain pseudonymous given, among other things, the procedural posture of this case.  See ECF No. 61 ("The Court is skeptical that there is a valid basis for Plaintiff to proceed pseudonymously in this matter. But given Defendant's lack of objection, and the fact that Plaintiff's identity is not critical at this stage of the proceedings, the Court will leave things be for now. The Court will revisit the issue if or when an initial pretrial conference is held and/or discovery begins.").

The Clerk of Court is directed to terminate ECF No. 84.