UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

|  |  |  |
|---|---|---|
|  | : | Lead Case No. 20 Civ. 03208 (JMF) |
| IN RE COLUMBIA UNIVERSITY TUITION REFUND ACTION. | : |  |
|  | : |  |
|  | : |  |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

 

**MEMORANDUM OF LAW IN SUPPORT OF MOTION
GRANTING LEAVE TO INTERVENE AND RELATED RELIEF**

 

KARLINSKY LLC
MARTIN E. KARLINSKY, ESQ.
BONNIE H. WALKER, ESQ.
103 MOUNTAIN ROAD
CORNWALL-ON-HUDSON, NEW YORK 12520
646.437.1430

ATTORNEYS FOR MOVANTS

## Preliminary Statement

We submit this memorandum of law on behalf of Eric S. Brittain, Kaela Mei-Chee Chambers, Julian Callaghan, Joanna Christina Cortez, Anthony Sertel Dean, Antonio Rattes de Farias, Caitlin Ferrell, Kathryn Miller, Bradley M. Pitts, Grace A. Philips, Ava Ravich, Ana I. Dow Silva, Jaclyn E. Todd, Donovan Tolledo, and Ricardo J. Varona (collectively, "Movants") who are the named plaintiffs and putative class representatives in an action pending in this Court captioned *Eric S. Brittain, et al. v. Trustees of Columbia University in the City of New York*, 20 Civ. 9194 (PKC) (the "Brittain Action"). Movants request an order, pursuant to Fed. R. Civ. P. Rule 24(a)(2), granting them leave to intervene in the within-captioned action on the ground that they claim an interest relating to the property or transaction that is the subject of this action, and are so situated that disposing of the action may as a practical matter impair or impede their ability to protect their interest. Movants also request an order, pursuant to Fed. R. Civ. P. Rule 23(c)(5), certifying Movants, and all other persons who were enrolled at the graduate School of the Arts of Columbia University during the Spring semester of 2020 and following semesters, and who were following courses of study in film, sound art, and the visual arts, as a subclass in the within action; and finally, pursuant to Fed. R. Civ. P. Rule 23(g)(3), appointing Martin E. Karlinsky, Esq., and the law firm of Karlinsky LLC as interim counsel for such subclass. The facts are fully set forth in the supporting declaration of Martin E. Karlinsky, Esq., dated February 1, 2022, and in the interest of brevity are not repeated here.

## ARGUMENT

## POINT I

### FED. R. CIV. P. RULE 24(a)(2) PROVIDES FOR INTERVENTION AS OF RIGHT IN THE CIRCUMSTANCES PRESENT HERE

Fed. R. Civ. P. 24(a)(2), under the heading  "Intervention of Right," provides that "[o]n timely motion, the court must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest."  Fed. R. Civ. P. 24(a)(2).  "The movant's interest must be direct, substantial, and legally protectable in order to warrant intervention as of right."  *Travis v. Navient Corp.,* 284 F.Supp.3d 335, 342 (E.D.N.Y. 2018) (quoting *Wash. Elec. Coop., Inc. v. Mass. Mun. Wholesale Elec. Co.,* 922 F.2d 92, 96-97 (2d Cir. 1990)).  Moreover, intervention as of right in a class action is appropriate where a conflict of interest exists between the current class representatives and the proposed intervenors or the current class representatives otherwise do not adequately represent the proposed intervenors' interests.  *See In re Painewebber Ltd. Partnership Litig.,* 174 F.R.D. 35, 36 (S.D.N.Y. 1996).

We address the timeliness of this motion first, as it is a prerequisite to intervention.  *See Mastercard Int'l Inc. v. Visa Int'l Serv. Ass'n, Inc.,* 471 F.3d 377, 391 (2d Cir.2006).

> The determination of the timeliness of a motion to intervene is within the discretion of the district court, evaluated against the totality of the circumstances before the court.  Circumstances considered in this determination include: (1) how long the applicant had notice of the interest before [he] made the motion to intervene; (2) prejudice to existing parties from any delay; (3) prejudice to the applicant if the motion is denied; and (4) any unusual circumstances militating for or against a finding of timeliness.

*D'Amato v. Deutsche Bank,* 236 F.3d 78, 84 (2d Cir.2001) (internal citations and quotation marks omitted); *accord Holocaust Victim Assets Litig.,* 225 F.3d 191, 198 (2d Cir.2000).  "[T]he

length of an applicant's delay ... is among the most important factors to consider in a timeliness decision." *Hnot v. Willis Group Holdings Ltd.,* NO. 01 Civ. 6558(GEL), 2006 WL 3476746, at *2 (S.D.N.Y. Nov. 30, 2006) (internal citation and quotation marks omitted).

Movants have had notice of the "interest" which is threatened and which justifies intervention here only since early December 2021.  The parties to this action filed their joint motion for preliminary approval of their settlement on November 23, 2021.  Movants' counsel reviewed that motion within a week of its filing, noting the issue with the release.  Counsel raised the issue with Columbia's counsel in early January 2022, and by letter dated January 12, 2022, brought the matter to the attention of the Court.  The motion is made less than two months after counsel became aware of the issue, and any delay in bringing on the motion was due to its somewhat unusual procedural context and the need to consider and research how we could confidently avert harm to our clients.  We submit that in these circumstances, this motion satisfies the timeliness requirement.

To be sure, Movants' counsel were aware that there was overlap between the claims asserted in this action and the claims Movants had asserted in the Brittain Action because in both cases plaintiffs sought recovery of fees paid allocable to the Columbia Spring 2020 semester remote learning period.  We were unaware, however, that the proposed settlement would contain a form of release that would "as a practical matter impair or impede [their] ability to protect [their] interest[s]" asserted in the Brittain Action.  Nor could we have been aware of this threat to Movants' rights until notice of the parties' settlement had been filed.

Consideration of the other circumstances to which the Second Circuit has directed the Court equally justify a finding of timeliness.  No party to this action will suffer prejudice by reason of the timeliness of intervention.  To the contrary, intervention will simply put the issue

we raise in the proper procedural context so that it can be dealt with in connection with the

Court's consideration of the settlement the parties here have negotiated.  Movants, on the other

hand, will suffer substantial and manifest prejudice if intervention is not granted.  It is difficult to

imagine a situation more prejudicial than a circumstance in which parties, by settling a class

action, will have precluded a subclass from recovery for a claim that is not extant in the settling

case.  Moreover, the fact that, in settling their claims, the class representatives are agreeing to the

extinguishment of the surviving claims of the subclass demonstrates that the class representatives

are conflicted and have not adequately represented the interests of the proposed subclass.  *See In

re Painewebber Ltd. Partnership Litig.,* 174 F.R.D. at 36.  Finally, the gravity of the harm that

will result from denial of intervention is clearly an "unusual circumstance[s] militating for . . . a

finding of timeliness."  *D'Amato v. Deutsche Bank,* 236 F.3d at 84.

Because this motion is timely and because Movants and the putative class they seek to

represent in the Brittain Action claim an interest that will as a practical matter be impaired or

impeded by the disposition of this case, Rule 24(a) directs that Movants must be permitted to

intervene.

## POINT II

### THE COURT SHOULD PRELIMINARILY
### CERTIFY A SUBCLASS

Fed. R. Civ. P. Rule 23(c)(5) authorizes the Court to certify subclasses.  Each subclass

and its representatives must independently meet the requirement for maintenance of a class

action set forth under Rule 23(a).  *See, e.g., Burka v. N.Y.C.T.A.,* 110 F.R.D. 595, 601 (S.D.N.Y.

1986).  In this case, Movants seek certification of a subclass consisting of all persons who were

enrolled at the graduate School of the Arts of Columbia University, during the Spring semester

of 2020, and who were following courses of study in film, sound art, and the visual arts. Certification of the subclass is appropriate.

Since the Court has already preliminarily certified a class consisting of *all* students enrolled in Columbia University, intrinsic to that certification is that a smaller defined group among that larger class is an appropriate subclass so long as that subclass first meets the requisites of Fed. R. Civ. P. 23(a).  Based on the knowledge that the fifteen (15) Movants (the plaintiffs in the Brittain Action) have of the three courses of study in which they were enrolled and the cohorts within each, Movants estimate that this subclass consists of several hundred individuals and is therefore so numerous that joinder of all members is impracticable.  Fed. R. Civ. P. 23(a)(1).  It is clear and obvious, because of the partial overlap of claims in this case and in the Brittain Action, that there are questions of law or fact common to the subclass.  Fed. R. Civ. P. 23(a)(2).  So too is typicality satisfied, as the claims of the students who compose the subclass are essentially identical contract claims raising identical questions although based on different factual allegations.  Fed. R. Civ. P. 23(a)(3).  Finally, the representative parties— Movants—are adult graduates who have received or are pursuing graduate degrees in film, sound art, or visual art from Columbia University.  They, and especially the few who have been acting as effective lead plaintiffs, have been deeply interested and involved in the facts and the law in the Brittain Action and will fairly and adequately protect the interests of the subclass.  Fed. R. Civ. P. 23(a)(4).

Movants are confident that the Court will either deny approval of the settlement upon their objection based on the extinguishment of their claims in the Brittain Action, or modify the class release so as to preserve the claims Movants and the putative class possess as asserted and

pending in the Brittain Action. If, however, the Court does not do so, Movants wish to preserve

the right, as subclass representatives, to opt out for the entire subclass.

### POINT III

### THE COURT SHOULD APPOINT INTERIM
### COUNSEL FOR THE SUBCLASS

Fed. R. Civ. P. Rule 23(g)(3) authorizes the appointment of interim class counsel, or in

this case subclass counsel, and Movants seek an order appointing their lead counsel in the

Brittain Action—Martin E. Karlinsky, Esq., and the law firm of Karlinsky LLC—as interim

counsel for the subclass in this case.  The rule provides: "The court may designate interim

counsel to act on behalf of a putative class before determining whether to certify the action as a

class action."  Appointing interim counsel will both permit such counsel to effectively act for and

in the interests of the subclass.  It will also cure a serious conflict of interest inherent in the

structure of the proposed settlement in this case, a compelling reason for appointment of interim

counsel.

Simply put, the interests of the subclass as we have designated it and the interest of the

entire larger class in this case are divergent.  The larger class's interest is in a refund of fees paid

for the single semester of Spring 2020, and to accomplish that plaintiffs' counsel have crafted a

release that, if given effect, will extinguish meritorious claims of persons whom they purport to

represent.  This is a non-waivable conflict.  Class counsel should not continue to represent those

divergent interests.  The rule contemplates just such a situation.  Indeed, the Advisory

Committee notes state, in part, that "Where a class is found to include subclasses divergent in

interest, the class may be divided correspondingly, and each subclass treated as a class."

**CONCLUSION**

For all of the foregoing reasons, the motion should be granted in its entirety.

Dated:  Cornwall-on-Hudson, New York
        February 3, 2022

                                    Respectfully submitted,

                                    KARLINSKY LLC

                                    By: /s/ Martin E. Karlinsky
                                            Martin E. Karlinsky, Esq.
                                            Bonnie H. Walker, Esq.
                                    103 Mountain Road
                                    Cornwall-on-Hudson, New York 12520
                                    Office:  646.437.1430
                                    Mobile:  917.623.9102
                                    martin.karlinsky@karlinskyllc.com
                                    bonnie.walker@karlinskllc.com

                                    *Attorneys for Movant-Intervenors*