UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ x
                                                             :
IN RE COLUMBIA UNIVERSITY TUITION        :        Lead Case No. 1:20-cv-03208 (JMF)
REFUND ACTION                            :
                                                             :
------------------------------------------------------------x

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION
FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT
<u>AND APPROVAL OF MANNER OF DISTRIBUTION OF NET SETTLEMENT FUND</u>**

## <u>TABLE OF CONTENTS</u>

I.    INTRODUCTION……………………………………………………….....1

II.   FACTUAL BACKGROUND……………………………………………....... 2

III.  STANDARDS FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENTS…….6

      A.    The Law Favors and Encourages Settlements…………………………………6

      B.    The Settlement Must Be Procedurally and Substantively
            Fair, Adequate and Reasonable…………………………………………………6

      C.    The Proposed Settlement Is Procedurally and Substantively
            Fair, Adequate and Reasonable…………………………………………………9

            1.    The Settlement Satisfies the Requirements of Rule 23(e)(2)………………9

                  a.    Named Plaintiffs and Class Counsel Have Adequately
                        Represented the Settlement Class…………………………………....9

                  b.    The Proposed Settlement Was Negotiated at Arm's Length..…….10

                  c.    The Proposed Settlement Is Adequate in Light of the Litigation
                        Risk, Costs and Delays of Trial and Appeal…………………..…10

                        (1)    The Risks of Establishing Liability at Trial………………10

                        (2)    The Risks of Establishing Damages at Trial…………..…12

                        (3)    The Settlement Eliminates the Additional Costs and Delay
                               of Continued Litigation………………………………..…12

                  d.    The Proposed Method for Distributing Relief Is Effective………13

                  e.    Lead Counsel's Request for Attorneys' Fees Is Reasonable…….15

                  f.    The Settlement Ensures Settlement Class Members are Treated
                        Equitably……………………………………………………..…..15

            2.    The Settlement Satisfies the Remaining *Grinnel* Factors……………..…15

                  a.    The Lack of Objections to Date Supports Final Approval………..15

                  b.    Named Plaintiffs Had Sufficient Information to Make an Informed
                        Decision Regarding the Settlement……………..……………..16

c.      Maintaining Class-Action Status Through Trial Presents a
Substantive Risk…………………………………………………17

d.      Defendant's Ability to Withstand a Greater Judgment…..……17

e.      The Settlement Amount Is Reasonable in View of the Best
Possible Recovery and the Risks of Litigation………………...19

IV.    THE MANNER OF DISTRIBUTION OF THE NET
SETTLEMENT FUND IS FAIR AND ADEQUATE…………………………...…..20

V.     THE COURT SHOULD FINALLY CERTIFY THE SETTLEMENT
CLASS FOR PURPOSES OF EFFECTUATING THE SETTLEMENT……………....22

VI.    NOTICE TO THE SETTLEMENT CLASS SATISFIES THE
REQUIREMENTS OF RULE 23 AND DUE PROCESS………………………….…23

VII.   CONCLUSION……………………………………………………………………..25

## **TABLE OF AUTHORITIES**

### **Cases**

*Arbuthnot v. Pierson*,
    607 F. App'x 73 (2d Cir. 2015) .............................................................................16

*Cardiology Assocs., P.C. v. Nat'l Intergroup, Inc.*,
    1987 WL 7030 (S.D.N.Y. Feb. 13, 1987)...............................................................11

*Castagna v. Madison Square Garden, L.P.*,
    2011 WL 2208614 (S.D.N.Y. June 7, 2011) .....................................................11, 18

*Charron v. Pinnacle Grp. NY LLC*,
    874 F. Supp. 2d 179 (S.D.N.Y. 2012)....................................................................10

*Charron v. Wiener*,
    731 F.3d 241 (2d. Cir. 2013).................................................................................10

*Christine Asia Co. v. Jack Yun Ma*,
    2019 WL 5257534 (S.D.N.Y. Oct. 16, 2019) ....................................................18, 20

*City of Providence v. Aeropostale, Inc.*,
    2014 WL 1883494 (S.D.N.Y. May 9, 2014) .....................................................16, 18

*D'Amato v. Deutsche Bank*,
    236 F.3d 78 (2d Cir. 2001)......................................................................................8

*Detroit v. Grinnell Corp.*,
    495 F.2d 448 (2d Cir. 1974)........................................................................ *passim*

*Fleisher v. Phoenix Life Ins. Co.*,
    2015 WL 10847814 (S.D.N.Y. Sept. 9, 2015)........................................................19

*Gay v. Tri-Wire Eng'g Solutions, Inc.*,
    2014 WL 28640 (E.D.N.Y. Jan. 2, 2014) ...............................................................19

*Hicks v. Morgan Stanley*,
    2005 WL 2757792 (S.D.N.Y. Oct. 24, 2005)..........................................................13

*In re "Agent Orange" Prod. Liab. Litig.*,
    597 F. Supp. 740 (E.D.N.Y. 1984) .........................................................................19

*In re Advanced Battery Techs., Inc. Sec. Litig.*,
    298 F.R.D. 171 (S.D.N.Y. 2014) .................................................................. *passim*

*In re Bear Stearns Cos., Inc. Sec., Derivative & ERISA Litig.*,
  909 F. Supp. 2d 259 (S.D.N.Y. 2012)....................................................................16

*In re Chrysler-Dodge-Jeep Ecodiesel Mktg., Sales Practices & Prods. Liability Litig.*,
  2019 WL 2554232 (N.D. Cal. May 3, 2019) ........................................................8, 9

*In re Facebook, Inc.*,
  343 F. Supp. 3d 394 (S.D.N.Y 2018)................................................................16, 20

*In re Glob. Crossing Sec. & ERISA Litig.*,
  225 F.R.D. 436 (S.D.N.Y. 2004) ................................................................. *passim*

*In re Hi-Crush Partners L.P. Sec. Litig.*,
  2014 WL 7323417 (S.D.N.Y. Dec. 19, 2014) ........................................................17

*In re Metlife Demutualization Litig.*,
  689 F. Supp. 2d 297 (E.D.N.Y. 2010) ..................................................................20

*In re Namenda Direct Purchaser Antitrust Litig.*,
  2020 WL 2749223 (S.D.N.Y. May 27, 2020) ..........................................................8

*In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig.*,
  330 F.R.D. 11 (E.D.N.Y. 2019)............................................................................7, 8

*In re Sony SXRD Rear Projection Television Class Action Litig.*,
  2008 WL 1956267 (S.D.N.Y. May 1, 2008) ......................................................18, 19

*In re Telik, Inc. Secs. Litig.*,
  576 F. Supp. 2d 570 (S.D.N.Y. 2008)....................................................................22

*In re Veeco Instruments Inc. Sec. Litig.*,
  2007 WL 4115809 (S.D.N.Y. Nov. 7, 2007)......................................................16, 22

*In re WorldCom, Inc. Sec. Litig.*,
  388 F. Supp. 2d 319 (S.D.N.Y. 2005)....................................................................20

*Maley v. Del Global Tech Corp.*,
  186 F. Supp. 2d 358 (S.D.N.Y. 2002)....................................................................11

*Martignago v. Merrill Lynch & Co., Inc.*,
  2013 WL 12316358 (S.D.N.Y. Oct. 3, 2013) .........................................................16

*Massiah v. MetroPlus Health Plan, Inc.*,
  2012 WL 5874655 (E.D.N.Y. Nov. 20, 2012)......................................................19, 20

*McMahon v. Olivier Cheng Catering & Events, LLC,*
   2010 WL 2399328 (S.D.N.Y. Mar. 3, 2010) ....................................................................6, 10, 18

*Newman v. Stein,*
   464 F.2d 689 (2d Cir. 1972)......................................................................................................19

*Ortega v. Uber Techs.,*
   2018 WL 4190799 (E.D.N.Y. May 4, 2018) ............................................................................24

*Park v. Thomson Corp.,*
   2008 WL 4684232 (S.D.N.Y. Oct. 22, 2008) ..........................................................................22

*Stougo v. Bassini,*
   258 F. Supp. 2d 254 (S.D.N.Y. 2003).......................................................................................13

*Sykes v. Mel Harris & Assocs. LLC,*
   2016 WL 3030156 (S.D.N.Y. May 24, 2016) ..........................................................................20

*Thompson v. Metro Life Ins. Co.,*
   216 F.R.D. 55 (S.D.N.Y. 2003) ..................................................................................................8

*Vargas v. Capital One Fin. Advisors,*
   559 F. App'x 22 (2d Cir. 2014) ................................................................................................23

*Velez v. Majik Cleaning Sev., Inc.,*
   2007 WL 7232783 (S.D.N.Y. June 25, 2007) ..........................................................................11

*Wal-Mart Stores, Inc. v. Visa U.S.A. Inc.,*
   396 F.3d 96 (2d Cir. 2005)............................................................................................. *passim*

*Wright v. S. New Hampshire Univ.,*
   2021 WL 1617145 (D.N.H. Apr. 26, 2021)..............................................................................24

*Yuzary v. HSBC Bank, USA, N.A.,*
   2013 WL 5492998 (S.D.N.Y. Oct. 2, 2013) ........................................................................8, 16

Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, Plaintiffs Student A,[1] Chris Riotta, Lisa Guerra and Alexandra Taylor-Gutt ("Named Plaintiffs"), on behalf of themselves and the Settlement Class, respectfully submit this memorandum of law in support of their motion for final approval of the $12,500,000.00 Settlement (the "Settlement Amount") reached in this action (the "Litigation") and approval of the manner of distribution of the Net Settlement Fund (the "Distribution"). The terms of the Settlement are set forth in the Stipulation and Agreement of Settlement, dated November 23, 2022 (the "Stipulation").  ECF No. 86-1.[2]

## I.    **INTRODUCTION**

In this putative class action, Named Plaintiffs allege that they and other similarly situated students had a contract with Columbia for an on-campus course of study at Columbia and prepaid tuition and various fees in exchange for Columbia's promise to provide the unique benefits of an in-person, on-campus educational experience. ¶¶80-155.[3] Named Plaintiffs further allege that when Columbia transitioned Spring 2020 classes to remote learning as part of its response to the COVID-19 pandemic, the alleged contract was breached. *Id*. Named Plaintiffs also allege

---

[1]    Student A was a graduate level student at Columbia during the Spring 2020 term, and a qualifying member of the Settlement Class as defined herein. Student A is planning a career in academia, and therefore, while his name has been made known to Columbia and can be made known to the Court *in camera*, he desires to remain anonymous on the public index out of fear of retribution in his future career in academia. Naming of Student A is not necessary for the relief requested herein and doing such will only punish Student A for his efforts in this litigation. He was the first to file a complaint against Columbia University ("Columbia" or "Defendant") and has been very active in the litigation.

[2]    All capitalized terms not otherwise defined herein shall have the meanings set forth in the Stipulation (ECF No. 86-1) and the Joint Declaration of Roy T. Willey, IV and Thomas J. McKenna in Support of Motion for Final Approval of Class Action Settlement and Approval of the Manner of Distribution of the Net Settlement Fund and an Award of Attorneys' Fees and Expenses and an Award to Named Plaintiffs ("Joint Decl."), submitted herewith. Citations are omitted and emphasis is added throughout unless otherwise noted.

[3]    Unless otherwise noted, all references to "¶__" or "¶¶__" are to the Consolidated Second Amended Complaint filed on July 22, 2022. ECF No. 42.

Columbia's shift to remote education gave rise to the claims of unjust enrichment, conversion, and amounted to a violation of New York General Business Law §§ 349 and 350. ¶¶156-258.

All claims for a refund of tuition were dismissed but the breach of contract claim for a refund of other fees paid survived the motion to dismiss. Opinion and Order (ECF No. 62). The $12.5 million settlement amount represents one hundred percent (100%) of the liability for any alleged damages sustained by the proposed Settlement Class as to fees paid and not refunded ($8.56 million), *see* Declaration of Mark Hawkins ("Hawkins Decl.") (ECF No. 86-7), the only claim remaining undismissed, plus an additional approximately $4.0 million to account for the risks of additional litigation, as well as administrative expenses, attorneys' fees, and incentive awards to Named Plaintiffs.  The Settlement would resolve the claims of Named Plaintiffs as well as the claims of all those similarly situated.[4]

The Settlement represents an excellent result for the Settlement Class and thus satisfies each of the Rule 23(e)(2) factors, as well as the factors set forth in the Second Circuit decision of *Detroit v. Grinnell Corp.*, 495 F.2d 448 (2d Cir. 1974). The Settlement is especially beneficial to the Settlement Class in light of the substantial litigation risks Named Plaintiffs faced. Named Plaintiffs and Class Counsel had a thorough understanding of the strengths and weaknesses of the case before reaching the Settlement as they had conducted significant factual investigation into the merits of their claims, engaged in multiple rounds of briefing in connection with Defendant's motions to dismiss, engaged in protracted settlement negotiations and exchanged damages information with Defendant as part of the settlement process. Joint Decl. ¶50.

---

[4]     On February 1, 2022, a motion to intervene was filed in the action pursuant to Fed. R. Civ. P. Rule 24(a)(2), requesting leave to intervene because movants' claim an interest relating to the property or transaction that is the subject of this action. ECF No. 90 ("Motion to Intervene").

Given the risks to proceeding with litigation and that the Settlement achieved a recovery above the actual damages sustained, Named Plaintiffs respectfully submit the $12.5 million Settlement and the proposed Distribution are fair and reasonable in all respects. Accordingly, Named Plaintiffs respectfully request the Court grant final approval of the settlement under Rule 23(e) of the Federal Rules of Civil Procedure.

## II.    FACTUAL BACKGROUND

On April 23, 2020, a pseudonymous plaintiff known as Student A filed a class action complaint in the United States District Court for the Southern District of New York styled *Student A v. Board of Trustees of Columbia University in The City Of New York*, Case No. 1:20-cv-3208 (the "First Action"). Joint Decl., ¶11.  That same day, a class action complaint was filed in the United States District Court for the Southern District of New York styled *Bennett, et al. v. Columbia University*, Case No. 1:20-cv-3227 (the "Second Action"). *Id*.

On May 1, 2020, Plaintiff Alasdair Tremlett withdrew from the Second Action, and plaintiffs Emmaline Bennett, Chris Riotta, Lisa Guerra, and Alexandra Taylor-Gutt filed an Amended Complaint in the Second Action. *Id*., ¶12. On May 5, 2020, the two actions were consolidated under the caption *In Re Columbia University Tuition Refund Action*, Lead Case No. 1:20-cv-03208 (JMF) (the "Action") (ECF 13). *Id*., ¶13.

On June 5, 2020, Plaintiff Emmaline Bennett withdrew from the Action (ECF 25), and Named Plaintiffs filed a Consolidated Complaint (ECF 26). *Id*., ¶14. On June 9, 2020, Named Plaintiffs filed a Consolidated Amended Class Action Complaint (ECF 28). *Id*., ¶15. On June 22, 2020, Columbia filed a Motion to Dismiss. (ECF 35–36). *Id*., ¶16.

On July 22, 2020, Named Plaintiffs filed a Consolidated Second Amended Class Action Complaint (the "SAC") (ECF 42). *Id*., ¶17. The SAC alleged that Named Plaintiffs and putative

class members are entitled to refunds of tuition, fees, and other charges because, beginning in March 2020, Columbia provided classes remotely in response to the COVID-19 pandemic. ¶¶1-4. The SAC alleged that Named Plaintiffs and all other Columbia students who paid tuition and fees for the Spring 2020 semester had a contract with Columbia which entitled them to in-person instruction, and by switching to remote education in response to the pandemic, Columbia breached that implied contract. ¶¶80-155. Named Plaintiffs also contended that Columbia's shift to remote education gave rise to claims of unjust enrichment, conversion, and amounted to a violation of New York General Business Law sections 349 and 350. ¶¶156-258. Named Plaintiffs sought damages representing the "difference between the fair market value of the online learning provided versus the fair market value of the live, in-person instruction in a physical classroom" and/or an equivalent refund. ¶ 155.

The SAC sought certification of a putative class of plaintiffs comprising:

**The Tuition Class:**

All people who paid tuition for or on behalf of students enrolled in classes at the University for the Spring 2020 semester but were denied live, in-person instruction and forced to use online distance learning platforms for the latter portion of that semester.

**The Fees Class:**

All people who paid fees for or on behalf of students enrolled in classes at the University for the Spring 2020 semester.

(*Id.* ¶ 68).

On July 27, 2020, Columbia informed the Court it intended to adhere to its previously filed Motion to Dismiss. (ECF 43). Joint Decl., ¶20. On August 14, 2020, Named Plaintiffs filed their opposition to the Motion to Dismiss.  (ECF 45). *Id.*, ¶21. On August 21, 2020, Columbia filed its Reply in support of its Motion to Dismiss. (ECF 46). *Id.*, ¶22.

On February 26, 2021, the Court issued its decision on the Motion to Dismiss, dismissing all contract claims seeking a refund of tuition payments but sustaining Named Plaintiffs' breach of contract claims seeking a refund of fee payments. All claims for unjust enrichment, conversion, and violations of the New York General Business Law as to both tuition and fee payments were dismissed. (ECF 62). *Id.*, ¶23.

Thereafter, the Parties exchanged detailed information related to the amount of fee payments made by or on behalf of the putative class members for the Spring 2020 semester and exchanged proposals in an effort to reach a settlement of the Action. *Id.*, ¶24. On October 6, 2021, the Parties informed the Court they had reached a settlement in principle. *Id.*, ¶25. The Court ordered the Parties to file a motion for preliminary approval of the settlement by November 23, 2021. (ECF 83). In advance of that deadline, the Parties negotiated the terms of the Settlement and its supporting exhibits. *Id.* On December 3, 2021, the Court granted preliminary approval of the Settlement, and ordered the Parties to file a motion for final approval by February 7, 2022. (ECF 87).

Named Plaintiffs believe the claims asserted in the Action have merit. Nonetheless, Named Plaintiffs and their counsel recognized Columbia raised factual and legal defenses in the Action, partially accepted by the Court, which presented risks Named Plaintiffs may not prevail at trial or on appeal. *Id.*, ¶26. Named Plaintiffs and their counsel also took into account the costs, risks, and delays associated with the continued litigation of the Action, including litigating any appeal of the dismissal of all claims seeking a refund of tuition. *Id.* Therefore, Named Plaintiffs and their counsel believed it was prudent that the Released Claims be fully and finally compromised, settled, and resolved with prejudice, and barred under the terms and conditions set forth in the Settlement. *Id.*

Based on their comprehensive examination and evaluation of the law and facts relating to the matters at issue in the Action, Named Plaintiffs' counsel have concluded that the terms and conditions of the Settlement are fair, reasonable, and adequate to resolve the alleged claims of the Settlement Class Members, and that it is in the best interests of the Settlement Class Members to settle the claims raised in the Action under the terms and conditions set forth in the Settlement. *Id.*, ¶27.

## III.   STANDARDS FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENTS

### A.   The Law Favors and Encourages Settlements

"Courts examine procedural and substantive fairness in light of the 'strong judicial policy favoring settlements' of class action suits." *McMahon v. Olivier Cheng Catering & Events, LLC*, 2010 WL 2399328, at *3 (S.D.N.Y. Mar. 3, 2010) (citing *Wal-Mart Stores, Inc. v. Visa U.S.A. Inc.*, 396 F.3d 96, 116 (2d Cir. 2005)); *see also In re Advanced Battery Techs., Inc. Sec. Litig.*, 298 F.R.D. 171, 174 (S.D.N.Y. 2014) ("The law favors settlement, particularly in class actions and other complex cases where substantial resources can be conserved by avoiding the time, cost and rigor of prolonged litigation."). Thus, the Second Circuit has instructed that, while a court should not give "rubber stamp approval" to a proposed settlement, it should "stop short of the detailed and thorough investigation that it would undertake if it were actually trying the case." *Grinnell*, 495 F.2d at 462.

As set forth below, the $12.5 million Settlement here, particularly in light of the significant litigation risks Named Plaintiffs faced, is manifestly reasonable, fair, and adequate under all of the pertinent factors courts use to evaluate a settlement.  Accordingly, the Settlement warrants final approval from this Court. Joint Decl., ¶44.

### B.   The Settlement Must Be Procedurally and
Substantively Fair, Adequate and Reasonable

Federal Rule of Civil Procedure 23(e) requires judicial approval of a class action settlement. Rule 23(e)(2), as amended, provides courts should consider certain factors when determining whether a class action settlement is "fair, reasonable and adequate" such that final approval is warranted:

(A)     the class representatives and class counsel have adequately represented the class;

(B)     the proposal was negotiated at arm's length;

(C)     the relief provided for the class is adequate, taking into account:

    (i)     the costs, risks and delay of trial and appeal;

    (ii)     the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;

    (iii)     the terms of any proposed award of attorneys' fees, including timing of payment; and

    (iv)     any agreement required to be identified under Rule 23(e)(3); and

(D)     the proposal treats class members equitably relative to each other.

Fed. R. Civ. P. 23(e)(2).

In addition, the Second Circuit considers the following factors (the "*Grinnell* Factors"), which overlap with the Rule 23(e)(2) factors, when determining whether to approve a class action settlement: (1) the complexity, expense and likely duration of the litigation; (2) the reaction of the class to the settlement; (3) the stage of the proceedings and the amount of discovery completed; (4) the risks of establishing liability; (5) the risks of establishing damages; (6) the risks of maintaining the class action through the trial; (7) the ability of defendants to withstand a greater judgment; (8) the range of reasonableness of the settlement fund in light of the best possible recovery; and (9) the range of reasonableness of the settlement fund to a possible recovery in light of all of the attendant risks of litigation. *Grinnell*, 495 F.2d at 463; *see also In re Payment Card*

*Interchange Fee & Merch. Disc. Antitrust Litig.*, 330 F.R.D. 11, 29 (E.D.N.Y. 2019) (explaining that "the new Rule 23(e) factors [] add to, rather than displace, the *Grinnell* Factors," and "there is significant overlap" between the two "as they both guide a court's substantive, as opposed to procedural, analysis"); *see also In re Namenda Direct Purchaser Antitrust Litig.*, 2020 WL 2749223, at *2-3 (S.D.N.Y. May 27, 2020).

 For a settlement to be deemed substantively and procedurally fair, reasonable and adequate, not every factor need be satisfied.  "[R]ather, the court should consider the totality of these factors in light of the particular circumstances." *Thompson v. Metro Life Ins. Co.*, 216 F.R.D. 55, 61 (S.D.N.Y. 2003) (citing *D'Amato v. Deutsche Bank*, 236 F.3d 78, 86 (2d Cir. 2001)).  Additionally, "'[a]bsent fraud or collusion, courts should be hesitant to substitute their judgment for that of the parties who negotiated the settlement.'" *Yuzary v. HSBC Bank, USA, N.A.*, 2013 WL 5492998, at *4 (S.D.N.Y. Oct. 2, 2013); *see also In re Glob. Crossing Sec. & ERISA Litig.*, 225 F.R.D. 436, 455 (S.D.N.Y. 2004) (courts should not substitute their "'business judgment for that of counsel, absent evidence of fraud or overreaching.'").

 Under amended Rule 23(e)(2), courts now "must assess at the preliminary approval stage whether the parties have shown that the court will likely find that the [Rule 23(e)(2)] factors weigh in favor of final settlement approval." *Payment Card Interchange*, 330 F.R.D. at 28. As set forth in Plaintiffs' Memorandum of Law in Support of Unopposed Motion for Preliminary Approval of the Proposed Settlement and Provisional Certification of the Proposed Settlement Class (ECF No. 85) and acknowledged by this Court's Preliminary Approval Order (ECF No. 87), Named Plaintiffs initially met all of the requirements imposed by Rule 23(e)(2). Courts have noted that a plaintiff's satisfaction of these factors is virtually assured where, as here, little has changed between preliminary approval and final approval. *See In re Chrysler-Dodge-Jeep Ecodiesel Mktg.,*

*Sales Practices & Prods. Liability Litig.*, 2019 WL 2554232, at *2 (N.D. Cal. May 3, 2019) (finding that the "conclusions [made in granting preliminary approval] stand and counsel equally in favor of final approval now"); *Snyder v. Ocwen Loan Servicing, LLC*, 2019 WL 2103379, at *4 (N.D. Ill. May 14, 2019) (noting in analyzing Rule 23(e)(2) that "[s]ignificant portions of the Court's analysis remain materially unchanged from the previous order [granting preliminary approval]").

      **C.**    **The Proposed Settlement Is Procedurally**
             **and Substantively Fair, Adequate and Reasonable**

          **1.**      **The Settlement Satisfies the Requirements of Rule 23(e)(2)**

              *a.*    *Named Plaintiffs and Class Counsel Have Adequately*
                     *Represented the Settlement Class*

The determination of adequacy "typically 'entails inquiry as to whether: (1) plaintiff's interests are antagonistic to the interest of other members of the class and (2) plaintiff's attorneys are qualified, experienced, and able to conduct the litigation.'" *Cordes & Co. Fin. Servs. v. A.G. Edwards & Sons, Inc.*, 502 F.3d 91, 99 (2d Cir. 2007). Here, Named Plaintiffs' interests are not antagonistic to, and in fact are directly aligned with, the interests of other Members of the Settlement Class. Additionally, Named Plaintiffs and Class Counsel have adequately represented the Settlement Class by zealously prosecuting this action, including by, among other things, extensive investigation and other litigation efforts throughout the prosecution of the Action, including, *inter alia*: (1) researching and drafting the initial complaints in the Action and the amended complaints; (2) researching the applicable law with respect to the claims in the Action and the potential defenses thereto; (3) reviewing, researching and opposing Defendant's motion to dismiss; (4) actively participating in similar College and University Class Actions filed across the country and (5) engaging in extensive settlement discussions with Defendant's Counsel and the

exchange of information pertaining to the damages suffered by the Class. *See generally* Joint Decl. at ¶40. Through each step of the Action, Named Plaintiffs and Class Counsel have strenuously advocated for the best interests of the Settlement Class. Named Plaintiffs and Class Counsel therefore satisfy Rule 23(e)(2)(A) for purposes of final approval.

### b. *The Proposed Settlement Was Negotiated at Arm's Length*

Named Plaintiffs satisfy Rule 23(e)(2)(B) because the Settlement is the product of arm's-length negotiations between the parties' counsel, with no hint of collusion. Joint Decl., ¶40. It is well-settled in this Circuit that "a class action settlement enjoys a strong 'presumption of fairness' where it is the product of arm's-length negotiations concluded by experienced, capable counsel." *Advanced Battery*, 298 F.R.D. at 175 (citing *Wal-Mart Stores*, 396 F.3d at 116); *see also Charron v. Pinnacle Grp. NY LLC*, 874 F. Supp. 2d 179, 195 (S.D.N.Y. 2012) ("Recommendations of experienced counsel are entitled to great weight in evaluating a proposed settlement in a class action because such counsel are most closely acquainted with the facts of the underlying litigation."), *aff'd sub nom. Charron v. Wiener*, 731 F.3d 241 (2d. Cir. 2013); *McMahon*, 2010 WL 2399328, at *4 (settlement was "procedurally fair, reasonable, adequate and not a product of collusion" where it was reached after "arm's-length negotiations between the parties"). Accordingly, this factor weighs heavily in favor of the Court granting final approval of the Settlement.

### c. *The Proposed Settlement Is Adequate in Light of the Litigation Risks, Costs and Delays of Trial and Appeal*

Rule 23(e)(2)(C)(i) and the first, fourth and fifth *Grinnell* factors overlap, as they address the substantive fairness of the Settlement in light of the risks posed by continuing litigation. As set forth below, these factors weigh in favor of final approval.

### (1) <u>The Risks of Establishing Liability at Trial</u>

In considering this factor, "the Court need only assess the risks of litigation against the certainty of recovery under the proposed settlement." *Glob. Crossing*, 225 F.R.D. at 459. "In assessing the settlement, the Court should balance the benefits afforded to members of the Class and the immediacy and certainty of a substantial recovery for them against the continued risks of litigation." *Castagna v. Madison Square Garden, L.P.*, 2011 WL 2208614, at *6 (S.D.N.Y. June 7, 2021) (citing *Maley v. Del Global Tech Corp.*, 186 F. Supp. 2d 358, 364 (S.D.N.Y. 2002)). Indeed, courts have recognized that "[l]itigation inherently involves risks." *Id.* Named Plaintiffs expect, were the Action to proceed, Columbia would continue to contest all elements of Named Plaintiffs' surviving claims during the remaining stages of the Action, including during discovery, class certification and summary judgment. The outcome of the Action cannot be certain, and in the event it proceeded to trial, it would be a lengthy and complex affair: even if Named Plaintiffs could establish liability, they would still have to prove damages on their claim for a partial refund of fees and certify a litigation class. Joint Decl., ¶41. *See also Cardiology Assocs., P.C. v. Nat'l Intergroup, Inc.*, 1987 WL 7030, at *3 (S.D.N.Y. Feb. 13, 1987) ("There is a substantial risk that the plaintiff might not be able to establish liability at all and, even assuming a favorable jury verdict, if the matter is fully litigated and appealed, any recovery would be years away.").

Evaluated against these risks, a $12.5 million recovery now is an excellent result for the Settlement Class as it is ***100%*** of the amount Named Plaintiffs could have achieved at trial on the claim for a partial refund of fees (approximately $8.5 million), plus an additional $4 million dollars. Joint Decl., ¶¶8, 42, 61. The Settlement "benefits each plaintiff in that he or she will recover a monetary award immediately, without having to risk that an outcome unfavorable to the plaintiffs will emerge from a trial." *Velez v. Majik Cleaning Sev., Inc.*, 2007 WL 7232783, at *6 (S.D.N.Y. June 25, 2007). In this Action, the Settlement Class Members will receive a meaningful

11

and tangible present recovery from the Settlement. With final Court approval, these funds will be distributed in a matter of months, rather than years (or never), which is particularly important given the additional hardships imposed by the COVID-19 pandemic. Joint Decl., ¶42.

Although Named Plaintiffs and Class Counsel firmly believe that the claims asserted in the Action are meritorious and that they would prevail at trial, further litigation against Defendant posed numerous risks which made any recovery uncertain. Joint Decl., ¶43.

### (2)    The Risks of Establishing Damages at Trial

The risks of establishing liability apply with equal force to establishing damages. Had litigation continued, Named Plaintiffs would have relied heavily on expert testimony to establish damages, likely leading to a battle of the experts at trial and a *Daubert* challenge. *Id*., ¶44. If the Court were to determine that one or more of Named Plaintiffs' experts should be excluded from testifying at trial, Named Plaintiffs' case would become much more difficult to prove. *Id*. Thus, in light of the significant risks Named Plaintiffs faced at the time of the Settlement with regard to establishing damages, this factor weighs heavily in favor of final approval. *Id*.

### (3)    The Settlement Eliminates the Additional Costs and Delay of Continued Litigation

The anticipated complexity, cost, and duration of the Action would be considerable. *See Advanced Battery*, 298 F.R.D. at 175 ("the complexity, expense, and likely duration of litigation are critical factors in evaluating the reasonableness of a settlement"). Indeed, if not for the Settlement, there was a high likelihood of even more expensive and protracted litigation. Joint Decl., ¶45. Such would consume significant funds and expose Named Plaintiffs and the Class to risk and uncertainty. The subsequent motion for class certification and summary judgment, as well as the preparation for what would likely be a multi-week trial, would have caused the Action to persist for several more years before the Settlement Class could possibly receive any recovery. *Id*.

Such a lengthy and highly uncertain process would not serve the best interests of the Settlement

Class compared to the immediate, certain monetary benefits of the Settlement. *Id*. *See also Stougo*

*v. Bassini*, 258 F. Supp. 2d 254, 261 (S.D.N.Y. 2003) ("even if a […] class member was willing

to assume all the risks of pursuing the actions through further litigation . . . the passage of time

would introduce yet more risks . . . and would, in light of the time value of money, make future

recoveries less valuable than this current recovery"); *Hicks v. Morgan Stanley*, 2005 WL 2757792,

at *6 (S.D.N.Y. Oct. 24, 2005) ("Further litigation would necessarily involve further costs [and]

justice may be best served with a fair settlement today as opposed to an uncertain future settlement

or trial of the action."). Accordingly, the Rule 23(e)(2)(C)(i) factor, as well as the first, fourth and

fifth *Grinnell* factors, all weigh in favor of final approval.

### d.    The Proposed Method for Distributing Relief Is Effective

With respect to Rule 23(e)(2)(C)(ii), Named Plaintiffs and Class Counsel have taken

appropriate steps to ensure that the Settlement Class is notified about the Settlement. Pursuant to

the Preliminary Approval Order (ECF No. 87), the Court directed the following:

> The Court appoints the firm of Simpluris, Inc. as Settlement Administrator to
> administer the notice procedure and distribute the Net Settlement Fund, under the
> supervision of Class Counsel.
>
> Having reviewed the proposed Short Form Notice of Proposed Class Action
> Settlement and Hearing ("Short Form Notice"), and the proposed Long Form
> Notice of Proposed Class Action Settlement and Hearing ("Long Form Notice"),
> submitted by the Parties as Exhibits A-1 and A-2 to the Settlement, the Court
> approves, as to form and content, such notice.
>
> The Court directs that the Settlement Administrator send via email the Short Form
> Notice to all Potential Settlement Class Members at the email address in the
> University Registrar's records by **January 7, 2022** (*thirty (30) days from the entry*
> *of this Order*).  The Court further directs the Settlement Administrator to send the
> Short Form Notice via U.S. mail to the last known mailing address of all Potential
> Settlement Class Members for whom a valid email address is not available by
> **January 7, 2022** (*thirty (30) days from the entry of this Order*).  Columbia will
> produce to the Settlement Administrator the last known email and postal addresses

13

belonging to all Potential Settlement Class Members by **December 17, 2021** (*fourteen (14) days from the entry of this Order*).

No later than December 17, 2021 (*fourteen (14) days from the entry of this Order*), and before the issuance of the Short Form Notice, the Settlement Administrator shall establish the Settlement Website, which shall include, in downloadable format, the following: (i) the Long Form Notice; (ii) this Order; (iii) the Settlement (including all of its exhibits); and (iv) any other materials agreed upon by the Parties and/or required by the Court.

The Court directs Columbia to cause the Short Form Notice to be published once in Columbia Daily Spectator, the student newspaper of Columbia, or a publication with comparable reach, no later than seven (7) days following the emailing or mailing of the Short Form Notice.

The Court further directs Columbia to provide a link to the Settlement Website at www.columbia.edu within one (1) business day of the Settlement Website being established.

*See* Order (ECF No. 87) at pp. 3-4; *see also* Declaration of Mary Butler setting forth the details concerning the notice dissemination, publication, and requests for exclusion or objections received to date ("Butler Decl."), ¶¶5-8, 10-11, submitted as Ex. G to the Joint Decl. Additionally, a settlement-specific website was created where key Settlement documents were posted, including (i) the Long Form Notice; the Court's Order (ECF No. 87); and (iii) the Stipulation of Settlement (including all of its exhibits). *Id.*, ¶9. Settlement Class Members have until February 21, 2022 to object to the Settlement or request exclusion from the Settlement Class. While that date has not yet passed, to date there have been no objections to the Settlement, and no individual opt-out requests, other than the motion to intervene from the named plaintiffs at the graduate School of Arts of Columbia University who filed an action after this one, captioned *Brittain v. Trustees of Columbia University in the City of New York*, No. 20 Civ. 9194 (S.D.N.Y.).[5] Joint Decl., ¶46. This factor therefore supports final approval.

---

[5]     It should also be noted that paragraph No. 10 of the Long-Form Notice specifically cited to the *Brittain* action and advised those students that if they wished to continue as a member of the *Brittain* action, they simply needed to opt-out of this Settlement.

### e.  *Lead Counsel's Request for Attorneys' Fees Is Reasonable*

Rule 23(e)(2)(C)(iii) addresses "the terms of any proposed award of attorney's fees, including timing of payment." Fed. R. Civ. P. 23(e)(2)(C)(iii). Consistent with the Notice, and as discussed in Class Counsel's fee memorandum, Class Counsel seeks an award of attorneys' fees in the amount of one-third of the Settlement Amount, and expenses in the amount of $1,937.08. Joint Decl., ¶71.

As set forth in Class Counsel's accompanying fee memorandum, this request is in line with recent fee awards in this District in similar common-fund cases. *Id.*, ¶64.  Class Counsel's fee request is reasonable and Named Plaintiffs have ensured that the Settlement Class is fully apprised of the terms of the proposed award of attorneys' fees.  Accordingly, this factor supports final approval of the Settlement.

### f.  *The Settlement Ensures Settlement Class Members are Treated Equitably*

Rule 23(e)(2)(D), the final factor, considers whether Class Members are treated equitably. As reflected in the proposed manner of distribution, *see* Stipulation, ¶¶4-11, pp. 12-14, the proposed Settlement treats Settlement Class Members equitably relative to each other, and all Settlement Class Members will be giving Columbia the same release. Named Plaintiffs will be subject to the same formula for distribution of the Net Settlement Fund as every other Settlement Class Member. This factor therefore merits granting final approval of the Settlement.

Based on the foregoing, Named Plaintiffs and Class Counsel respectfully submit that each of the Rule 23(e)(2) factors support granting final approval of the Settlement.

### 2.  The Settlement Satisfies the Remaining *Grinnell* Factors

### a.  *The Lack of Objections to Date Supports Final Approval*

15

The reaction of the class to the settlement "is considered perhaps 'the most significant factor to be weighed in considering its adequacy,'" *In re Veeco Instruments Inc. Sec. Litig.*, 2007 WL 4115809, at *7 (S.D.N.Y. Nov. 7, 2007), such that the "'absence of objections may itself be taken as evidencing the fairness of a settlement.'" *City of Providence v. Aeropostale, Inc.*, 2014 WL 1883494, at *5 (S.D.N.Y. May 9, 2014), *aff'd sub nom. Arbuthnot v. Pierson*, 607 F. App'x 73 (2d Cir. 2015).

While the deadline to submit objections and exclusions as not yet passed, no objections have been received to date. Joint Decl., ¶46. The Motion to Intervene, which seeks, among other things, a sub-class and the ability of the movants to opt-out all of the putative class in *Brittain* – which is not allowed under the terms of the Settlement, *see* ECF 86-1, ¶28, or Rule 23 – is neither a valid objection nor a request for exclusion. This positive reaction of the Settlement Class supports approval of the Settlement. *See Yuzary*, 2013 WL 5492998, at *6 (the "favorable response" from the class "demonstrates that the class approves of the settlement and supports final approval"); *In re Facebook, Inc.*, 343 F. Supp. 3d 394, 410 (S.D.N.Y. 2018) ("[t]he overwhelming positive reaction – or absence of a negative reaction – weighs strongly in favor" of final approval).

### b. *Named Plaintiffs Had Sufficient Information to Make an Informed Decision Regarding the Settlement*

Under the third *Grinnell* factor, "'the question is whether the parties had adequate information about their claims such that their counsel can intelligently evaluate the merits of plaintiff's claims, the strengths of the defenses asserted by defendants, and the value of plaintiff's causes of action for purposes of settlement.'" *In re Bear Stearns Cos., Inc. Sec., Derivative & ERISA Litig.*, 909 F. Supp. 2d 259, 267 (S.D.N.Y. 2012); *Martignago v. Merrill Lynch & Co., Inc.*, 2013 WL 12316358, at *6 (S.D.N.Y. Oct. 3, 2013) ("The pertinent question is 'whether counsel had an adequate appreciation of the merits of the case before negotiating.'"). "To satisfy this factor,

16

parties need not have even engaged in formal or extensive discovery." *In re Hi-Crush Partners L.P. Sec. Litig.*, 2014 WL 7323417, at *7 (S.D.N.Y. Dec. 19, 2014); *see also Glob. Crossing*, 225 F.R.D. at 458 ("Formal discovery is not a prerequisite; the question is whether the parties had adequate information about their claims.").

Here, Class Counsel are sufficiently well informed of the strengths and weaknesses of the claims. Class Counsel researched the potential causes of actions thoroughly, researched the facts, reviewed the underlying documents exchanged between Named Plaintiffs and Columbia that comprised the alleged contract documents, drafted multiple separate pleadings and survived in part a motion to dismiss, engaged in protracted settlement negotiations with Defendant and exchanged non-public information regarding the alleged damages. Joint Decl., ¶50. Class Counsel also spoke with potential merits and damages experts concerning the strengths and weaknesses of the case, as well as the strengths and weaknesses of Columbia's arguments and defenses. *Id*. Moreover, the information exchanged during settlement negotiations permitted Class Counsel to learn the relevant facts and circumstances in an efficient and cost-effective manner. Columbia provided financial information detailing fees assessed all members of the Class for the Spring 2020 semester. *Id*. Columbia has submitted a declaration affirming that the proposed Settlement Amount represents more than the aggregate amount of the undismissed fee claim's potential liability. *See* Hawkins Decl. (ECF No. 86-7). The Parties also exchanged further information through written correspondence and phone calls. As a result, Class Counsel was well-positioned to evaluate the strengths of Named Plaintiffs' claims, Columbia's defenses, and prospects for success. *Id*.

Class Counsel also considered the many other cases arising out of COVID-19 school-related closures, of which Class Counsel are at the forefront. *See* Joint Decl., Ex. A, ¶4 and Ex. B, ¶4. Class Counsel's unique insight into this type of litigation, combined with the information

obtained from Columbia in this case, fortified Named Plaintiffs' appreciation of the risks ahead should they proceed with further litigation. Joint Decl., ¶51. Thus, by the time of the Settlement, Named Plaintiffs were well-versed in the strengths and weaknesses of the case. This factor weighs in favor of final approval.

### c.   *Maintaining Class-Action Status Through Trial Presents a Substantial Risk*

Named Plaintiffs' ability to maintain class-action status through trial presented a substantial risk in this Action. Although Named Plaintiffs believe they would have prevailed on a motion to certify the class, Defendant could have opposed the motion. *Id.*, ¶52. Moreover, even if the motion had been granted, Defendant could still have moved to decertify the class or trim the class before trial or on appeal, as class certification may be reviewed at any stage of the litigation. *Id.*; *see also Christine Asia Co. v. Jack Yun Ma*, 2019 WL 5257534, at *13 (S.D.N.Y. Oct. 16, 2019 (stating that this risk weighed in favor of final approval because "a class certification order may be altered or amended any time before a decision on the merits"); Fed. R. Civ. P. 23(c) (authorizing a court to decertify a class at any time).   "The risk of maintaining class status throughout trial [] weighs in favor of final approval." *McMahon*, 2010 WL 2399328, at *5.

### d.   *Defendant's Ability to Withstand a Greater Judgment*

This factor is not dispositive when all other factors favor approval. Even if Defendant could have withstood a greater judgment, however, a "'defendant's ability to withstand a greater judgment, standing alone, does not suggest that the settlement is unfair.'" *Castagna v. Madison Square Garden, L.P.*, 2011 WL 2208614, at *7 (S.D.N.Y. June 7, 2011); *see also Aeropostale*, 2014 WL 1883494, at *9 (courts "generally do not find the ability of a defendant to withstand a greater judgment to be an impediment to settlement when the other factors favor the settlement"). A "defendant is not required to 'empty its coffers' before a settlement can be found adequate." *In*

18

re Sony SXRD Rear Projection Television Class Action Litig., 2008 WL 1956267, at *8 (S.D.N.Y. May 1, 2008).  Here, although Columbia may have the ability to withstand a greater judgment, the settlement is still more than **100%** of the liability for any alleged damages sustained by the proposed Settlement Class as to fees paid and not refunded (the only undismissed claim remaining in the Action) and such weighs in favor of preliminary approval. Joint Decl., ¶53.

> **e.      The Settlement Amount Is Reasonable in View of the Best Possible Recovery and the Risks of Litigation**

The adequacy of the amount offered in settlement must be judged "not in comparison with the possible recovery in the best of all possible worlds, but rather in light of the strengths and weaknesses of plaintiffs' case." *In re "Agent Orange" Prod. Liab. Litig.*, 597 F. Supp. 740, 762 (E.D.N.Y. 1984), *aff'd*, 818 F.2d 145 (2d Cir. 1987); *Fleisher v. Phoenix Life Ins. Co.*, 2015 WL 10847814, at *8 (S.D.N.Y. Sept. 9, 2015) (citations omitted). The Court need only determine whether the Settlement falls within a "range of reasonableness"—a range that "recognizes the uncertainties of law and fact in any particular case and the concomitant risks and costs necessarily inherent in taking any litigation to completion." *Newman v. Stein*, 464 F.2d 689, 693 (2d Cir. 1972); *see also Global Crossing*, 225 F.R.D. at 461 (noting that "the certainty of [a] settlement amount has to be judged on [the] context of the legal and practical obstacles to obtaining a large recovery").

The Settlement here presents an excellent result, as Named Plaintiffs have obtained **100%** of the alleged damages for unrefunded fees that are at issue in what remains of the Action, plus an additional $4 million. Joint Decl., ¶54. This Settlement thus clearly falls within the range of recoverable damages. Additionally, the Settlement Amount provides a significant and immediate payment to the Settlement Class. *See Gay v. Tri-Wire Eng'g Solutions, Inc.*, 2014 WL 28640, at *9 (E.D.N.Y. Jan. 2, 2014) (quoting *Massiah v. MetroPlus Health Plan, Inc.*, 2012 WL 5874655,

at *5 (E.D.N.Y. Nov. 20, 2012)) ("When a settlement 'assures immediate payment of substantial amounts to class members even if it means sacrificing speculative payment of a hypothetically larger amount years down the road, settlement is reasonable under this factor.'"); *Sykes v. Mel Harris & Assocs. LLC*, 2016 WL 3030156, at *14 (S.D.N.Y. May 24, 2016). The proposed Settlement will provide "an immediate and certain benefit to" the Settlement Class, and "the substantial burdens and costs that continued and uncertain litigation would impose on the parties, non-party witnesses, and the court" would be avoided.  *In re Metlife Demutualization Litig.*, 689 F. Supp. 2d 297, 332 (E.D.N.Y. 2010).

## IV.     THE MANNER OF DISTRIBUTION OF THE NET SETTLEMENT FUND IS FAIR AND ADEQUATE

The standard for approval of a proposed distribution of settlement funds to a class is the same as the standard for approving the Settlement as a whole: namely, "'it must be fair and adequate.'" *In re WorldCom, Inc. Sec. Litig.*, 388 F. Supp. 2d 319, 344 (S.D.N.Y. 2005). "'When formulated by competent and experienced class counsel,' a plan for allocation of net settlement proceeds 'need have only a reasonable, rational basis.'" *Advanced Battery*, 298 F.R.D. at 180; *see also Christine Asia*, 2019 WL 5257534, at *15-16.

Here, as set forth in the Notice, the proposed manner of distribution is based on the same methodology underlying Named Plaintiffs' measure of damages. Joint Decl., ¶32; *see Facebook*, 343 F. Supp. 3d at 414 (plan of allocation was fair where it was "prepared by experienced counsel along with a damages expert – both indicia of reasonableness"). This is a fair method to apportion the Net Settlement Fund among the Settlement Class, as it is based on, and consistent with, the claims alleged. The manner of distribution is set forth as follows:

> 4.     Each Settlement Class Member's Settlement Benefit shall be determined based on the Program within Columbia in which the Settlement Class Member was enrolled in Spring 2020.

20

5.      A portion of the Net Settlement Fund will be allocated to each Program based on the ratio of (a) the total amount of Spring 2020 Fees assessed to Potential Settlement Class Members enrolled in that Program as compared to (b) the total amount of Spring 2020 Fees assessed to Potential Settlement Class Members enrolled in all Programs, taking into account Financial Aid and any refunds already distributed during the Spring 2020 semester.

6.      The portion of the Net Settlement Fund allocated to each Program under the process described in Paragraph 5 will be distributed equally among all Potential Settlement Class Members within that Program. The amounts distributed to Potential Settlement Class Members who properly execute and file a timely opt-out request to be excluded from the Settlement Class will be added together and distributed equally among all Settlement Class Members.

7.      Under the process described in Paragraphs 5–6, each Settlement Class Member within the same Program will receive the same Settlement Benefit.

8.      Each Settlement Class Member's Settlement Benefit will be distributed to that Settlement Class Member automatically, with no action required by that Settlement Class Member.

9.      By default, the Settlement Administrator will send the Settlement Benefit to each Settlement Class Member by check mailed to the Settlement Class Member's last known mailing address on file with the University Registrar. The Settlement Administrator will also provide a form on the Settlement Website that Settlement Class Members may visit to (a) provide an updated address for sending a check; or (b) elect to receive the Settlement Benefit by Venmo or PayPal instead of a paper check. Settlement Class Members must provide an updated address or elect to receive the Settlement Benefit by Venmo or PayPal no later than forty-five (45) days after the Effective Date.

10.      No later than seven (7) days after the Effective Date, Columbia will produce to the Settlement Administrator the information necessary for the Settlement Administrator to send the Settlement Benefits to the Settlement Class Members, including a list from the University Registrar's records that includes the Program in which each Settlement Class Member was enrolled in Spring 2020. [].

11.      The Settlement Administrator will send the Settlement Benefits to Settlement Class Members within sixty (60) days of the Effective Date. Funds for Uncashed Settlement Checks shall be split equally between and donated to The Food Pantry at Columbia and the President's and Provost's Student Event Fund.

*See* Stipulation at ¶¶4-11.

Here, by dividing the Net Settlement Fund among Programs at Columbia according to the percentage of fees assessed to the students in those Programs, the Distribution proposal takes into account "the relative strength and values of different categories of claims." *See In re Telik, Inc. Secs. Litig.*, 576 F. Supp. 2d 570, 581 (S.D.N.Y. 2008) (McMahon, J.). Further, by distributing the amount allocated to each Program equally among the Settlement Class in that Program, the settlement promotes equity to the Settlement Class as a whole. Joint Decl., ¶33. *See Park v. Thomson Corp.*, 2008 WL 4684232, at *5 (S.D.N.Y. Oct. 22, 2008) (Pauley, J.).

Named Plaintiffs and Class Counsel believe that the proposed manner of Distribution is fair and reasonable, and respectfully submit it should be approved by the Court. Indeed, notably, there have been no objections to the Distribution proposal to date, which supports the Court's approval. *See Veeco*, 2007 WL 4115809, at *7.

## V.  THE COURT SHOULD FINALLY CERTIFY THE SETTLEMENT CLASS FOR PURPOSES OF EFFECTUATING THE SETTLEMENT

In their motion for preliminary approval of the Settlement, Named Plaintiffs requested that the Court certify the Settlement Class for settlement purposes only so that notice of the Settlement, the Settlement Hearing, and the rights of Settlement Class Members to object to the Settlement, or request exclusion from the Settlement Class, could be issued. *See* ECF No. 85- at 19-20. In the Preliminary Approval Order, the Court addressed the requirements for class certification as set forth in Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure.  The Court found that Named Plaintiffs had met the requirements for certification of the Settlement Class for purposes of settlement and that Named Plaintiffs "will fairly and adequately protect the interests of the Settlement Class." ECF No. 87 at ¶4. Specifically, in the Preliminary Approval Order, the Court preliminarily certified a class of "All students enrolled in Columbia's Programs who were assessed Spring 2020 Fees, with the exception of: (i) any person who withdrew from Columbia on or before

March 13, 2020; (ii) any person enrolled solely in a program for the Spring 2020 semester that was always and originally delivered as an online program; (iii) any person who properly executes and files a timely opt-out request to be excluded from the Settlement Class; and (iv) the legal representatives, successors or assigns of any such excluded person." *Id.* In addition, the Court preliminarily certified Named Plaintiffs as "Settlement Class Representatives" and Counsel as Class Counsel. *Id.* at ¶¶5, 6. Since the Court's entry of the Preliminary Approval Order, nothing has changed to alter the propriety of the Court's preliminary certification of the Settlement Class for settlement purposes. Joint Decl., ¶55. Thus, for all of the reasons stated in Named Plaintiffs' motion for preliminary approval (incorporated herein by reference), Named Plaintiffs respectfully request that the Court affirm its preliminary certification and finally certify the Settlement Class for purposes of carrying out the Settlement pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3) and make a final appointment of Named Plaintiffs as class representatives and Class Counsel as class counsel.

**VI.     NOTICE TO THE SETTLEMENT CLASS SATISFIES
          THE REQUIREMENTS OF RULE 23 AND DUE PROCESS**

Rule 23 requires that notice of a settlement be "the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort," Fed. R. Civ. P. 23(c)(2)(B), and that it be directed to class members in a "reasonable manner." Fed. R. Civ. P. 23(e)(1)(B). Notice of a settlement satisfies Rule 23(e) and due process where it fairly apprises "'members of the class of the terms of the proposed settlement and of the options that are open to them in connection with the proceedings.'" *Wal-Mart Stores*, 396 F.3d at 114; *Vargas v. Capital One Fin. Advisors*, 559 F. App'x 22, 26-27 (2d Cir. 2014). Notice is adequate "if the average person understands the terms of the proposed settlement and the

options provided to class members thereunder." *In re Merrill Lynch Tyco Research Sec. Litig.*, 249 F.R.D. 124, 133 (S.D.N.Y. 2008) (citing *Wal-Mart Stores*, 396 F.3d at 114).

The Notice and the method used to disseminate the Notice to potential Settlement Class Members satisfy these standards. Joint Decl., ¶29. The Court-approved Notice (the "Notice") amply informs Settlement Class Members of, among other things: (i) the pendency of the Action; (ii) the nature of the Action and the Settlement Class' claims; (iii) the essential terms of the Settlement; (iv) the proposed manner of distribution of the Net Settlement Fund; (v) Settlement Class Members' rights to request exclusion from the Settlement Class or object to the Settlement, the manner of distribution, or the requested attorneys' fees or expenses; (vi) the binding effect of a judgment on Settlement Class Members; and (vii) information regarding Class Counsel's motion for an award of attorneys' fees and expenses and incentive awards for Named Plaintiffs. *Id.*, ¶29. The Notice also provides specific information regarding the date, time, and place of the Settlement Hearing, and sets forth the procedures and deadlines for: (i) requesting exclusion from the Settlement Class; and (ii) objecting to any aspect of the Settlement, including the proposed distribution plan and the request for attorneys' fees and expenses and case awards for Named Plaintiffs. *Id.*, ¶30.

Notice programs such as the one proposed by Class Counsel have been approved as adequate under the Due Process Clause and Rule 23. *See Ortega v. Uber Techs.*, 2018 WL 4190799 (E.D.N.Y. May 4, 2018) (approving a notice plan of notice by email, with notice by mail for class members whose emails are undeliverable and ordering the parties to create a settlement website). And in other COVID-19 refund actions against other universities, substantially similar methods of notice have found to satisfy due process and Rule 23. *See, e.g.*, *Wright v. S. New Hampshire Univ.*, 2021 WL 1617145, at *2 (D.N.H. Apr. 26, 2021).

## VII.   <u>CONCLUSION</u>

The $12.5 million Settlement obtained by Named Plaintiffs and Class Counsel represents an excellent recovery for the Settlement Class, particularly in light of the significant litigation risks the Settlement Class faced, including the very real risk of the Settlement Class receiving no recovery at all. For the foregoing reasons, Named Plaintiffs respectfully request that the Court approve the proposed Settlement and the proposed manner of distribution of the Net Settlement Fund as fair, reasonable, and adequate.

Dated: February 7, 2022

Respectfully submitted,

**GAINEY McKENNA & EGLESTON**

By: */s/ Thomas J. McKenna*
 Thomas J. McKenna
Gregory M. Egleston
501 Fifth Avenue, 19th Floor
New York, NY 10017
Tel.: (212) 983-1300
Email: tjmckenna@gme-law.com
Email: gegleston@gme-law.com

**ANASTOPOULO LAW FIRM, LLC**

By: */s/ Roy T. Willey, IV*
    Roy T. Willey, IV (admitted *pro hac vice*)
Eric M. Poulin (admitted *pro hac vice*)
32 Ann Street
Charleston, SC 29403
Tel: (843) 614-8888
Email: roy@akimlawfirm.com
Email: eric@akimlawfirm.com

***Co-Lead Counsel for Plaintiffs and the Putative Class***

## **CERTIFICATE OF SERVICE**

I hereby certify under penalty of perjury that on February 7, 2022, I authorized a true and correct copy of the foregoing document to be electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such public filing to all counsel registered to received such notice.

*/s/ Thomas J. McKenna*
Thomas J. McKenna

26