# EXHIBIT F

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ x
IN RE COLUMBIA UNIVERSITY TUITION     :     Lead Case No. 1:20-cv-03208 (JMF)
REFUND ACTION
------------------------------------------------------------ x

## DECLARATION OF PLAINTIFF ALEXANDRA TAYLOR-GUTT

I, Alexandra Taylor-Gutt, make this Declaration pursuant to 28 U.S.C. § 1746:

1. I am one of the named Plaintiffs in this action. I was an undergraduate student seeking a degree in Computer Science and Visual Art at Defendant Columbia University in March 2020, the Spring 2020 semester.

2. On December 3, 2021, I was appointed by this Court for purposes of settlement as one of the four Settlement Class Representatives. (ECF. No. 87). I submit this Declaration in support of Plaintiffs' request that I be granted a case contribution award for my efforts on behalf of the Class.

3. I currently reside in Brooklyn, New York.

4. I am represented by Thomas J. McKenna of the New York law firm of Gainey McKenna & Egleston, Co-Lead Counsel in this action.

5. I learned of the filing of the initial complaint in this action and contacted Mr. McKenna for more information. After discussions with Mr. McKenna as to the duties and obligations of a named plaintiff in a proposed class action, I agreed to join the case as an additional named plaintiff. I understood that some of the original named plaintiffs desired to drop out of the proposed action for their own personal reasons. I understood another named plaintiff had also filed a similar action and was proceeding anonymously and that issues had been raised whether

that was appropriate. I understood that the proposed class action could falter unless proper named plaintiffs were joined to the action and ready to proceed.

6. At that time, I was living in Massachusetts, then later I moved to San Diego to live with my parents and then for a time I lived in Upstate, New York. I understood it would be my responsibility to possibly travel to New York City to sit for a deposition and give my testimony in this case, depending on the status of the Covid-19 virus at that time, or that possibly my deposition could be taken remotely. I also understood that if the case went to trial, I would have to travel to New York City again and give my testimony live before the fact-finder, or possibly give my testimony live to the fact-finder using remote means depending on whether this Court was open to the public at the time of the trial or not given the status of the Covid-19 virus at that time. I agreed to do this.

7. I reviewed a draft of the amended complaint and authorized it to be filed to continue this lawsuit on behalf of myself and on behalf of a proposed class. The amended complaint that included me as a named Plaintiff was filed in this Court in Case No.: 1:20-cv-03227 on May 1, 2020. (Case No.: 1:20-cv-03227, ECF No. 9).

8. I understood that my action was consolidated with the similar action filed by the anonymous named plaintiff on May 5, 2022. (Case No.: 1:20-cv-03208, ECF No. 13).

9. I also reviewed a draft of the consolidated class action complaint and authorized it to be filed to again continue this lawsuit on behalf of myself and on behalf of a proposed class. The consolidated class action complaint that included me as a named Plaintiff was filed in this Court on June 3, 2020 (ECF No. 26).

10. I understood that further amendments of the complaint were necessary and that a consolidated amended class action complaint that included me as a named Plaintiff was filed in

2

this Court on June 9, 2020 (ECF No. 28). I also understood that after Defendant's motion to dismiss, a consolidated second amended class action complaint that included me as a named Plaintiff was filed in this Court on July 22, 2020 (ECF No. 42).

11. In joining and then prosecuting the suit, I hoped to obtain a monetary recovery for myself and all other similarly situated Columbia University students who were forced onto an emergency remote teaching platform and denied access to the campus and campus facilities for which all the students had paid tuition and other fees.

12. Once I became a named plaintiff in this case, I conferred regularly with Gainey McKenna & Egleston, in particular, Thomas J. McKenna, Esq. In addition to numerous telephone calls with counsel to discuss the case, I also exchanged with my counsel in emails and texts about the progress of the case and also sent and received correspondence via scan and email, regular mail and fax.

13. Mr. McKenna often had questions for and needed information and documents from me concerning my time at Columbia, my interactions with the University, documents generated by me and/or the University which the University and I exchanged, all in an effort to advance the claims of the students that the University had breached its contracts with the students and/or had been unjustly enriched at our expense by retaining the tuition and fees we had paid for Spring 2020 semester. I readily provided to him whatever I knew or could find that he requested.

14. I also participated in the following activities during the course of the litigation: (i) reviewing and investigating claims against Columbia; (ii) communicating with my counsel in connection with the investigation of the claim and the preparation of the amended class action complaint and the consolidated amended class action that included me and the filing of both; (iii) reviewing public records and other documents such as University-related documents and other

materials in connection with the case against Defendant; (iv) following news stories about Columbia and the closure of the campus and alerting my counsel to any that seemed relevant; (v) reviewing and approving both complaints filed on my behalf and other pleadings and documents filed in the action and discussions with my counsel in connection therewith; (vi) regular update communications with counsel concerning the status and strategy of the action; (vii) asking my friends at Columbia to search their files and searching my own files for University-related documents and sent what they and I found to my counsel; (viii) regular updates with my counsel regarding Defendant's motion to dismiss the operative complaint, Plaintiffs' partially successful efforts to oppose the motion to dismiss with the claims regarding fees surviving but the claims regarding tuition having been dismissed; (ix) regular updates with my counsel about general discovery issues and the progress of same; (x) communications with my counsel about the settlement negotiations my counsel were holding with the University's counsel in an to attempt to settle this case; (xi) review and approval of the terms of the proposed settlement; and (xii) review of the written settlement documents and the motion papers to this Court to give preliminary approval to this settlement and for final approval.

15. I understood in joining this case as a named plaintiff that I was exposing myself to potential attack by Defendant as someone who could not appropriately serve as a class representative for whatever reasons Defendant would try to advance.

16. I also understood that my participation in this action as a named plaintiff could subject me to hard feelings and retribution from the University, an institution I admired and paid a large sum of money to attend. I further knew that my participation in this lawsuit might hurt my future career prospects, recommendations that I might not now receive and alumni networking that might now be foreclosed to me.

17. I also understood that my participation in this Action meant that I might be subject to criticism from my classmates. In fact, I did experience such criticisms. Some fellow students found fault with me and my participation in this Action because they viewed the lawsuit as greedy, ungrateful, and unnecessary. There are also other students who criticized me because they viewed the lawsuit as an undue financial burden on Columbia.

18. Nonetheless, I agreed to subject myself to that scrutiny and run these serious professional risks for the benefit of the proposed class.

19. I approached each of these tasks with diligence, focus, and commitment.

20. I was aware from discussions with Mr. McKenna that early informal settlement talks had not produced any common ground between the parties. I conferred with Mr. McKenna on Defendant's offer after the motion to dismiss was decided for the Parties to engage in settlement negotiations and I agreed that the parties should discuss settlement.

21. I agreed with my counsel that the last and final offer made by Defendant to pay 100% of the refund Plaintiffs and the class sought for the component of the action concerning the fees, together with an additional four million dollars ($4,000,000) to further compensate the class, for a total of $12,500,000, should be accepted by Plaintiffs as in the best interests of the Class and presented to this Court for its review.

22. I recently received via an email to my Columbia University email account, a copy of the Settlement notice which I understand was also emailed to all class members in January of 2022. I directed me to the Claims Administration website where I was able to see the further details of the Settlement and the various different mechanisms that class members can select to receive their share of the Settlement Fund, such as by paper check, Venmo or Paypal. I made my selection.

23. I have not kept detailed daily or other time records which would show the precise amount of time which I have devoted to this Action but I have reviewed my records of my communications with Plaintiffs' counsel and the vast volume of court papers I reviewed. I estimate that my total time devoted to this litigation, including all of my phone calls, emails and other consultations with Plaintiffs' counsel, reviewing the pleadings and other court papers in the case, together with the time I spent consulting on and reviewing the terms of the proposed settlement and the written settlement papers, involved many dozens of hours of my time from 2020 to the present.

24. For all the foregoing reasons, I respectfully request that this Court grant me and the other named Plaintiffs the requested case contribution award from the funds obtained in this Settlement.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on February 4, 2022

*Alli* [signature]
Alexandra Taylor-Gutt