UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                                 :        20-CV-3208 (JMF)
IN RE COLUMBIA UNIVERSITY TUITION REFUND   :
ACTION                                                          :        MEMORANDUM OPINION
                                                                 :             AND ORDER
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

        Based upon the Court's review of the motion papers, the motion of Eric S. Brittain et al. ("Proposed Intervenors") to intervene in this action, ECF No. 96, is hereby DENIED. The Court need not and does not decide if the motion is timely as it fails because Proposed Intervenors do not, and cannot, demonstrate an interest that "may be impaired by the disposition of the action." *In re Bank of N.Y. Derivative Litig.*, 320 F.3d 291, 300 (2d Cir. 2003) (discussing the requirements for intervention under Rule 24 of the Federal Rules of Civil Procedure). Put simply, as Defendant and Plaintiffs both explain, *see* ECF No. 103, at 3-7, 12-15; ECF No. 104, at 2-5, the interests of Proposed Intervenors and the putative members of the subclass they purport to represent are adequately protected by the procedural safeguards — namely, opting out or objecting — embodied in Rule 23. *See, e.g.*, *Barry's Cut Rate Stores Inc. v. Visa, Inc.*, No. 05-MD-1720 (MKB), 2021 WL 2646349, at *8 (E.D.N.Y. June 28, 2021) ("In the Rule 23(b)(3) class context, courts in the Second Circuit have consistently held that a party seeking to intervene does not meet the impairment requirement solely due to its status as an absent class member because Rule 23 has procedural safeguards designed to protect the absent class member's interest." (citing cases)); *Neversink Gen. Store* v. *Mowi USA, LLC*, No. 20-CV-9293 (PAE), 2021 WL 1930320, at *4 (S.D.N.Y. May 13, 2021) ("Courts in this Circuit . . . have routinely held that a party's status as an absent class member, standing alone, does not meet Rule 24(a)'s impairment requirement." (citing cases)). Accordingly, the motion to intervene is DENIED.

        SO ORDERED.

Dated: February 15, 2022
       New York, New York
                                                                   JESSE M. FURMAN
                                                                   United States District Judge