UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ x
                                                             :
IN RE COLUMBIA UNIVERSITY TUITION          :          Lead Case No. 1:20-cv-03208 (JMF)
REFUND ACTION                                       :
                                                             :
------------------------------------------------------------x

## [PROPOSED] FINAL JUDGMENT

**WHEREAS**, the Parties to the above-captioned putative class action (the "Action")

entered into a Stipulation of Settlement dated as of November 23, 2021 (the "Settlement");

**WHEREAS**, on December 3, 2021, the Court entered an Order Preliminarily Approving

Settlement, Provisionally Certifying the Settlement Class, and Appointing Class Counsel and

Class Representatives for the Settlement Class ("Preliminary Approval Order"), which, inter alia:

(i) preliminarily approved the Settlement; (ii) preliminarily determined that, for purposes of the

Settlement only, the Action should proceed as a class action pursuant to Rules 23(a) and 23(b)(3)

of the Federal Rules of Civil Procedure, on behalf of the Settlement Class comprising:

> All students enrolled in Columbia's Programs who were assessed Spring 2020 Fees,
> with the exception of: (i) any person who withdrew from Columbia on or before
> March 13, 2020; (ii) any person enrolled solely in a program for the Spring 2020
> semester that was always and originally delivered as an online program; (iii) any
> person who properly executes and files a timely opt-out request to be excluded from
> the Settlement Class; and (iv) the legal representatives, successors or assigns of any
> such excluded person

where "Columbia's Programs" and "Spring 2020 Fees" have the meanings specified in Paragraph

1 of the Settlement; (iii) preliminarily appointed Student A, Chris Riotta, Lisa Guerra and

Alexandra Taylor-Gutt as Settlement Class Representatives; (iv) preliminarily appointed Gainey

McKenna & Egleston and Anastopoulo Law Firm, LLC as Class Counsel; (v) approved the forms

and manner of notice of the Settlement to Potential Settlement Class Members; (vi) directed that

appropriate notice of the Settlement be given to the Potential Settlement Class; and (vii) set a hearing date to consider final approval of the Settlement;

**WHEREAS**, notice of the Settlement was provided to Potential Settlement Class Members in accordance with the Court's Preliminary Approval Order;

**WHEREAS**, on March 24, 2022, at 3:30 p.m., at the United States District Court for the Southern District of New York, 40 Foley Square, New York, New York 10007, the Honorable Jesse M. Furman held a hearing to determine whether the Settlement was fair, reasonable, and adequate to the Settlement Class ("Fairness Hearing");

**WHEREAS**, at the Fairness Hearing held on March 24, 2022, no opposition to the Settlement was expressed by any Party or any member of the Settlement Class; and

**WHEREAS**, based on the foregoing, having considered the papers filed and proceedings held in connection with the Settlement and all other files, records, and proceedings in the Action, and being otherwise fully advised,

**THE COURT HEREBY FINDS AND CONCLUDES** that:

A.    This Court has jurisdiction over the subject matter of the Action, and all matters relating to the Settlement, as well as personal jurisdiction over all the Parties and all the Settlement Class Members for purposes of the Settlement.

B.    This Order incorporates the definitions in the Settlement and all terms used in the Order have the same meanings as set forth in the Settlement, unless otherwise defined herein.

C.    The Short Form Notice and Long Form Notice ("the Notices") provided to the Potential Settlement Class in accordance with the Preliminary Approval Order constituted the best notice practicable under the circumstances of this Action and constituted due and sufficient notice of the proceedings and matters set forth therein, including of the Settlement, to all persons entitled

to notice. The Notices fully satisfied the requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, and all other applicable laws and rules.

D.     The notice provisions of the Class Action Fairness Act, 28 U.S.C. § 1715, have been satisfied.

E.     For purposes of the Settlement only, the Action may proceed as a class action pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure.

F.     Class Counsel and the Settlement Class Representatives have fairly and adequately represented the Settlement Class, both with respect to litigation of the Action and for purposes of entering into and implementing the Settlement. Class Counsel and the Settlement Class Representatives have satisfied the requirements of Rules 23(a)(4) and 23(g) of the Federal Rules of Civil Procedure.

G.     Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, the Court grants final approval of the Settlement, as: (i) it is in all respects fair, reasonable, and adequate to the Settlement Class; (ii) it was the product of informed, arm's-length negotiations among competent, able counsel; (iii) it was based on a record that is sufficiently developed to have enabled the Settlement Class Representatives and Columbia to adequately evaluate their positions; (iv) the relief provided to the Settlement Class is adequate, taking into account the costs, risks, and delay of continued litigation and the effectiveness of the plan of allocation as outlined in the Settlement; (v) the Settlement treats Settlement Class Members equitably relative to one another; and (vi) the Settlement was positively received by the Settlement Class.

H.     The persons who have timely and validly requested exclusion from the Settlement Class, if any, are identified in Exhibit 1 attached hereto ("Excluded Persons").

I.     The Settlement Class Representatives and the Settlement Class Members, and all

and each of them, are hereby bound by the terms of the Settlement.

**NOW, THEREFORE, IT IS HEREBY ORDERED AND ADJUDGED** that:

1.      The Settlement is fair, reasonable, and adequate to the Settlement Class. Accordingly, the Court authorizes and directs implementation of all terms and provisions of the Settlement.

2.      All Parties to this Action, and all Settlement Class Members, are bound by the Settlement and this Final Judgment. Excluded Persons identified in Exhibit 1 are no longer parties to this Action and are not bound by the Settlement.

3.      Final Judgment shall be, and hereby is, entered dismissing the Action with prejudice, and without taxation or costs in favor of or against any Party.

4.      The Settlement Class Representatives, Class Counsel, and all other Settlement Class Members, and each of their respective present and former heirs, family members, guardians, executors, administrators, employees, agents, representatives, attorneys, outside counsel, predecessors, successors, assigns, and any person who has made payments to Columbia on their behalf (hereinafter "Releasing Settlement Class Parties"), are hereby conclusively deemed to have fully, finally, and forever compromised, settled, released, resolved, relinquished, waived and discharged Columbia and all of its present, future, and former parent, subsidiary, and affiliated corporations and entities, the predecessors and successors in interest of any of them, and each of the foregoing's respective present, future, and former officers, directors, trustees, academic affiliates, employees, faculty members, students, agents, representatives, attorneys, outside counsel, predecessors, successors, and assigns (hereinafter "Released Columbia Parties"), from any and all suits, claims, controversies, rights, agreements, promises, debts, liabilities, accounts,

reckonings, demands, damages, judgments, obligations, covenants, contracts, costs (including, without limitation, attorneys' fees and costs), losses, expenses, actions or causes of action of every nature, character, and description, in law or in equity, that any Releasing Party ever had, or has, or may have in the future, upon or by reason of any matter, cause, or thing whatever from the beginning of the world to the Effective Date of the Settlement, arising out of, concerning, or relating in any way to Columbia's transition to remote education with respect to the COVID-19 pandemic beginning in March 2020, or the implementation or administration of such remote education, including but not limited to all claims that were brought or could have been brought in the Action (hereinafter "Released Claims").

5.       The Releasing Settlement Class Parties are hereby barred and permanently enjoined from instituting, asserting or prosecuting any or all of the Released Claims against any of the Released Columbia Parties.

6.       Columbia and all of its present and former parent, subsidiary, and affiliated corporations and entities, the predecessors and successors in interest of any of them, and each of the foregoing's respective present and former predecessors, successors, and assigns (hereinafter "Releasing Columbia Parties"), are hereby conclusively deemed to have fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged the Settlement Class Representatives, Class Counsel, and all other Settlement Class Members, and each of their respective present, future, and former heirs, family members, guardians, executors, administrators, employees, agents, representatives, attorneys, outside counsel, predecessors, successors, assigns, and any person who has made payments to Columbia on their behalf (hereinafter "Released Settlement Class Parties"), from all Released Claims.

7.       The Releasing Columbia Parties are hereby barred and permanently enjoined from

instituting, asserting, or prosecuting any or all of the Released Claims against any of the Released Settlement Class Parties.

8.      The manner of distribution of the Net Settlement Fund as described in the Settlement and in the Notices to Potential Settlement Class Members is hereby approved, subject to modification by further order of this Court, which may, at the discretion of the Court, be entered without further notice to the Settlement Class. Any order or proceedings relating to the manner of distribution of the Net Settlement Fund, so long as they are not materially inconsistent with this Final Judgment, shall not operate to terminate or cancel the Settlement or affect the finality of this Final Judgment approving the Settlement.

9.      The Court hereby decrees that neither the Settlement nor this Final Judgment nor the fact of the Settlement is an admission or concession by Columbia of any fault, wrongdoing, or liability whatsoever. This Final Judgment is not a finding of the validity or invalidity of any of the claims asserted or defenses raised in the Action. Nothing relating to the Settlement shall be offered or received in evidence as an admission, concession, presumption, or inference against Columbia or the Released Columbia Parties in any proceeding, other than such proceedings as may be necessary to consummate or enforce the Settlement.

10.     Class Counsel are awarded attorneys' fees in the amount of $4,166,666.67, and reimbursement of litigation expenses in the amount of $1,987.08, such amounts to be paid from out of the Settlement Fund in accordance with the terms of the Settlement.  In addition, $55,000 in Administrative Expenses are to be paid out of the Settlement Fund to Simpluris, Inc., to perform its responsibilities as the Settlement Administrator, in accordance with the terms of the Settlement.

11.     Settlement Class Representatives are each awarded a case contribution award in the amount of $25,000.00, such amounts to be paid from out of the Settlement Fund in accordance

with the terms of the Settlement.

12.     Without affecting the finality of this Final Judgment in any way, the Court retains and reserves jurisdiction over: (a) implementation of this Settlement and any distributions from the Settlement Fund; (b) the Action, until each and every act agreed to be performed by the Parties shall have been performed pursuant to the terms and conditions of the Settlement and any further orders of the Court; and (c) the Parties, for the purpose of enforcing and administering the Settlement.

13.     There is no just reason to delay the entry of this Final Judgment as a final judgment in this Action. Accordingly, the Clerk of the Court is expressly directed to immediately enter this Final Judgment in this Action and to close the case.

14.     In the event that this Final Judgment does not become Final in accordance with Paragraph 1(k) of the Settlement, then this Final Judgment shall be rendered null and void to the extent provided by and in accordance with the Settlement, and this Order shall be vacated. In such event, all orders entered and releases delivered in connection with the Settlement shall be null and void, except those necessary to effect termination of the Settlement. In such event, the Action shall return to its status immediately prior to execution of the Settlement.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.


Date:   March _____, 2022
        New York, New York


_____
Jesse M. Furman
United States District Judge